UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMPUS INVESTMENTS, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 08-cv-3046 |
| v. ) | |
| ) | Judge George W. Lindberg |
| LAKE COUNTY STORMWATER ) | |
| MANAGEMENT COMMISSION, and ) | Magistrate Judge Arlander Keys |
| LAKE COUNTY, ILLINOIS, ) | |
| ) | |
| Defendant's. ) | |
| ) | |

**MOTION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW the plaintiff Campus Investments, Inc., and pursuant to Fed. R. Civ. P. 65 moves this Court for a temporary restraining order, enjoining and restraining Lake County from denying the Plaintiff's access to their property pending a ruling on the preliminary injunction set for a hearing on June 25, 2008 (ECF Dkt. # 13).

The facts are set forth in the Verified Amended Complaint (ECF Dkt. # 10) and facts relevant to a TRO are summarized as follows. The Plaintiff, Campus Investments, Inc., is the owner of 28.48 acres on Rollins Road (the "Property") in the Village of Grayslake (the "Village"). The Village approved a Special Use Permit for the development of a 25-lot **subdivision named Autumn Ridge** on the Property. After the Village approved the SUP, Lake County Stormwater Management Commission ("SMC") notified the Plaintiff that a permit from the county is required for any impact to wetlands. (ECF Dkt. # 10, Exhibits C-F).

Page 1

As fully explained in the preliminary injunction memorandum (ECF Dkt. # 12) the legislation that the county relies on for authority to regulate wetlands is limited to stormwater management. 55 ILCS 5-1062. Most importantly, the legislation explicitly provides that the "county **shall not enforce** rules and regulations adopted by the county **in any municipality**" that adopts a consistent "municipal stormwater management ordinance." § 5-1062(k). The Village of Grayslake has such an ordinance and Lake County's extrateritorial authority conflicts with § 5-1062(k) ("county **shall not** enforce rules and regulations").

The Village approved the importation of fill onto the Property and the Plaintiff installed a silt fence in anticipation of importing fill. SMC inspected the Property and told the Plaintiff to "**stop all work**." After the lawsuit was filed in this case, the Plaintiff sought a permit to access Rollins Road, a county road. Lake County had approved the access ten months earlier but did not issue the permit. Lake County's engineer, Betsy Duckert, informed the Plaintiff that she was aware of the legal proceedings, and she **would not issue the access permit** until the issues with SMC were resolved.

The Plaintiff then requested a conditional access permit. The request for conditional access complied with all county requirements; in fact, conditional access is issued as a matter of right to allow landowners to do construction work on their property. Lake County Highway Access Reg. Ord. § 4.4 ("Circumstances under which Conditional Access may be granted include **construction work at abutting properties**. . .") This clearly did not present any impact on the County, the Plaintiff's property has been farmed for decades and access has always been from Rollins Road. Also, on April 29, 2003 Lake County agreed to "grant one major access to the property." (ECF Dkt. # 10 Exhibit G).

Nonetheless, on June 13, 2008 Lake County **denied the conditional access** in retaliation for the unrelated lawsuit against SMC. Lake County's engineer, Betsy Duckert warned the Plaintiff's not to import fill. The Plaintiff commenced the importation of fill and earlier today (June 18, 2008) the County shut down the access to the property and **installed a fence preventing access** , and informed the Plaintiff that Lake County's engineer, Betsy Duckert would grant access when the wetlands issue are worked out with Lake County.

Lake County denied the conditional access permit and installed a fence to prevent access to the Plaintiff Property, in **retaliation for filing the litigation** against the Defendants. Access to the courts has long been recognized as a "fundamental constitutional" right. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); see *California Motor Transport Company v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) ("right of access to the courts is . . . one aspect of the right of petition"); *United Mine Workers v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967) (right to petition is among the "most precious of liberties safeguarded by the Bill of Rights"). It has also long been recognized that state officials may not retaliate against individuals because they exercise their constitutional right to seek judicial relief. E.g., *Silver v. Cormier*, 529 F.2d 161, 163 (10th Cir. 1976) (threat to withhold monies due and owing because of a lawsuit on an unrelated matter was unconstitutional retaliation); *Cleggett v. Pate*, 229 F. Supp. 818, 821-22 (N.D. Ill. 1964) (individual entitled to "free and unhampered access to the courts"). "An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. Ill. 2005).

The Plaintiff has **obtained approval from the Village** to develop Autumn Ridge and has also obtained interim approval to import fill onto the Property. However, Lake County has **denied access** to county roads, in retaliation, because the Plaintiff's lawsuit challenges the Defendants power to regulated wetlands in the approved Autumn Ridge subdivision.

It is inconceivable that importation of fill which is **approved by the Village**, will cause the Defendants to suffer any type of injury of an irreparable nature if, during the time prior to the preliminary injunction hearing, construction continues in accordance with the Village approval to import fill. In balancing the hardships in the present case, there can be no question that the scales tip overwhelmingly toward the Plaintiff. The "loss of First Amendment freedoms for even minimal periods of time, unquestionably constitutes irreparable injury."*Elrod v. Burns*, 427 U.S. 347, 373-74 (1976). The Defendant's can show no hardship whatsoever from the granting of a TRO.

The Plaintiff's attorney is presently in Ohio if this Court desires argument today, the Plaintiff respectfully asks to appear telephonically (office 330-707-1182; cell 330-720-0398).

WHEREFORE, the Plaintiff prays that this Honorable Court issue a temporary restraining order, enjoining and restraining Lake County, their employees, agents, attorneys, servants and anyone acting on their behalf, from denying access to the Plaintiff's Property, pending a ruling on the preliminary injunction set for a hearing on June 25, 2008.

Dated: June 18, 2008                    Respectfully submitted,

*Sebastian Rucci*
Sebastian Rucci (ND IL No. 90785689)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system and parties may access this filing through the Court's Case management/Electronic Case Files (CM/ECF) found on the internet at https://ecf.ilnd.uscourts.gov. The foregoing was also emailed directly to Daniel Jasica, the Defendants attorney, at DJasica@co.lake.il.us.

*Sebastian Rucci*
Sebastian Rucci (ND IL No. 90785689)
40 The Ledges, 3C
Youngstown, Ohio 44514
Phone: (330) 707-1182
Fax:     (330) 707-1882
Email: SebRucci@Gmail.com
Attorney for the Plaintiff