**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAMPUS INVESTMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-3046 |
| v. | ) | |
| | ) | Judge George W. Lindberg |
| LAKE COUNTY STORMWATER | ) | |
| MANAGEMENT COMMISSION, and | ) | Magistrate Judge Arlander Keys |
| LAKE COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendant's. | ) | |
| | ) | |

**AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW the plaintiff Campus Investments, Inc., and pursuant to Fed. R. Civ.

P. 65 moves this Court for a temporary restraining order, enjoining and restraining Lake

County from denying the Plaintiff's access to their property pending a ruling on the

preliminary injunction set for a hearing on June 25, 2008 (ECF Dkt. # 13).

**RELEVANT MATERIAL FACTS**

The facts are set forth in the Verified Amended Complaint (ECF Dkt. # 10) and facts

relevant to a TRO are summarized as follows. The Plaintiff, Campus Investments, Inc., is the

owner of 28.48 acres on Rollins Road (the "Property") in the Village of Grayslake (the

"Village"). The Village approved a Special Use Permit for the development of a 25-lot

**subdivision named Autumn Ridge** on the Property. After the Village approved the SUP,

Lake County Stormwater Management Commission ("SMC") notified the Plaintiff that a

permit from the county is required for any impact to wetlands. (ECF Dkt. # 10, Exhibits C-F).

Page 1

As fully explained in the preliminary injunction memorandum (ECF Dkt. # 12) the legislation that the county relies on for authority to regulate wetlands is limited to stormwater management. 55 ILCS 5-1062. Most importantly, the legislation explicitly provides that the "county **shall not enforce** rules and regulations adopted by the county **in any municipality**" that adopts a consistent "municipal stormwater management ordinance." § 5-1062(k). The Village of Grayslake has such an ordinance and Lake County's extraterritorial authority conflicts with § 5-1062(k) ("county **shall not** enforce rules and regulations").

The Village approved the importation of fill onto the Property and the Plaintiff installed a silt fence to commence importing fill. SMC inspected the Property and told the Plaintiff to "**stop all work**." After the lawsuit was filed in this case, the Plaintiff sought a permit to access Rollins Road, a county road. Lake County had approved the access ten months earlier, but did not issue the permit. Lake County's engineer, Betsy Duckert, informed the Plaintiff that she was aware of the legal proceedings, she **would not issue the access permit** until the issues with SMC were resolved, and not to bring fill onto the Property or the "States Attorney would be contacted."

The property has been farmed seasonally for decades, and all access has been from Rollins Road. There is no substitute access. The access of the property to Rollins Road predates the Lake County Highway Ordinance, adopted in 1988. Also, on April 29, 2003 when Lake County acquired right-of-way from the prior owner, Lake County agreed to "grant one major access to the property." (ECF Dkt. # 10 Exhibit G).

After the major access was denied, the Plaintiff decided that the issue would be resolved in time and requested a temporary access, known as a conditional access permit. This was not necessary as access exists at present, however, the Plaintiff sought a temporary permit, known as a conditional permit. The request for conditional access complied with all county requirements; in fact, conditional access is issued as a matter of right to allow landowners to do construction work on their property. Lake County Highway Access Reg. Ord. § 4.4 ("Circumstances under which Conditional Access may be granted include **construction work at abutting properties**. . .")

Nonetheless, on June 13, 2008 Lake County **denied the conditional access** in retaliation for the unrelated lawsuit against SMC. Lake County's engineer, Betsy Duckert warned the Plaintiff's not to import fill. The Plaintiff believed that the denial was improper and commenced the importation of fill. On June 18, 2008 the County shut down the access to the property, and then **installed a fence preventing access**. They also called the county sheriff and threatened arrest if the access continued. When asked for a written stop order, the Lake County supervisor stated that he had nothing in writing, and that Lake County's engineer, would grant access when the wetlands issue are worked out with SMC.

## STANDARD FOR ISSUANCE OF INJUNCTIVE RELIEF

In order to prevail on the TRO, the Plaintiff must show: (1) a likelihood of success on the merits, (2) irreparable harm if the temporary restraining order is denied, and (3) the inadequacy of any remedy at law. See *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). The court must then balance the harm to plaintiff if the TRO were wrongfully denied against the harm to defendant if the TRO were granted, and the impact on the public interest. See *id.*

## LIKELIHOOD THAT PLAINTIFF WILL PREVAIL AT TRIAL

The burden of showing a likelihood of success on the merits is relatively light: plaintiff need only show that its "chances [for success] are better than negligible." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984).

The Plaintiff obtained approval for major access to the county road ten months ago. The Plaintiff's property has been farmed for decades and access has always been from Rollins Road. Also, on April 29, 2003 Lake County agreed to "grant one major access to the property." The request for conditional access, is granted as a matter of right. Lake County **denied the conditional access** in retaliation for the unrelated lawsuit against SMC. Lake County's engineer, Betsy Duckert warned the Plaintiff's not to import fill.

The property has access to Rollins Road at present, hence, Lake County physically took the access that presently exists. Moreover, the access to the property was approved ten months earlier, as such, the only basis for denial is fact that litigation was initiated.[1]

---

[1] The denial of access is equivalent to zoning the land. See *Harris Bank of Roselle v. Village of Mettawa*, 611 N.E.2d 550, 560 (Ill. App. 1993) (ordinance prohibiting access to certain road was held improper, the court noted that **denying access** to the property "**is tantamount to zoning of the subject property**"). However, land use rests solely with the Village. The Village has sole authority over the "design for subdivisions." (65 ILCS 5/11-12-5). The Village has exclusive zoning power "within the corporate limits." (65 ILCS 5/11-13-1). Lake County can only approve subdivisions "not being within any city, village." (55 ILCS 5/5-1041). Lake County's zoning is limited to the "entire county outside the limits of such cities, villages." (55 ILCS 5/5-12001). See also, L.C. High. Acc. Reg. § 3.3 and 6.2 ("responsibility for determining land-use requirements rests solely with the governmental authority having the land-use regulatory authority.")

In Illinois, "a property owner has a **valuable property right of access** to streets adjoining his property which cannot be taken away or materially impaired without just compensation." *Dep't of Public Works v. Wilson & Co.*, 340 N.E.2d 12, 16 (Ill. 1976). Lake County's own regulations provide that "the owner of a parcel of land abutting a County Highway has a property right to **reasonable access** to that County Highway." Lake County Highway Access Reg. Ord. § 1.2. There is nothing reasonable about government blocking off access to public roads. Lake County denied the conditional access permit and installed a fence to prevent access to the Plaintiff's Property, in retaliation for initiating the litigation in this case. This is supported by the statements that Lake County engineers are aware of the litigation, and that access would be granted when the issues with SMC are worked out. The denial can only be for retaliatory purposes, the access was approved ten months earlier. Besides, access to the property presently exists, hence, this is not about the denial of a permit but the total denial of existing access to the Plaintiff's property.

Access to the courts has long been recognized as a "fundamental constitutional" right. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); see *California Motor Transport Company v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) ("right of access to the courts is . . . one aspect of the right of petition"); *United Mine Workers v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967) (right to petition is among the "most precious of liberties safeguarded by the Bill of Rights"). It has also long been recognized that state officials may not retaliate against individuals because they exercise their constitutional right to seek judicial relief. E.g., *Silver*

*v. Cormier*, 529 F.2d 161, 163 (10th Cir. 1976) (threat to withhold monies due and owing because of a lawsuit on an unrelated matter was unconstitutional retaliation); *Cleggett v. Pate*, 229 F. Supp. 818, 821-22 (N.D. Ill. 1964) (individual entitled to "free and unhampered access to the courts"). "An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. Ill. 2005).

The Plaintiff has **obtained approval from the Village** to develop Autumn Ridge and has also obtained interim approval to import fill onto the Property. However, Lake County has **denied access** to county roads, in retaliation, because the Plaintiff's lawsuit challenges the Defendants power to regulated wetlands in the plaintiff's subdivision which is located wholly within the village of Grayslake. The Plaintiff has met it's burden of showing that it has a chance of succeeding on the merits.

## PLAINTIFF WILL SUFFER IRREPARABLE INJURY

The Plaintiff can also show that it will suffer irreparable harm and that it has no adequate remedy at law if the court denied it's motion for a temporary restraining order. The "loss of First Amendment freedoms for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373-374 (1976). Unless an TRO is issued, the restraint will chill others from exercising theirs constitutional rights, and this will interfere with the fundamental right of access to the courts.

Lake County's engineer, Betsy Duckert, informed the Plaintiff not to bring fill onto the Property or the "States Attorney would be contacted." Lake County also contacted the

county sheriff's office threatening arrest when they installed the fence to prohibit access.

Clearly, the exercise of "First Amendment rights has been chilled by the threat of future

arrests." *Jackson v. Markham*, 773 F. Supp. 105, 109 (N.D. Ill. 1991). See also, *Wooley v.

Maynard*, 430 U.S. 705, 712 (1977) (no criminal prosecution pending, but threat of repeated

prosecutions could justify grant of injunctive relief); *Doran v. Salem Inn*, 422 U.S. 922, 930-

31 (1975) (no criminal prosecution pending, yet, court could enjoin future prosecutions).

      Considering further that importation of fill will take over three months to complete,

and that further delays will likely result in the loss of this year's building season which will

substantially damages the Plaintiff and will likely force the Plaintiff to file bankruptcy. The

Supreme Court held in *Doran v. Salem Inn, Inc*, 422 U.S. 922, 932 (1975) that issuance of

preliminary injunction is proper because "absent preliminary relief [the plaintiffs'] would

suffer a substantial loss of business and perhaps even bankruptcy. Certainly the latter type

of injury sufficiently meets the standards for granting interim relief, for otherwise a favorable

final judgment might well be useless." Without access the property is without any beneficial

or productive use which also constitutes irreparable harm. See *Southland Corp. v. Froelich*,

41 F. Supp. 2d 227, 242 (E.D.N.Y. 1999) ("property owner's inability to make productive

use of its own property may constitute irreparable harm.")

      Considering the first amendment retaliation at issue, the loss of all access and use of

the property, and the likelihood of bankruptcy, it is apparent that the Plaintiff has made a

strong showing of irreparable injury.

## NO ADEQUATE REMEDY AT LAW EXISTS

"The finding that plaintiff's First Amendment rights most likely have been abridged, and will continue to be abridged without the granting of injunctive relief, also leads to the conclusion that plaintiff has no adequate remedy at law." *Jackson v. Markham*, 773 F. Supp. 105, 109 (N.D. Ill. 1991). It will be difficult for the Plaintiff to determine the precise amount of damage, and even if those damages are ascertained, it may be too late to save the Plaintiff from imminent demise in bankruptcy. Moreover, the Plaintiff will not be made whole by awarding her money damages if the Plaintiff prevails on the merits. Considering, the first amendment retaliation at issue,  and the threat of bankruptcy, the Plaintiff has shown there is no adequate remedy at law for it's injuries.

## THE INUNCTION WILL NOT HARM THE PUBLIC INTEREST

The Plaintiff does not challenge Lake County's authority, on the contrary, the Plaintiff urges that Lake County comply with the regulations as written. Forcing Lake County to comply with their rules as written is in the public interest. Moreover, the presumption of irreparable injury is particularly strong in cases involving infringement of First Ament rights. *Elrod v. Burns*, 427 US 347, 373 (1976). Having shown that Lake County approved the access ten months ago, and then did an about face once the litigation was filed, it is apparent that the denial is about the litigation. The public interest is also better served by a TRO that does not reward the decimation of constitutional rights, with retaliatory denials. Also, the economic benefits of the Autumn Ridge subdivision area also in the public interest.

## BALANCE OF HARDSHIPS FAVORS THE PLAINTIFF

In balancing the hardships in the present case, there can be no question that the scales tip overwhelmingly toward the Plaintiff. The "loss of First Amendment freedoms for even minimal periods of time, unquestionably constitutes irreparable injury."*Elrod*, 427 U.S. at 373-74. Also, it is inconceivable that importation of fill which is **approved by the Village**, will cause the Defendants to suffer any type of injury of an irreparable nature if, during the time prior to the preliminary injunction hearing, construction continues in accordance with the **Village approval to import fill**. The Defendant's can show no hardship whatsoever from the granting of a TRO. The property is located within the Village of Grayslake. The Defendants lack the statutory authority to take away the existing access, or to deny access to property for development. The balance of hardships favors the Plaintiff as failure to issue the TRO will cause decidedly greater hardship to the Plaintiff than to the Defendants.

WHEREFORE, the Plaintiff prays that this Honorable Court issue a temporary restraining order, enjoining and restraining Lake County, their employees, agents, attorneys, servants and anyone acting on their behalf, from denying access to the Plaintiff's Property, pending a ruling on the preliminary injunction.

Dated: June 18, 2008                          Respectfully submitted,

Sebastian Rucci (ND IL No. 90785689)
40 The Ledges, 3C
Youngstown, Ohio 44514
Phone: (330) 707-1182
Fax:    (330) 707-1882
Email: SebRucci@Gmail.com
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties via the Court's electronic filing system and

parties may access this filing through the Court's Case management/Electronic Case Files

(CM/ECF) found on the internet at https://ecf.ilnd.uscourts.gov.


*Sebastian Rucci*

Sebastian Rucci (ND IL No. 90785689)
40 The Ledges, 3C
Youngstown, Ohio 44514
Phone: (330) 707-1182
Fax:     (330) 707-1882
Email: SebRucci@Gmail.com
Attorney for the Plaintiff