**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CAMPUS INVESTMENTS, INC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08 C 3046** |
| | ) | |
| **LAKE COUNTY STORMWATER** | ) | **Judge Lindberg** |
| **MANAGEMENT AGENCY, and** | ) | |
| **COUNTY OF LAKE** | ) | **Magistrate Judge Keys** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' JOINT MOTION FOR ABSTENTION**

Defendants Lake County Stormwater Management Commission ("SMC") and County of Lake ("County"), by and through their counsel of record, Michael J. Waller, Lake County State's Attorney, and Lisle A. Stalter, Assistant State's Attorney, and James Bakk, Special Assistant State's Attorney, file this joint motion and respectfully ask that the Court abstain from this case and in support thereof states:

1.	Plaintiff claims to be the owner of approximately 28 acres of undeveloped real property in Lake County, Illinois which it seeks to develop with a 25-lot subdivision (the "Subject Property").

2.	Over the Memorial Day weekend, May 24-26, 2008, and prior to the filing of this suit, and without obtaining the necessary permits from SMC or the County, Plaintiff and its contract purchaser, Zero Energy Estates, LLC, performed extensive grading work on the Subject Property, filling or impacting wetlands existing on the Subject Property.  In the weeks after the filing of the instant action, Plaintiff, or its employees, agents, or contractors, proceeded to bring additional truckloads of fill onto the Subject Property and modified and expanded the access into

the Subject Property from Rollins Road, a County highway.

3.     On May 27, 2008, Plaintiff preemptively filed the instant action, challenging the authority of SMC to regulate wetlands within Lake County that fall outside the jurisdiction of the Army Corps of Engineers.  Prior to the time for any responsive pleading to be filed, Plaintiff filed an amended complaint adding additional claims against the County, specifically that the County has improperly refused to issue highway access permits to Plaintiff.

4.     On June 20, 2008 the County of Lake and Lake County Stormwater Management Commission filed a Verified Complaint for Injunctive Relief and Monetary Fines in *County of Lake et al. v Campus Investments, Inc. and Zero Energy Estates, LLC*, 08 CH 2376, in the Nineteenth Judicial District for Lake County (the "State Court Enforcement Action") seeking injunctive and declaratory relief and fines from Campus Investments, Inc. and Zero Energy Estates, LLC (the purported contract purchaser of the Subject Property).  A copy of the filed State Court Enforcement Action is attached to this Motion as Exhibit 1.

5.     Count I of the State Court Enforcement Action sets forth that Campus Investments and Zero Energy, LLC violated the SMC's Watershed Development Ordinance by grading and impacting Waters of Lake County ("wetlands") without obtaining the necessary permits from SMC and Count II sets forth that Campus Investments and Zero Energy, LLC violated the County's Highway Access Regulation Ordinance by modifying and expanding a County highway access without obtaining the necessary permits and approvals from the County.

6.     The State Court Enforcement Action is currently pending.

7.     Federal courts must abstain in favor of state ordinance enforcement proceedings so long as: (1) the pending state proceeding is judicial in nature, (2) important state interests are

2

implicated, and (3) the state proceeding offers an adequate opportunity for review of constitutional claims. *Forty One News*, 491 F.3d at 6655-666 (*quoting Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998).

8.      Here, each factor is present: (1) the State Court Enforcement Action is undeniably judicial in nature; (2) important state interests are implicated by the County and SMC's enforcement actions–namely the safety and security of public highways and the motoring and protection of natural resources and proper development of land; and (3) each of Campus' claims, both state and federal constitutional claims can properly be raised as defenses and litigated in the State Court Enforcement Action.

WHEREFORE, Defendants Lake County Stormwater Management Commission and County of Lake respectfully request that this Court grant their Joint Motion for Abstention, dismiss this matter pursuant to the *Younger* abstention doctrine, and grant such other and further relief to which Defendants may be entitled.

<div style="margin-left: 40%;">

Respectfully submitted,
MICHAEL J. WALLER
State's Attorney of Lake County

s/Lisle A. Stalter
Assistant State's Attorney
for Defendant, County of Lake


s/James C. Bakk
Special Assistant State's Attorney
for Defendant, Lake County SMC

</div>

Michael J. Waller
State's Attorney of Lake County
Lisle A. Stalter, #06242950
Assistant State's Attorney
18 North County Street, 3rd Floor
Waukegan, IL 60085
(847) 377-3050

James Bakk
Special Assistant State's Attorney
200 North M.L. King Avenue, Suite 206
Waukegan, Illinois 60085
(847) 249-9900

U:\WPDATA\CIVIL\lslas\Campus Invst v SMC & County - 08 CV 3046\Abstention - Motion.wpd

STATE OF ILLINOIS     )
                           ) ss
COUNTY OF LAKE      )

FILED

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

| | |
|---|---|
| COUNTY OF LAKE and LAKE COUNTY ) <br> STORMWATER MANAGEMENT ) <br> COMMISSION ) <br>         Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CAMPUS INVESTMENTS, INC. and ) <br> ZERO ENERGY ESTATES, LLC ) <br> ) <br> ) <br>         Defendants. ) <br> ) | General No. 08 CH 2 3 7 6 |

## VERIFIED COMPLAINT FOR ORDINANCE VIOLATIONS
## SEEKING INJUNCTIVE RELIEF AND MONETARY FINES

      Plaintiffs, County of Lake and Lake County Stormwater Management Commission, by

and through their counsel, Michael J. Waller, State's Attorney of Lake County, and Daniel L.

Jasica and Lisle Stalter, Assistant State's Attorney, and James Bakk, Special Assistant State's

Attorney  complains of Defendants Campus Investments, Inc. and Zero Energy Estates, LLC and

allege as follows:

        1.      Plaintiff County of Lake ("County") is a body politic and corporate of the State of

Illinois.

        2.      Plaintiff Lake County Stormwater Management Agency ("SMC") is an agency of

Lake County established pursuant to 55 ILCS 5/5-1062.

        3.      Defendant Campus Investments, Inc. ("Campus") is the owner of an

approximately 28-acre parcel of undeveloped property located at 21157 West Rollins Road, Grayslake, Illinois, PIN 06-15-200-018 (the "Subject Property").

4.     Zero Energy Estates, LLC ("Zero") represents itself to be the contract purchaser of the Subject Property.

5.     Venue is proper in this Court pursuant to Section 2-101(2) and 2-102(a) of the Illinois Code of Civil Procedure, 735 ILCS 5/2-101(2) and 5/2-102(a).

6.     Commencing over the Memorial Day weekend, May 24-26, 2008, and continuing thereafter, grading and other development activities occurred on the Subject Property and fill material has been brought onto the Subject Property from Rollins Road, dumped, and bulldozed into existing wetlands on the Subject Property, without the necessary highway access permits from the Lake County Division of Transportation ("LCDOT") or the necessary permits and approvals from SMC.

8.     This conduct by or at the direction of Campus and Zero violates the Lake County Highway Access Regulation Ordinance and the SMC Watershed Development Ordinance for which the County and SMC seek injunctive relief and monetary fines from the Defendants.

COUNT I-Violations of the Watershed Development Ordinance

1-8. SMC restates and realleges Paragraphs 1-8 above as and for Paragraphs 1-8 of this Count I of this Complaint as if fully set forth herein.

9.     That, at all times pertinent to this action, there was and is in full force and effect a Lake County Watershed Development Ordinance ("WDO"), which provides county-wide minimum stormwater management rules and regulations relating to development or improvement of real property in Lake County, Illinois.

2

10. That the Subject Property consists of approximately 28 acres, upon which is located an Isolated Waters of Lake County (hereinafter "wetlands"), as defined in the WDO (Appendix A), consisting of approximately 16.5 acres.

11. That the Village of Grayslake is not certified to administer the Wetlands provisions of the WDO, and, therefore, the WDO Wetlands provisions are administered by SMC.

12. That WDO, Art. IV, §A.(1), provides:

> No person ... shall commence any development regulated by this Ordinance on any lot or parcel of land without first obtaining a Watershed Development Permit from the (SMC) ... A Watershed Development Permit is required for any development ... which:
>
> > (d) Creates a wetland impact within an area defined as ... Isolated Waters of Lake County; ....

13. That WDO, Art. IV, § E (2)(c) specifies certain of the Watershed Development Permit submittal requirements for proposed developments with wetland impacts to Isolated Waters of Lake County.

14. Defendants, knowing of WDO permit requirements, submitted to SMC on March 8, 2007 a General Development Plan for the Subject Property, as well as a wetland delineation report, prepared by Christopher B. Burke Engineering, Ltd. (CBBEL). On April 2, 2007, the SMC sent to Defendants, or their representatives, a review letter which identified the Subject Property as having Isolated Waters of Lake County located thereon. (A copy of the April 2, 2007 SMC letter is attached hereto, marked Exhibit A, and incorporated by reference.)

15. Defendants' next contact with the SMC was an August 2, 2007 requesting a Letter of No Wetland Impact determination from the SMC. By a letter dated August 17, 2007, the SMC responded to Defendants, or their representatives, advising that a grading plan showing the

surveyed wetland boundary was required. (A copy of the SMC August 17, 2007 letter is attached, marked Exhibit B, and incorporated by reference.)

16. On January 9, 2008, Defendants submitted to the SMC updated plans for the development of the Subject Property, along with a revised wetland hydrology analysis. By a letter dated February 13, 2008, the SMC responded to Defendants' submittals by, among other things, noting that the wetland limits shown on the grading plan do not coincide with the wetland boundaries shown in the CBBEL wetland delineation report. The SMC advised Defendants that review of the wetlands submittals could not proceed until the delineated wetland boundary was reviewed in the field. The SMC asked Defendants to re-stake the wetland boundary and call for a site inspection. (A copy of the February 13, 2008 SMC letter is attached, marked Exhibit C, and incorporated by reference.)

17. Defendants did not respond to the SMC February 13, 2008, request for a field review of the wetland boundary.

18. Over the Memorial Day weekend, on or about May 24-26, 2008 Defendants, or their agents, contractors, or representatives, commenced grading on the Subject Property and filled in or impacted approximately 2.5 acres of the Isolated Waters of Lake County on the site.

19. Defendant(s) actions in commencing development activities on the Subject Property, without a properly issued Watershed Development Permit, on or about May 24-26, 2008, and thereafter, constitute a violation of the WDO permit requirements.

20. On Tuesday, May 27, 2008 the Village of Grayslake issued a stop work order to Defendant(s).

21. Other development activity, including additional importation of fill, has been

4

performed on the Subject Property during the first two weeks of June 2008, in further violation of WDO permitting requirements.

22. That SMC has no adequate legal remedy to effectuate the replacement or restoration of the wetlands that Defendants have caused to be filled in knowing violation of applicable county-wide minimum WDO permitting requirements and regulations relating to isolated waters of Lake County.

WHEREFORE, Plaintiff Lake County Stormwater Management Commission prays that this Honorable Court:

A) enter a preliminary injunction and, after trial, a permanent injunction against Defendants, enjoining Defendants to cease and desist from any development activities on the Subject Property unless and until after all required WDO permits have been first obtained;

B) enter a preliminary injunction and, after trial, a permanent injunction against Defendants, that Defendants be ordered to restore the filled or impacted wetlands in accordance with WDO requirements, or to replace the filled or impacted wetlands with newly established wetlands of a size, hydrology, and function as provided in the applicable mitigation provisions of the WDO;

C) that the Defendants be fined $1,000 for each day that the Court finds that a violation has existed; and,

D) for such other or further relief as is just and equitable under the circumstances.

COUNT II-Violations of the Lake County Highway Access Regulation Ordinance

9. The County restates and realleges Paragraphs 1 through 8 above as and for Paragraphs 1 through 8 of this County II of this Complaint, as though fully set forth herein.

5

10. Rollins Road is a county highway owned and operated by the Lake County Division of Transportation. The Subject Property abuts the south side of the Rollins Road right-of-way.

11. Prior to the recent events, a seasonal dirt farm field access for farm equipment existed on the Subject Property. On or about June 14, 2008, the existing dirt access was expanded, modified, and improved by Defendants, or their agents, contractors, or representatives, with multiple loads of fill and topped with course gravel to allow construction equipment to enter the Subject Property.

12. Pursuant to its statutory authority set forth at 605 ILCS 5/5-413 and 605 ILCS 8/801, the County has adopted the Lake County Highway Access Regulation Ordinance (the "Access Ordinance"), in effect at all relevant times, which regulates access to and from County highways, such as Rollins Road.

13. Pursuant to Section 4 of the Access Ordinance:

An access permit shall be required for the construction of any new access facility or the modification of any existing access facility within the right-of-way of a County Highway when the work is to be done by any person or public agency other than Lake County or when the use of an existing facility is changed.

14. Section 2.4 of the Access Ordinance defines an "access facility" as "[a] private or public driveway or road providing service to and/or from abutting property to a highway."

15. Defendants have violated and continue to violate the Access Ordinance by modifying, expanding, altering, and changing the use of an access facility without having obtained a permit for LCDOT and by allowing construction equipment to access to the Subject Property through the illegal access.

16. Section 3.12 of the Ordinance provides that:

6

Whoever shall construct, or cause to be constructed, any access facility in violation of the requirements of this Ordinance shall be subject to a fine of not less than $100.00 and not more than $500.00 for each access facility so constructed. Each day that the access facility is in place in violation of this Ordinance shall constitute a separate offense, subject to the above penalties. A violation shall also include any access facilities to County highways built without approval, and a permit as required by this Ordinance as well as approved facilities built with substandard designs and specifications....

The provisions of this Ordinance shall not be deemed exclusive and shall not be deemed to prevent the maintenance of any other action or proceeding in law or in equity to enforce the provisions of this Ordinance or to vacate and remove any access facility constructed in violation of this Ordinance.

WHEREFORE, Plaintiff County of Lake respectfully prays that this Honorable Court:

Order:

A.    Enter a preliminary injunction and, after trial, a permanent injunction, enjoining Defendants from accessing the Subject Property from Rollins Road unless and until they have obtained all necessary permits from LCDOT for the access facility to the Subject Property, or alternatively, compelling Defendants to remove the access facility from the Subject Property;

B.    Fining Defendants, jointly and severably, $500.00 per day for each day the illegal access facility has been in place and continues to be in place in violation of the Access Ordinance; and

C.    Ordering such other and further relief as this Court deems just and equitable.

Respectfully submitted,
COUNTY OF LAKE

MICHAEL J. WALLER
State's Attorney of Lake County

DANIEL L. JASICA
Assistant State's Attorney

Michael J. Waller
State's Attorney of Lake County
Daniel L. Jasica #06237373
Lisle Stalter
Assistant State's Attorney
18 North County Street, 3rd Floor
Waukegan, IL 60085
(847) 377-3050

James Bakk (#3121531)
Special Assistant State's Attorney
200 N. M.L. King Ave., Suite 206
Waukegan, IL 60085
(847) 249-9900

U:\WPDATA\CIVIL\LSdlj\08 cv3046-Campus Inv\complaint.wpd

## VERIFICATION

Tony Wolff., Chief Engineer, Lake County Stormwater Management Commission, being of legal age and sound mind, and being sworn on oath does state and depose and, under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certifies that the statements set forth in Count I, Paragraphs 1-22 of this instrument are true and correct, and that statements made on information and belief, based upon reasonable investigation, the undersigned certifies that he verily believes the same to be true.

_____
Tony Wolff

SUBSCRIBED & SWORN to before
me this 20th of June, 2008.

_____
NOTARY PUBLIC

```
"OFFICIAL SEAL"
LESLIE BULAICH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-7-2009
```

## **VERIFICATION**

Betsy Duckert, Development Engineer, Lake County Division of Transportation,

being of legal age and sound mind, and being sworn on oath does state and depose and, under

penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certifies

that the statements set forth in Count II, Paragraphs 1-16 of this instrument are true and correct,

and that statements made on information and belief, based upon reasonable investigation, the

undersigned certifies that she verily believes the same to be true.



Betsy Duckert

SUBSCRIBED & SWORN to before
me this 20th of June, 2008.

NOTARY PUBLIC

LINDA J. MILLER
MY COMMISSION EXPIRES
NOVEMBER 10, 2011

**LAKE COUNTY**

# STORMWATER MANAGEMENT COMMISSION

April 2, 2007

Mr. Sebastian Rucci
3058 Chardonnay Lane
Poland, OH 44514

**Subject:**      **Watershed Development File #07-11-040**
              **Proposed Autumn Ridge Subdivision on Rollins Road**
              **(PIN # 06-15-200-018)**
              **Grayslake, Lake County, Illinois**
              **ISOLATED WETLANDS REVIEW #1**

Dear Mr. Rucci:

Thank you for your submittal for the subject development, received by the Lake County Stormwater Management Commission (SMC) on March 8, 2007. The submittal included the General Development Plan prepared by your firm dated 2-07-07 and the wetland delineation report prepared by Christopher B. Burke Engineering, Ltd. (CBBEL) dated 10-18-05. Please reference the above Watershed Development File # in future correspondence with SMC related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the proposed development, in accordance with the Lake County Watershed Development Ordinance (WDO, 1-10-06). Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO, but not the isolated wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter & Woodman, the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard provisions submittal requirements. **SMC's review of the proposed development for potential isolated wetland impacts is required prior to the Village's issuance of the WDP.**

We have the following comments on your submittal, with respect to isolated wetlands:

1) The one wetland identified on the development site is an *Isolated Water of Lake County* (IWLC), per the jurisdictional determination letter from the U.S. Army Corps of Engineers dated 5-17-02 (Corps ref. #200200622). The IWLC is subject to regulation by SMC under the WDO. Please confirm that the wetland limits shown on the General Development Plan are the surveyed boundaries from CBBEL's wetland delineation.

2) According to the General Development Plan, it does not appear the IWLC will be directly impacted by the development (i.e., filled). However, a wetland hydrology analysis is required to determine if indirect impacts to the IWLC may occur (see #3 below). If no direct or indirect impacts to the IWLC will occur, a Letter of No Wetland Impact Determination ("LONI") can be issued by SMC. The LONI review fee is $920. Please

**LAKE COUNTY STORMWATER MANAGEMENT COMMISSION**
333-B Peterson Road  •  Libertyville, Illinois 60048  •  847/918-5260  •  FAX 847/918-9



EXHIBIT

*A*

provide the LONI review fee prior to or with your next submittal. If it is determined that IWLC impacts will occur form the development, a full wetland submittal will be required in accordance with WDO IV.E.2.c. and additional review fees will apply.

3)  Please provide a "80-150%" wetland hydrology analysis for the preserved IWLC meeting the requirements of WDO IV.E.7.a. If the wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

4)  The IWLC is greater than 2.5 acres in size; therefore, a minimum 50-foot buffer width is required for this wetland (WDO, IV.B.1.i.(1)(b)(iii)). Final approval of the wetland buffer will be by the Village. Note that the preserved wetland and buffer on the development site shall be protected by a deed or plat restriction (WDO, IV.B.1.i.(12)). Please provide SMC and the Village with a draft copy of a proposed plat restriction and any associated exhibit(s) for review. For your consideration, we are enclosing SMC's example Wetland and Wetland Buffer Restrictive Covenant by Plat. Final approval of the plat restriction will be by the Village.

5)  According to the General Development Plan, the wetland buffer area will be graded. Note that the disturbed buffer area shall be planted with appropriate native vegetation per WDO IV.B.1.i.(9). Please provide SMC and the Village with the proposed native seeding list for the disturbed buffer area.

We would like to be of assistance. If you have any questions, or would like to set up a meeting, please call me at (847) 918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,
LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

Enclosure: Example Wetland and Wetland Buffer Restrictive Covenant

cc:    Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
        Greg Waller, Campus Investments, Inc.

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review 1_040207

**STORMWATER MANAGEMENT COMMISSION**

August 17, 2007

Mr. Sebastian Rucci
3058 Chardonnay Lane
Poland, OH  44514

Subject:    **Watershed Development File #07-11-040**
**Proposed Autumn Ridge Subdivision on Rollins Road**
**(PIN # 06-15-200-018)**
**Grayslake, Lake County, Illinois**
**ISOLATED WETLANDS REVIEW #2**

Dear Mr. Rucci:

On August 2, 2007, the Lake County Stormwater Management Commission (SMC) received a wetland submittal for the subject development on your behalf from Bollinger, Lach & Associates, Inc. (BLA). The submittal included a request for a "Letter of No Wetland Impact Determination" (LONI) from SMC for the development. Please reference the above Watershed Development File # in future correspondence with SMC related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the proposed development, in accordance with the Lake County Watershed Development Ordinance (WDO, 1-10-06).    Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO, but not the isolated wetland provisions of the WDO.  Please contact Mr. Kurt Baumann of Baxter & Woodman, the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard provisions submittal requirements.  **A LONI or Isolated Wetland Impacts Approval from SMC's is required prior to the Village's issuance of the WDP.**

We have the completed our review of BLA's submittal.   Please amend (or direct your consultants to amend) the submittal to address the following:

1)  Please provide a grading plan and revised erosion control plan showing the surveyed wetland boundary.

2)  Please provide a revised wetland hydrology analysis for the preserved isolated wetland based on <u>runoff volume</u>, as outlined in WDO Article IV.E.7.a. The analysis submitted by BLA was based on <u>flow rate</u>.  If the wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.


EXHIBIT
B

Sebastian Rucci
WDP # 07-11-040
August 17, 2007
Page 2 of 2

3)  The proposed location of silt fence is unclear on the Erosion & Sediment Control Plan
    (Sheet 10). Please enhance the plan to clearly show the silt fence around the perimeter
    of all areas that will be disturbed, with a minimum of 1' outside the surveyed wetland
    boundary. SMC recommends that a double-row of silt fence be installed along the edge
    of the wetland boundary to provide maximum protection of the wetland from disturbance
    and sedimentation. Note that silt fence materials and installation must meet the
    applicable sections of AASHTO Standard Specification 288-00, per WDO Article
    IV.B.1.j(1)(f.). Since the development exceeds 10 acres in size, a Designated Erosion
    Control Inspector (DECI) is required per WDO Article IV.B.1.j.(2). The Village has final
    approval authority for the erosion and sediment control measures.

4)  According to the Landscaping Plan (Sheet 11), the disturbed wetland buffer is to be
    seeded with the IDOT Class 4A low-profile native grass mixture. To increase the density
    and diversity of the native buffer vegetation, SMC recommends the proposed seed mix
    be enhanced by adding the IDOT Class 5 native forb with annuals mixture to the Class
    4A mixture. The Village has final approval authority for the landscape plan.

5)  Prior to issuance of the LONI or isolated wetland impacts approval for the development,
    SMC requires a *deposit* be provided in the amount of $1,600 to ensure we are notified of
    the pre-construction meeting and to cover the cost of potential wetland compliance
    inspections. We request the pre-construction meeting be held onsite with you or your
    consultant, the general contractor, and the DECI in order to inspect the installed wetland
    protective measures (e.g., silt fence). If SMC is notified at least five (5) working-days in
    advance of the field pre-construction meeting, $500 of the deposit will be returned upon
    your written request. The remaining $1,100 of the deposit, minus any assessed wetland
    inspection fees, will be returned upon your written request following permanent site
    stabilization and a final site inspection by SMC.

We would like to be of assistance. If you have any questions, or would like to set up a
meeting, please call me at (847) 918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,
LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

cc:    Kirk Smith, Village of Grayslake
       Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
       Cynthia Flower, Bollinger, Lach & Associates, Inc.

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review 2_081707

**STORMWATER MANAGEMENT COMMISSION**

February 13, 2008

Mr. Sebastian Rucci, P.E.
3058 Chardonnay Lane
Poland, OH 44514

Subject:     **Watershed Development File #07-11-040**
             **Proposed Autumn Ridge Subdivision on Rollins Road**
             **(PIN # 06-15-200-018)**
             **Grayslake, Lake County, Illinois**
             **ISOLATED WETLANDS REVIEW #3**

Dear Mr. Rucci:

Thank you for your submittal for the subject development, received by the Lake County Stormwater Management Commission (SMC) on January 9, 2008. The submittal included updated plans prepared by your office and a revised wetland hydrology analysis prepared by Bollinger, Lach & Associates, Inc. (BLA). Please reference the above Watershed Development File # in future correspondence with SMC related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the proposed development, in accordance with the Lake County Watershed Development Ordinance (WDO, 1-10-06). Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO, but not the isolated wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter & Woodman, the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard provisions submittal requirements. **SMC's approval of isolated wetland impacts (or a no wetland impact determination) is required prior to the Village's issuance of the WDP. Note that SMC's approval of the Base Flood Elevation (BFE) for the non-riverine flood-prone depressional area on the property will also be required prior to issuance of the WDP if the tributary drainage area to the depression is greater than 20 acres.**

We have the completed our review of your submittal. Please address (or direct your consultants to address) the following comments:

1) The "Wetland Limits" line shown on the grading plan (Sheet 5) does not appear to correlate with the wetland boundary delineated by Christopher B. Burke Engineering, Ltd. (CBBEL), as depicted on Exhibit 9 in CBBEL's wetland report for the property dated October 18, 2005 (Revised). <u>SMC cannot proceed further with the isolated wetlands review for the proposed development until we verify the delineated wetland boundary in the field.</u> Please have the surveyed wetland boundary re-staked and notify SMC when this has been completed – we will then schedule a review to verify the boundary as soon as field conditions allow (currently there is a 12+ inch snow cover). The field-verified wetland boundary shall be shown on the development plans for permitting purposes.

EXHIBIT
C

2) SMC does not concur with BLA's wetland hydrology analysis (rev. 9-06-07). Please revise the analysis to address the items below. If the "80-150" wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

   a) The existing condition land use (outside the wetland) appears to be agricultural row crops, not grassland/pasture as indicated in BLA's analysis. Please clarify and adjust the runoff curve numbers appropriately.

   b) Our review identified several discrepancies between the detention volume calculations and the plan sheet. For example:

      i)  The calculations indicate a 2-year high water level (HWL) of 779.50 and the plan sheet indicates a 2-year of 779.95.
      ii) The provided 2-year volume is 1.44 ac-ft per the plan sheet; 0.88 ac-ft per calculation summary; and approximately 0.45 ac-ft per the volume calculations table.

   c) The report did not include calculations for the total 2-year detention discharge volume. The required peak detention volume may be 0.88 ac-ft; however, runoff is discharging continuously before and after the peak volume. Please provide the total discharge volume from the beginning of the storm event to the end.

   d) If the verified wetland boundary is different from the boundary currently shown on the plans (see #1 above), the tributary drainage areas and hydrology calculations will need to be revised accordingly to reflect the verified wetland boundary.

3) Please enhanced the Erosion & Sediment Control Plan (Sheet 10) as follows:

   a) the note regarding seeding of the wetland buffer should match the revised Landscape Plan (Sheet 11) - buffer shall be seeded with a mixture of IDOT Class 4A low-profile native grasses and IDOT Class 5 native forbs; and,
   b) the field-verified wetland boundary (see #1 above) should also be included on this plan.

4) Prior to issuance of the LONI or isolated wetland impacts approval for the development, SMC requires a *deposit* be provided in the amount of $1,600 to ensure we are notified of the pre-construction meeting and to cover the cost of potential wetland compliance inspections. We request the pre-construction meeting be held onsite with your field construction manager, the general contractor, and your designated erosion control inspector (DECI) in order to inspect the installed wetland protective measures (e.g., silt fence). If SMC is notified at least five (5) working-days in advance of the field pre-construction meeting, $500 of the deposit will be returned upon your written request. The remaining $1,100 of the deposit, minus any assessed wetland inspection fees, will be returned upon your written request following permanent site stabilization and a final site inspection by SMC.

If you have any questions, or would like to set up a meeting, please call me at (847)918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,

LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

cc:     Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
        Kirk Smith, Village of Grayslake
        Greg Waller, Campus Investments, Inc. (via fax)
        Cynthia Flower, Bollinger, Lach & Associates, Inc.
        Kurt Woolford, SMC

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review3_012308