IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAMPUS INVESTMENTS, INC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 3046 |
| | ) | |
| LAKE COUNTY STORMWATER | ) | Judge Lindberg |
| MANAGEMENT AGENCY, and | ) | |
| COUNTY OF LAKE | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' JOINT MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR ABSTENTION

Defendants Lake County Stormwater Management Commission ("SMC") and County of

Lake ("County"), by and through their counsel of record, Michael J. Waller, Lake County State's

Attorney, and Lisle A. Stalter, Assistant State's Attorney, and James Bakk, Special Assistant

State's Attorney, file this memorandum in support of their Joint Motion for Abstention and

respectfully ask that the Court abstain from this case based upon the pending state court

enforcement lawsuit *County of Lake and Lake County Stormwater Management Commission v.*

*Campus Investments, Inc. and Zero Energy Estates, LLC*, 08 CH 2376, pending in the Nineteenth

Judicial Circuit, Lake County, Illinois, and the *Younger* doctrine of abstention.  *See Younger v.*

*Harris*, 401 U.S. 37 (1971).

Plaintiff claims to be the owner of approximately 28 acres of undeveloped real property in

Lake County, Illinois which it seeks to develop with a 25-lot subdivision (the "Subject

Property").  On May 27, 2008, Plaintiff preemptively filed the instant action, challenging the

authority of SMC to regulate wetlands within Lake County that fall outside the jurisdiction of the

Army Corps of Engineers.  Prior to the time for any responsive pleading to the complaint,

Plaintiff filed an amended complaint, adding additional claims against the County, specifically

that the County has improperly refused to issue highway access permits to Plaintiff.

Over the Memorial Day weekend, May 24-26, 2008, and prior to the filing of this suit,

and without obtaining the necessary permits from SMC or the County, Plaintiff and its contract

purchaser, Zero Energy Estates, LLC, performed extensive grading work on the Subject Property,

filling or impacting wetlands existing on the Subject Property.  In the weeks after the filing of the

instant action, Plaintiff, or its employees, agents, or contractors, proceeded to bring additional

truckloads of fill onto the Subject Property and modified and expanded the access into the

Subject Property from Rollins Road, a County highway.  *See* Verified Complaint for Injunctive

Relief and Monetary Fines in *County of Lake et al. v Campus Investments, Inc. and Zero Energy*

*Estates, LLC*, 08 CH 2376, filed in the Nineteenth Judicial District for Lake County (attached to

the Joint Motion for Abstention as Exhibit 1).

On June 20, 2008, the County and SMC filed their Verified Complaint for Violation of

Ordinance in the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois, Case

No. 08 CH 2376 (the "State Court Enforcement Action"), seeking injunctive and declaratory

relief and fines from Campus Investments, Inc. and Zero Energy Estates, LLC (the purported

contract purchaser of the Subject Property) for violating the County's Highway Access

Regulation Ordinance and the SMC's Watershed Development Ordinance by modifying and

expanding a County highway access without obtaining the necessary permits and approvals from

the County and by grading and impacting Waters of Lake County ("Wetlands") without obtaining

the necessary permits and approvals from SMC.   The State Court Enforcement Action is

currently pending.

To date, other than the denial of a temporary restraining order requested by Campus, there have been no hearings or rulings on the substantive merits of Campus' claims in the instant case. Nor has there been any discovery initiated by either party or undertaken to date in the instant case. The instant suit is still very much in the embryonic stage.

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal abstention is proper and this suit should be dismissed in favor of the pending State Court Enforcement Action. The *Younger* doctrine is well established. As articulated by the Seventh Circuit "the *Younger* doctrine has come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and administrative agencies when important state interests are involved." *Barichello v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1996). "Younger abstention is appropriate only when there is an action in state court against the federal plaintiff and the state is seeking to enforce the contested law in that proceeding." *Forty One News, Inc. v. County of Lake*, 491 F.3d 662 (7th Cir. 2007). Moreover, although the doctrine initially was limited to pending state criminal prosecutions, it is now well-recognized that abstention is equally appropriate when there is a pending ordinance violation enforcement action.

Federal courts must abstain in favor of state ordinance enforcement proceedings so long as: 1) the pending state proceeding is judicial in nature, 2) important state interests are implicated, and 3) the state proceeding offers an adequate opportunity for review of constitutional claims. *Forty One News*, 491 F.3d at 665-66 (*quoting Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998). Here, each factor is present.

First, the State Court Enforcement Action is undeniably judicial in nature. "There is no question that the quasi-criminal prosecution of the violation of an ordinance is an adequate state

proceeding for the purposes of Younger." *Forty One News*, 491 F.3d at 666.   Second, important

state interests are implicated by the County and SMC's enforcement actions–namely the safety

and security of public highways and the motoring and protection of natural resources and proper

development of land.  Third, each of Campus' claims, both state and federal constitutional claims

can properly be raised as defenses and litigated in the State Court Enforcement Action.  State

courts, of course, have concurrent jurisdiction to consider federal constitutional claims.  *See*

*Bostedt v. Festivals, Inc.*, 569 F. Supp. 503, 507 (N.D. Ill. 1983).  The pending State Court

Enforcement Action provides Campus with an adequate forum to challenge and defend against

enforcement of the Highway Access Regulation Ordinance and the Watershed Development

Ordinance.

   Nor does the timing of the State Court Enforcement Action matter.  As the Supreme

Court has noted: "where state criminal proceedings are begun against the federal plaintiffs after

the federal complaint is filed but before any proceedings of substance on the merits have taken

place in the federal court, the principles of *Younger v. Harris* should apply in full force.*"* *Hicks*

*v. Miranda*, 422 U.S. 332, 349 (1975); *Stroman Realty, Inc. v. Martinez*, 505 F. 3d 658, 662 (7th

Cir. 2007).  Thus, Campus' surreptitious Memorial Day weekend work without permits on the

Subject Property followed by the preemptive filing of the instant suit *the very next day* do not

secure to it.

   Where, as here, the federal court action is still in its embryonic stage, federal courts have

had no difficulty applying Younger in favor of the later-filed state court action.  *See Forty One*

*News, Inc.*, 491 F.3d at 666-67 (federal court abstained in favor of later-filed state court

ordinance enforcement action even after federal trial court ruled on motion to dismiss); *Ciotti v.*

*County of Cook*, 712 F.2d 312 (7th Cir. 1983)(federal court abstaining in favor of later-filed state

court adult use ordinance enforcement action); *Mannheim Video, Inc. v. County of Cook*, 884

F.2d 1043 (7th Cir. 1989)(affirming application of *Younger* abstention even after federal trial

court had ruled upon and denied Cook County's motion to dismiss constitutional challenge to

adult use regulation).

WHEREFORE, Defendants Lake County Stormwater Management Commission and

County of Lake respectfully request that this Court dismiss this matter pursuant to the *Younger*

abstention doctrine, and grant such other and further relief to which Defendants may be entitled.

Respectfully submitted,
MICHAEL J. WALLER
State's Attorney of Lake County

s/Lisle A. Stalter
Assistant States Attorney
for Defendant, County of Lake


s/James C. Bakk
Special Assistant State's Attorney
for Defendant, Lake County SMC

Michael J. Waller
State's Attorney of Lake County
Lisle A. Stalter, #06242950
Assistant State's Attorney
18 North County Street, 3rd Floor
Waukegan, IL 60085
(847) 377-3050

James Bakk
Special Assistant State's Attorney
200 North M.L. King Avenue, Suite 206
Waukegan, Illinois 60085
(847) 249-9900

U:\WPDATA\CIVIL\lslas\Campus Invst v SMC & County - 08 CV 3046\Abstention - Memorandum.wpd