## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CAMPUS INVESTMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-3046 |
| v. | ) | |
| | ) | Judge George W. Lindberg |
| LAKE COUNTY STORMWATER | ) | |
| MANAGEMENT COMMISSION, and | ) | Magistrate Judge Arlander Keys |
| LAKE COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## RESPONSE IN OPPOSITION TO JOINT MOTION FOR ABSTENTION

COMES NOW plaintiff Campus Investments, Inc., and through its attorney, submits this brief in opposition to the defendants Joint Motion for Abstain (ECF Dkt # 25), and states unto this Honorable Court the following:

"The *Younger* abstention doctrine requires federal courts to abstain from enjoining **ongoing state proceedings** that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).

## THERE IS NO ONGOING STATE PROCEEDING

The first threshold requirement for *Younger* abstention is an on-going state proceeding, the defendant state court action, was removed to this court pursuant to 28 U.S.C. § 1441. (ECF Dkt # 29). Consequently, there is no ongoing state proceeding, therefore, *Younger* abstention is inappropriate.

In *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) the Supreme Court held that though "we have extended *Younger* abstention to the civil context, [citations omitted] we have never applied the notions of comity so critical to *Younger*'s 'Our Federalism' when **no state proceeding** was pending nor any assertion of important state interests made. . . .Absent any *pending* proceeding in state tribunals, therefore, application by the lower courts of *Younger* abstention was clearly erroneous." *Id.* at 705. See also, *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007) ("*Younger* abstention is appropriate only when there is an action in state court against the federal plaintiff . . .");[1] *Edwards v. Ill. Board of Admissions*, 261 F.3d 723, 727-728 (7th Cir. 2001) ("abstention is no longer appropriate" because the state proceeding terminated); *Leaf v. Sup. Ct of State of Wisconsin*, 979 F.2d 589, 595 (7th Cir. 1992) ("abstention doctrine only applies when there is an ongoing state proceeding."); *Greening v. Moran*, 953 F.2d 301, 305 (7th Cir. 1992) ("Now that the state proceeding has reached its end, abstention is no longer appropriate."); *Francorp, Inc. v. Siebert*, 210 F. Supp. 2d 961, 970 (N.D. Ill. 2001) (*Younger* "can only apply if there is a pending state proceeding. There is no such proceeding here. *Younger*, therefore, cannot apply.")

*Younger* abstention is appropriate only when the federal court action would *actually* enjoin ongoing state proceeding, since there is no state action, the threshold requirement of an on-going state proceeding has not met and *Younger* abstention is inapplicable.

---

[1] The plaintiff in *Forty One News* which the defendants cite for support, was in state court for five years before filing in federal court. *Forty One News*, 491 F.3d at 664. In *Mannheim Video, Inc. v. Cook County*, 884 F.2d 1043, 1044 (7th Cir. 1989), also cited by the defendants, the plaintiff was in state court for one year before filing in federal court.

## NO IMPORTANT STATE INTEREST IMPLICATED

The second threshold requirement for *Younger* abstention is that the proceeding must implicate important state interests. "[A]bstention under Younger's designed to prevent interference with proceedings presenting **important issues of state policy** or power." *Rogers v. Desiderio*, 58 F.3d 299, 301 (7th Cir. 1995). "The importance of the state interest may be demonstrated by the fact that the non-criminal proceedings bear a **close relationship** to **proceedings criminal in nature**." *Forty One News*, 491 F.3d at 665 (emphasis added).

The adult use cases cited by the defendants (*Forty One News*, *Mannheim Video*, *Ciotti*) find important state issues, as the county's regulation of adult uses is authorized by state statue, and statutory protection from the secondary affects of adult businesses bears a close relationship with criminal proceedings. The defendant's state that the "protection of natural resources and proper development of land" is the important state interest implicated. However, this purported interest is not closely related to "proceedings criminal in nature."

The state interest offered by the defendants is not found within, 55 ILCS 5/5-1062, the state statute underlying this case. The statute comprises 2,504 words, and the word "wetland" or "natural resources" is notably absent from its language. An interest not found in the state statute, is not an "important state interest" that justifies *Younger* abstention. The legislative purpose is identified in § 5-1062(a) as floodplain and stormwater management. The regulation of wetlands is not found within § 5-1062 and the fact that the state has elected not to regulate wetlands confirms it is not an important state interest for purposes of *Younger*. The threshold requirement of an important state interest has not been met.

## FACIAL CHALLENGE DOES NOT IMPLICATE YOUNGER ABSTENTION

Exclusive of the lack of on-going state proceeding, or lack of important state interest, *Younger* abstention is also not warranted if the federal case is a **facial challenge** to the defendants legislation. The Amended Complaint is a facial challenge to the defendants authority to regulate wetlands within incorporated villages. (Amend. Compl. ¶ 7-30).

The Supreme Court in *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989) held that legislative challenges do not "interfere with ongoing judicial proceedings against which *Younger* was directed." *Id.* at 372. The following passage is directly applicable to this case:

> It is, insofar as our policies of federal comity are concerned, no different in substance from a **facial challenge** to an allegedly unconstitutional statute or **zoning ordinance** -- which we **would assuredly not require to be brought in state courts**. It is true, of course, that the federal court's disposition of such a case may well affect, or for practical purposes pre-empt, a future -- or, as in the present circumstances, even a pending -- state-court action. But there is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts.

*New Orleans Public Service*, 491 U.S. at 372-73 (citations omitted, bold added).

This case falls squarely within *New Orleans Public Service*. The plaintiff challenges the defendants regulation of wetlands, which is the product of legislative action, which conflicts with the state enabling legislation.  (Amend. Compl ¶ 7-30). "*Younger* does not bar a federal court from reviewing the facial constitutionality of a state statute, even if a state court is simultaneously considering an identical constitutional challenge." Laurence H. Tribe, *American Constitutional Law* § 3-30, at 588 (3d ed. 2000).  There "is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts." *New Orleans Public Service*, 491 U.S. at 372.

The defendants regulations of wetlands within incorporated villages is on it's face plainly invalid. No inquiry beyond the facts stated in the complaint is necessary in order to discover that the defendants violate 55 ILCS 5/5-1062 with impunity. Said differently, no inquiry beyond the four corners of § 5-1062 is needed to determine whether it is **facially defective** for the defendants to regulate wetlands within an incorporate villages.

The legislative purpose of 55 ILCS 5/5-1062 is the regulation of floodplain and stormwater management.[2] The word stormwater is used fifty-one times, wetlands is notably absent. The defendants flagrant misreading is shown by § 5-1062(k) which mandates that "the **county shall not enforce** rules and regulations adopted by the county in any municipality" that has a consistent "stormwater management ordinance." The extraterritorial regulation of wetlands within incorporated villages is in direct conflict with § 5-1062(k).[3]

The state statute permits "reasonable rules and regulations for floodplain management and for governing the location, width, course and release rate of all stormwater runoff channels, streams and basins in the county." § 5-1062(f). The defendants instead regulate wetlands. "A wetland is not a floodplain." *Village of Elk Grove v. Evans*, 997 F.2d 328 (7th Cir. 1993). Also, inspections are only allowed "after 10 days written notice to the owner" for "the purpose of **inspecting stormwater facilities**." § 5-1062(j). The defendants inspections include wetlands, grading, erosion, and the like, without any notice to the owner.

---

[2] The legislative purpose is identified in § 5-1062(a) as follows: "The **purpose** of this Section shall be achieved by: (1) consolidating the existing **stormwater** management framework into a united, countywide structure; (2) setting minimum standards for **floodplain** and **stormwater** management; and (3) preparing a countywide plan for the management of **stormwater** runoff, including the management of natural and man-made drainageways."

[3] "Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO." (Amend. Compl Ex. D, E and F).

The county's subdivision authority is limited to land "not being within" any "village" and allows the county to adopt "rules and regulations" to include "such reasonable requirements with respect to floodplain and stormwater management as may be established by the County Stormwater Management Committee established under Section 5-1062 of this Code." (55 ILCS 5/5-1041). The county's zoning authority is similarly limited to the "entire county outside the limits" of "villages." (55 ILCS 5/5-12001). The county building authority is also limited to areas "located outside the limits" of "villages." (55 ILCS 5/5-1063).

On the other hand, villages have exclusive power to establish "standards of design for subdivisions" including requirements for "storm water drainage." (65 ILCS 5/11-12-5). Village also have exclusive zoning power "within the corporate limits" of the municipality, including the power to "establish, regulate and limit. . . storm or floodwater runoff channel or basin." (65 ILCS 5/11-13-1).

The plain language of § 5-1062(a), (k), (f) and (j) confirms that defendants regulate outside the designated authority and in direct conflict with the explicit statutory language. The defendants essentially a boundless view of the scope of its power is not the state of the law in Illinois. "Counties . . . shall have only powers granted to them by law." Ill. Const Art VII § 7. "Counties" can "exercise only those powers expressly granted to them by the legislature." *Redmond v. Novak*, 427 N.E.2d 53, 57-58 (Ill. 1981). The "powers" of "counties, are not to be enlarged" but "strictly construed against the governmental entity." *Inland Land Appreciation Fund v. County of Kane*, 800 N.E.2d 1232, 1236 (Ill. App. 2003).

The defendants regulation of isolated wetlands, in incorporated villages, because the Army Corps was stripped of jurisdiction over isolated wetlands, *Solid Waste Agency of Northern Cook County v. Army Corps of Eng.*, 531 U.S. 159 (2001), is in direct conflict with 65 ILCS 5/11-87-3 which gives such power to villages whenever "any natural or artificial watercourse" is "declared non-navigable" or the United States "surrendered, relinquished, or abandoned jurisdiction" and "it becomes **necessary to fill**" any part of the watercourse the "**corporate authorities have the power**" to "**provide for the filling**" of "any portion of such a watercourse or stream **within the corporate limits** of the city or **village**."

The regulation of wetlands within incorporated villages is on it's face plainly invalid, and this case falls squarely within *New Orleans Public Service* and "a **facial challenge** to an allegedly unconstitutional statute or **zoning ordinance** -- which we **would assuredly not require to be brought in state courts**." *New Orleans Public Service*, 491 U.S. at 372-73.[4]

---

[4] Jurisdiction in the three adult use cases cited by the defendants was undisputed. In *Forty One News*, 491 F.3d at 663 the "adult book and video store" was "in Lake County" and regulated by the county's "Adult Use Ordinance." In *Mannheim Video*, 884 F.2d at 1043 the adult "video arcade" was "within Cook County" and regulated by the "county's zoning ordinance." In *Ciotti v. County of Cook*, 712 F.2d 312, 313 (7th Cir. 1983) the "adult bookstore" was located "in Cook County" and regulated by an amended "county ordinance." The defendants in each case, challenged the constitutionality of the statute, not the **county's jurisdictional authority** to regulate their adult businesses. However, in this case the defendants depart from the plain language of § 5-1062(k) by retaining jurisdiction after a municipality has adopted a consistent stormwater ordinance. The three adult use cases relied upon by the defendants do not support the present situation where the defendants lack authority to enforce wetland regulations. The Seventh Circuit would surely not apply *Younger* abstention, in *Forty One News* if Cook County sought to regulate an adult business in Lake County. Yet, that is the situation in this case, the county seek extraterritorial powers, not granted to them by the state statute.

The goal of *Younger* abstention is to avoid federal court interference with uniquely state interests. There is "no doctrine requiring abstention merely because resolution of a federal question may result in the overturning of a state policy." *New Orleans Public Service*, 491 U.S. at 363 (quotation omitted).[5] The principles of comity, and federalism are not of concern if the plaintiff facially challenges the defendants authority to regulate wetlands within incorporated villages. The plaintiff's facial challenge to the defendants jurisdiction, and the complaint is "not require[d] to be brought in state courts." *New Orleans Public Service*, 491 U.S. at 372. "[F]ederal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred." *Id*. at 368. The federal court "cannot abdicate their authority or duty in any case in favor of another jurisdiction.'" *Id.* at 358. "The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied." *Id*. at 358-59. The "federal courts' obligation to adjudicate claims within their jurisdiction as 'virtually unflagging.'" *Id.* at 359. The facial challenge to defendants authority, makes *Younger* abstention inapplicable.

## YOUNGER ABSTENTION DOES NOT APPLY TO MONEY DAMAGES

Exclusive of the lack of on-going state proceeding, lack of important state interest, and that this is a facial challenge to defendants legislation, abstention is also inappropriate

---

[5] In *Pesticide Public Policy Foundation v. Village of Wauconda*, 622 F. Supp. 423 (N.D. Ill. 1985) the statewide pesticide statutes gave regulatory and enforcement authority to agencies of state government. Notably absent from the state statutes was any provision delegating authority to villages. The village enacted an ordinance that imposed additional requirements on the application of pesticides. This court held that village ordinance invalid and enjoined the defendants from enforcing the ordinance. The Seventh Circuit affirmed.

as three of the five counts are for money damages. *Rivers v. McLeod*, 252 F.3d 99, 101-02

(2d Cir. 2001) ("application of the *Younger* doctrine is inappropriate where the litigant seeks

money damages for an alleged violation of § 1983"); *Alexander v. Ieyoub*, 62 F.3d 709, 713

(5th Cir. 1995) ("*Younger* abstention doctrine does not apply to a suit seeking only

damages"). The Supreme Court has not resolved question whether *Younger* precludes federal

damage suit if same matter is subject of pending state criminal proceeding. *See Deakins v.

Monaghan*, 484 U.S. 193, 202 n.6 (1988) ("not the subject of our grant of certiorari --

whether the *Younger* doctrine applies to cases in which only money damages are sought in

the federal forum."). *See also, AFCME v. Tristano*, 898 F.2d 1302, 1304 & n.3 (7th Cir.

1990) (noting that "Supreme Court has not reached the issue of whether the *Younger*

principle applies when only money damages are sought in federal court").

The defendants ask this court to abstain to all counts in the Amended Complaint,

including three counts seeking damages, providing another reason for not abstaining,

*Younger* abstention is inapplicable to the last three counts of the Amended Complaint.

### THE CASE PRESENTS EXCEPTIONAL CIRCUMSTANCES
### THAT WARRANT FEDERAL COURT JURISDICTION

The final threshold requirement for *Younger* abstention is that no extraordinary

circumstances exist which would make abstention inappropriate. Exclusive of the many

reasons identified above, lack of on-going state proceeding, lack of important state interest,

facial challenge to legislation, and that three claims are for money damages, this case also

presents exceptional circumstances that warrant federal court jurisdiction.

The defendant's have retaliated in their efforts to protect their nonexistent authority to regulate wetlands. (ECF Dkt #10, Verified Compl ¶ 67). The plaintiff obtained approval by the Village to bring fill onto the property. (Compl ¶ 47). The plaintiff's property has used the county road for access since the road was built over a half-century ago. (Compl ¶ 31, 45). Ten months ago, the defendants approved access to their county road for the plaintiff's subdivision. (Compl ¶ 45). Nonetheless, after the lawsuit was filed, the defendants linked their access permits with the wetland litigation, and would not issue access permits unless the litigation was resolved. (Compl ¶ 46, 48).

The plaintiff imported fill onto the "property during the first two weeks in June 2008." (ECF Dkt # 29 Ex. A, State Compl ¶ 21). The preliminary injunction motion was filed on June 17, 2008 (ECF Dkt # 11-12). The next day the defendants fenced the property. Later that day, the defendants appeared in this court and immediately sought more time to respond because they "had not had sufficient time to review the complaint" (ECF Dkt # 16, 19). Two days later, defendants filed their state action. (ECF Dkt # 29 Ex. A). The next business day, they email the state complaint to plaintiff's counsel, filed for abstention and set the same for hearing with one days notice, instead of required three day notice. (ECF Dkt # 25-27).

On Wednesday the defendants did not have "sufficient time to review the complaint" yet on Friday they had sufficient time to file a state complaint, in a clear effort to create a state filing in which to move for abstention. There was no urgency for the state filing. After all, the defendants had already sized the property, they fenced it and threatened to arrest

anyone who accessed the property. The only event that happened after the fence was put up, is that the preliminary injunction was filed and a hearing date set. *Younger* abstention, does not advance any notions of comity, but instead would rewarded the defendants for their retaliation against the plaintiff for filing the lawsuit challenging their clear lack of authority.

The defendants ask this court to abstain, however, abstention would reward the defendants retaliation. "An individual's constitutional right of access to the courts cannot be impaired, either directly or indirectly, by threatening or harassing an individual **in retaliation for filing lawsuits**." *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1428 (8th Cir. 1986) (complaint stated cause of action where alleged state officials conspired to condemn plaintiff's land in retaliation for a suit he filed against them in state court). "An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). "An action that would otherwise be permissible is unconstitutional if it is taken in retaliation for the exercise of the right of access to the courts." *Bradley v. Pittsburgh Bd of Ed.*, 910 F.2d 1172, 1177 (9th Cir 1990). See also*, Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983) (allegation that state and attorney general instituted a state action for malicious prosecution against plaintiff in retaliation for his suit against them states a constitutional claim).

In *Wooley v. Maynard*, 430 U.S. 705, 712 (1977) the plaintiff brought a federal action on First Amendment grounds, and held that injunctions are appropriate in "exceptional

circumstances" upon "a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights." In *Dombrowski v. Pfister*, 380 U.S. 479 (1965) the plaintiffs alleged that state laws were being used to harass them which justified a federal injunction to prevent the immediate, irreparable loss of federal constitutional rights. The "substantial loss of or impairment of freedoms of expression will occur if appellants must await the state court's disposition and ultimate review in this Court of any adverse determination. These allegations, if true, clearly show irreparable injury." *Id.* at 485-486.

The Seventh Circuit held in *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007) that "a district court should not abstain under *Younger* where: (1) the pending state proceeding was motivated by a desire to harass or is conducted in bad faith." In *Show-World Ctr., Inc. v. Walsh*, 438 F. Supp. 642, 649-51 (S.D.N.Y. 1977) the court found bad faith on part of city for selectively enforcing its ordinances. "The court feels that the principles of equity mandate federal adjudication of the issues raised in this case -- which include the bad faith enforcement of the New York City building code in order to suppress plaintiff's First Amendment rights." *Id.* at 651. See also, *Cullen v. Fliegner*, 18 F.3d 96, 104 (2d Cir. 1994) (bad-faith prosecution alone establishes irreparable injury); *Westin v. McDaniel*, 760 F. Supp. 1563, 1573 (M.D. Ga. 1991) aff'd, 949 F.2d 1163 (11th Cir. 1991) (finding bad faith in retaliatory prosecutions).

As shown above, the defendants lack authority to regulate the plaintiffs wetlands land within the incorporated village of Grayslake. See § 5-1062(k) ("county shall not enforce rules

and regulations" in "any municipality" with a consistent stormwater ordinance). Consequently, the defendants have no reasonable hope of prevailing in state court. The state complaint evidences prima facie harassment and bad faith. See *Perez v. Ledesma*, 401 U.S. 82, 118 n.11 (1971) (Brennan, J., concurring) ("Bad-faith harassment can, of course, take many forms, including where "there is no reasonable hope of obtaining a conviction."); *Shaw v. Garrison*, 467 F.2d 113, 119-20 (5th Cir. 1972) (perjury charge was in bad faith because no witnesses were available to testify against the person); *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86-88 (5th Cir. 1992) (bad faith prosecution based on repeated police harassment).

The principles of equity, comity, and federalism are not advanced by rewarding the defendants retaliation with an abstention, which will allow the defendants to delay indefinitely, while the plaintiff's property remains fenced. This court is not helpless to prevent such abuse. In *Mitchum v. Foster,* , 407 U.S. 225, 242-243, (1972), the Court stated that "[t]he very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights--to protect the people from unconstitutional action under color of state law."

In sum, the defendants fail to satisfy several of the requirements for *Younger* abstention. There is no on-going state proceeding, there is no important state interest, the challenge to their authority is a facial challenge to legislation, three of counts of the Amended Complaint are for money damages, and this case presents exceptional circumstances based on the allegations of retaliation which warrant federal court jurisdiction.

WHEREFORE, For all the foregoing reasons, the plaintiff prays that this Honorable

Court deny the defendants motion for abstention.


Dated: June 27, 2008                    Respectfully submitted,


                                        *Sebastian Rucci*

                                        Sebastian Rucci (ND IL No. 90785689)
                                        40 The Ledges, 3C
                                        Youngstown, Ohio 44514
                                        Phone: (330) 707-1182
                                        Fax:    (330) 707-1882
                                        Email: SebRucci@Gmail.com
                                        Attorney for the Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2008, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties via the Court's electronic filing system and

parties may access this filing through the Court's Case management/Electronic Case Files

(CM/ECF) found on the internet at https://ecf.ilnd.uscourts.gov.


                                        *Sebastian Rucci*

                                        Sebastian Rucci (ND IL No. 90785689)