UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMPUS INVESTMENTS, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LAKE COUNTY STORMWATER )<br>MANAGEMENT COMMISSION, and )<br>LAKE COUNTY, ILLINOIS, )<br>)<br>Defendants. )<br>) | Case No. 08-cv-3046<br><br>Judge George W. Lindberg<br><br>Magistrate Judge Arlander Keys |

**MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW the plaintiff Campus Investments Inc., and hereby moves this Court for summary judgment against the defendants on Count One (Declaratory Relief), on the grounds that the plaintiff is entitled to judgment as a matter of law and that there are no genuine issues of material fact, and in support states the following unto this Honorable Court:

This motion is based upon the grounds set forth below, the Verified Amended Complaint, the accompanying Affidavit of Greg Waller, the Statement of Material Facts, and the Memorandum in Support, and upon such evidence and arguments as may be had at the hearing on this motion. The motion is based on the following:

The defendants regulate wetlands inside villages pursuant to 55 ILCS 5/5-1062. The legislative purpose is identified in § 5-1062(a) as floodplain and stormwater management. The state statute comprises 2,504 words, and uses the word "stormwater" fifty-one times, the

word "wetland" is notably absent from its language. The defendants flagrant misreading of the state statute is shown by § 5-1062(k) which mandates that "the **county shall not enforce** rules and regulations adopted by the county in any municipality" that has a consistent "stormwater management ordinance." The defendants instead regulate wetlands within the Village of Grayslake, which has a stormwater ordinance, in direct conflict with § 5-1062(k).

The state enabling legislation permits the enactment of "rules and regulations for **floodplain management** and for governing the location, width, course and release rate of all **stormwater runoff** channels, streams and basins in the county." § 5-1062(f). The statute limits the county's authority to **"inspecting stormwater facilities**." § 5-1062(j). The defendants have expanded this limited stormwater authority, and instead regulate wetlands, soil erosion, grading, and municipal planning. The defendants even rely on this limited stormwater authority to license village engineers, wetland scientists and erosion inspectors.

There are no genuine issues of material fact, and Campus is entitled to judgment as a matter of law. The regulation of wetlands within incorporated villages conflicts with the legislative purpose identified in § 5-1062(a), and an unlawful expansion of the limitation of regulation to stormwater in § 5-1062(f), and an unlawful expansion of the limitation of inspections to only stormwater in § 5-1062(j), and in direct conflict with § 5-1062(k) by retaining jurisdiction after a municipality has adopted a consistent stormwater ordinance.

The plain reading of § 5-1062(a), (f), (j) and (k) confirms that the regulation of wetlands within incorporated villages is on it's face plainly invalid, and the defendants lack extraterritorial powers to regulate wetlands on the plaintiff's property.

WHEREFORE, Campus Investments prays that this Honorable Court enter summary judgment in its favor on Count One and enter an order declaring that the provisions in the WDO that regulate isolated wetlands within incorporated villages (Art IV § E) are an improper extension of the power granted to the Defendants under 55 ILCS 5/5-1062, and therefore, invalid, unenforceable and unconstitutional as applied to the plaintiff's Property.

Dated: July 1, 2008               Respectfully submitted,

*/s/ Sebastian Rucci*
Sebastian Rucci (ND IL No. 90785689)
40 The Ledges, 3C
Youngstown, Ohio 44514
Phone: (330) 707-1182
Fax:    (330) 707-1882
Email: SebRucci@Gmail.com
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system and parties may access this filing through the Court's Case management/Electronic Case Files (CM/ECF) found on the internet at https://ecf.ilnd.uscourts.gov.

*/s/ Sebastian Rucci*
Sebastian Rucci (ND IL No. 90785689)