**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAMPUS INVESTMENTS, INC.** | ) | |
| | ) | |
| **Plaintiff ,** | ) | |
| **v.** | ) | **Case No. 08 CV 3046** |
| | ) | |
| **LAKE COUNTY STORMWATER** | ) | **Judge George W. Lindberg** |
| **MANAGEMENT COMMISSION, and** | ) | |
| **LAKE COUNTY, ILLINOIS,** | ) | **Magistrate Judge Arlander Keys** |
| | ) | |
| **Defendants.** | ) | |

**JOINT MOTION TO REASSIGN**

Defendants, Lake County Stormwater Management Commission ("SMC") and County of

Lake ("County"), by and through their counsel of record, Michael J. Waller, Lake County State's

Attorney, and Lisle A. Stalter, Assistant State's Attorney, and James Bakk, Special Assistant

State's Attorney, file this joint motion to reassign pursuant to Rule 40.4 of the United States

District Court Northern District of Illinois and respectfully ask that the Court reassign case

number 08 C 3835 to this court's calendar and in support thereof states:

1.      A case may be reassigned to the calendar of another judge if it is found to be

related to an earlier-numbered case assigned to that judge and the following criteria are met:

a.      both cases are pending in this Court;

b.      the handling of both cases by the same judge is likely to result in a
substantial saving of judicial time and effort;

c.      the earlier case has not progressed to the point where designating a later
filed case as related would be likely to delay the proceedings in the earlier
case substantially; and

d.      the cases are susceptible of disposition in a single proceeding.

1

N.D. Ill. Rule 40.4 (2008).

2.      Campus Investments, Inc. claims to be the owner of approximately 28 acres of undeveloped real property in Lake County, Illinois which it seeks to develop with a 25-lot subdivision (the "Subject Property").

3.      A complaint was filed in the above captioned case, by Campus Investments, Inc., on May 27, 2008 and an amended complaint was filed on June 17, 2008.  The amended complaint names Lake County Stormwater Management Commission ("SMC") and Lake County ("County") as defendants and challenges the jurisdiction of SMC and the County over wetlands and asserts access permits from the County Department of Transportation have been unconstitutionally denied.

4.      Over the Memorial Day weekend, May 24-26, 2008, and prior to the filing of this suit, and without obtaining the necessary permits from SMC or the County, Campus Investments and its contract purchaser, Zero Energy Estates, LLC, performed extensive grading work on the Subject Property, filling or impacting wetlands existing on the Subject Property.  In the weeks after the filing of the instant action, Plaintiff, or its employees, agents, or contractors, proceeded to bring additional truckloads of fill onto the Subject Property and modified and expanded the access into the Subject Property from Rollins Road, a County highway.

5.      On June 20, 2008, the County and SMC filed their Verified Complaint for Violation of Ordinance in the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois, Case No. 08 CH 2376, seeking injunctive and declaratory relief and fines from Campus Investments, Inc. and Zero Energy Estates, LLC (the self-identified contract purchaser of the Subject Property) for violating the County's Highway Access Regulation Ordinance and the

SMC's Watershed Development Ordinance by modifying and expanding a County highway access without obtaining the necessary permits and approvals from the County and by grading and impacting Waters of Lake County ("Wetlands") without obtaining the necessary permits and approvals from SMC.

6.      On June 30, 2008 Campus Investments filed a Notice of Removal under this case caption.  On July 1, 2008 this Court struck the Notice of Removal as being improperly filed.

7.      On July 3, 2008 Campus Investments and Zero Energy Estates filed a Notice of Removal of Civil Action to District Court (28 U.S.C. Sec. 1441) and such notice was given case number 08 C 3835 and assigned to Judge Shadur.[1]  (Exhibit 1).  Even so, as of July 8, 2008 no notice of removal including Zero Energy Estates was filed with the Nineteenth Judicial Circuit. (See Exhibit 2.)

8.      Both the above captioned case and the removed case involve the same parcel of property and essentially the same parties (the removed case includes Zero Energy Estates, a contract purchaser of the Subject Property and applicant for the conditional access permit but who is not named as a plaintiff in the above captioned case).

9.      Both cases deal with the enforcement or challenge of the enforcement of the SMC's Watershed Development Ordinance and the Lake County's Highway Access Regulation Ordinance.

10.     Both cases involve the development of the same property.

---

[1] SMC and the County are in the process of preparing a motion to remand the removed case as it is a quasi-criminal action which is not removable and no diversity exists.  *Georgia v. Fleck & Assocs.*, 622 F. Supp. 256 (D.C. Ga. 1985).

11.     Each of the conditions of reassignment are met.  Although there is a Motion for Abstention on file, no order has been entered on such.  Thus, if the notice of removal is deemed to be sufficient (even though the filing in the Nineteenth Judicial Circuit does not include all named defendants to that action), then the filing of such results in both of the related cases pending before this Court.  As the issues in both cases surround the same ordinances, essentially the same parties and the same property development handling the two cases together will be a substantial savings of judicial time and effort.  As this case is still in the preliminary motion stage and no answer has been required yet there will be no delay in its proceedings.  And, as both cases involve application of the same ordinances, with respect to the same parties and the same property development they are best dealt with in a single proceeding.

WHEREFORE, the defendants SMC and the County of Lake respectfully request that the joint motion for reassignment be granted and case number 08 C 3835 be reassigned to this Court.

Respectfully submitted,
LAKE COUNTY, ILLINOIS
Defendant

MICHAEL J. WALLER
State's Attorney of Lake County

s/Lisle A. Stalter
Assistant States Attorney

s/James C. Bakk
Special Assistant State's Attorney
for Defendant, Lake County SMC

Michael J. Waller
State's Attorney of Lake County
Lisle A. Stalter, #06242950
Assistant State's Attorney
18 North County Street, 3rd Floor

4

Waukegan, IL 60085
(847) 377-3050

James Bakk
Special Assistant State's Attorney
200 North M.L. King Avenue, Suite 206
Waukegan, Illinois 60085
(847) 249-9900

## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

LAKE COUNTY STORMWATER MANAGEMENT COMMISSION, and LAKE COUNTY, ILLINOIS

**DEFENDANTS**

CAMPUS INVESTMENTS, INC and ZERO ENERGY ESTATES, LLC

**(b)** County of Residence of First Listed Plaintiff  Lake County, Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Mahoning County, Ohio
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lisle Stalter, 18 North County Street, 3rd Floor, Waukegan, IL 60085
Phone: (847) 377-3050; Email: lstalter@co.lake.il.us

Attorneys (If Known)
Sebastian Rucci, 40 The Ledges, 3C, Youngstown, Ohio 44514
Phone: (330) 707-1182, Fax:  (330) 707-1882
Email: SebRucci@Gmail.com

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [x] 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (excl. vet.) | [ ] 345 Marine Product Liability | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | [ ] 690 Other | | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Inj. / [ ] 371 Truth in Lending | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodity/Exch. |
| [ ] 195 Contract Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 ADA—Employment / [ ] 540 Mandamus & Other | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [x] 290 All Other Real Property | [ ] 446 ADA — Other / [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

Jurisdiction is pursuant to 28 U.S.C. § 1441(b). Plaintiffs exceed their authority in regulating development in a village.

### VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a Judge of this Court. Use a separate attachment if necessary)

### VIII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [x] No

**IX. This case**
- [x] is not a refiling of a previously dismissed action.
- [ ] is a refiling of case number _____, previously dismissed by Judge _____

FILED: JULY 3, 2008
08CV3835

DATE  July 3, 2008

SIGNATURE OF ATTORNEY OF RECORD  *Sebastian Rucci*

JUDGE SHADUR
MAGISTRATE JUDGE MASON
MKH

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CAMPUS INVESTMENTS, INC.,          )
                                   )          FILED: JULY 3, 2008
        Plaintiff,                 )   Case No.   08CV3835
v.                                 )          JUDGE SHADUR
                                   )   Judge   MAGISTRATE JUDGE MASON
LAKE   COUNTY   STORMWATER         )          MKH
MANAGEMENT COMMISSION, and         )   Magistrate
LAKE COUNTY, ILLINOIS,             )
                                   )
        Defendants.                )
_____)

### NOTICE OF REMOVAL OF
### CIVIL ACTION TO DISTRICT COURT (28 U.S.C. § 1441)

COMES NOW Campus Investments, Inc, and Zero Energy Estates, LLC and pursuant

to 28 U.S.C. § 1441 file this notice of removal of the lawsuit filed on June 20, 2008 in the

Circuit Court for Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 08-CH-2376,

titled *County of Lake, et. al, v. Campus Investments, et. al.,* and represents as follows:

1.      This court has jurisdiction over this proceeding pursuant to 28 USC § 1441(b).

2.      On May 27, 2008 Campus Investments, Inc, ("Campus") filed a complaint in

this court docketed as Case No. 08-cv-3046, against Lake County and Lake County

Stormwater Management Commission (collectively "Lake County") the case is now pending

before Senior District Judge George Lindberg.

3.      On May 29, 2008 Lake County was served the summons and complaint (ECF

Dkt #6 in 08-cv-3046). On June 17, 2008 a verified amended complaint was filed alleging

that Lake County retaliated against Campus for filing the complaint challenging it's wetland

1

authority, and that Lake County denied access and linked the right to access with the resolution of the litigation. (ECF Dkt # 10). Also, on June 17, 2008 a preliminary injunction was filed, along with a notice of hearing. (ECF Dkt # 11-13). On June 18, 2008 a temporary restraining order was filed after Lake County fenced the property to prevent all access to the property. (ECF Dkt # 14). Later that day, attorneys entered appearances for Lake County and SMC. (ECF Dkt # 15, 18). On June 20, 2008 the TRO was denied (ECF Dkt # 23).

4.     On June 20, 2008 Lake County and Lake County Stormwater Management Commission (collectively "Lake County") filed a lawsuit against Campus Investments ("Campus"), and Zero Energy Estates, LLC, in the **Circuit Court for the Nineteenth Judicial Circuit, Lake County**, Illinois, Case No. 08-CH-2376, titled *County of Lake, et. al, v. Campus Investments, et. al.* ("State Complaint" copy attached as Exhibit A).

5.     This **case is properly before this Court pursuant to 28 U.S.C. § 1441(b)**. Campus Investments, Inc. is incorporated in, and has its principal office in Ohio. Zero **Energy Estates, LLC which has nothing to do with this litigation**, is incorporated in and has its principal office in Missouri. Lake County and SMC, are political corporations from Illinois. The value of the property exceeds $1 million. (ECF Dkt # 10).

6.     28 U.S.C. § 1446(a) provides that a defendant "desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal signed . . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." This notice contains the grounds for removal, and the state complaint is attached.

2

7.    28 U.S.C. § 1446(b) provides that the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . ." This notice of removal is filed well within the thirty day period (State Complaint filed on June 20, 2008).

8.    28 U.S.C. § 1446(d) provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which **shall effect removal and the State court shall proceed no further** unless and until the case is remanded." Copies of this removal notice have been filed with the state court and copies served on Lake County and SMC pursuant to 28 U.S.C. § 1446(d).

9.    Zero Energy Estates, LLC has no interest in this controversy. According to the State Complaint. Campus "is the owner" of 28 acre parcel at issue. (State Compl. ¶ 3). Lake County sent a letter to Campus asking them to obtain a permit from Lake County. (ECF Dkt #10, Verified Amend. Compl ¶ 35, Ex. C). Campus sought approval for the no wetland impact letter. (*Id.* ¶ 35). All village permits for subdivision and development of the property were issued to Campus. (*Id.* ¶ 34). The approval to bring fill into the property is issued to Campus. (*Id.* ¶ 47). The responses from Lake County were all issued to Campus engineer. (State Complaint Ex. A, B and C). Lake County's affidavit presented at the TRO hearing, confirmed that the application for access was from Campus. (Duckert Aff. ¶ 4-6).

10.    Zero Energy Estates, LLC has no basis for being included as a defendants in the State Complaint. The Sate Complaint alleges that "Zero Energy Estates, LLC represents itself to be the contract purchaser" of the property. (State Compl. ¶ 4). Zero Energy is not the contract purchaser, and has no right of possession of the property, hence, it is unclear what purpose Lake County had in naming Zero Energy as a defendant. See *Gottlieb v. Westin*

*Hotel Co.*, 990 F.2d 323, 328 (7th Cir. 1993) ("it is unclear what purpose [plaintiff] had in naming the limited partnerships as defendants in this action" the "limited partnerships played no role in the creation or sale of the partnership units.")

11.     Moreover, a contract purchaser without "a possessory interest" lacks "standing to maintain this action questioning the validity of the ordinance." *Clark Oil & Refining Corp. v. City of Evanston*, 177 N.E.2d 191, 192 (Ill. 1961). Lake County argued this in *Metroweb v. County of Lake*, 474 N.E.2d 900, 902 (Ill. App. 1985) where "the county of Lake, moved to dismiss the complaint on the basis that plaintiff lacked standing to bring the action because under the provisions of the agreement, plaintiff was not obligated to pay rent unless the necessary zoning approval was granted by the county and thus, did not have a 'possessory interest' in the property." The court agreed and dismissed the complaint. *Id.*

12.     Zero Energy Estates has no genuine interest in this controversy. See *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 328 (7th Cir. 1993) (fraudulent joinder established to "limited partnerships played no role in the creation or sale of the partnership units."); *Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 654-55 (7th Cir. Ill. 1992) (defendant "had absolutely nothing to do with any roof-bolters" that caused plaintiff's injury "is sufficient to establish fraudulent joinder."); *Bodine's, Inc. v. Federal Ins*. Co., 601 F. Supp. 47, 49-50 (N.D. Ill. 1984) (plaintiffs could not possibly recover contract damages from defendants who were not parties to contract); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 94, 96-98 (1921) (defendant was not present at all when the plaintiff was injured); *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 183-85 (1907) (defendant was merely a draftsman with no responsibility for designing the machine at issue).

### ALTERNATIVE BASIS FOR REMOVAL (RETALIATION)

13.     An alternative basis for removal is found in 28 U.S.C. § 1441(b) which permits

the removal of any "civil action of which the district courts have original jurisdiction founded

on a claim or right arising under the Constitution, treaties or laws of the United States shall

be removable without regard to the citizenship or residence of the parties."

14.     This court has original jurisdiction because the State Complaint is a retaliatory

filing in response to the original lawsuit challenging Lake County's regulation of wetlands

in the first instance. The underlying dispute arises over Lake County's **regulation of**

**wetlands without statutory authority**. Lake County has retaliated against Campus for

challenging it's wetland authority. Lake County has linked the preservation of wetlands, with

the right of access to the property. Lake County has denied Campus access to it's property,

and has taken the extraordinary step of **fencing the property** to prevent all access and use.

15.     After the federal complaint was filed in 08-cv-3046, Campus imported fill onto

the "property during the first two weeks in June 2008." (Ex. A, State Compl. ¶ 21). Campus

sought from Lake County, an access permit, which was approved ten months earlier, Lake

County linked the access permit with wetland preservation. (ECF Dkt #10, Verified Amend.

Compl ¶ 45-46). The Lake County Highway Access Reg. Ord.§ 3.12 states that the "County

Engineer shall also have the **authority to delay the issuance of permits** if the property. . .

has not complied with the provisions of the Access Ordinance or **any other ordinance**,

statute, regulation or administrative order **that may apply to such property**." Lake County

has in effect linked the right of access with giving up wetlands without compensation. See

*Dolan v. City of Tigard*, 512 U.S. 374, 385 (1994) (unconstitutional condition give up right

to receive just compensation when property is taken in exchange for access to property).

5

16.    On June 17, 2008 Campus filed a Verified Amended Complaint, alleging that Lake County linked the right to access the property to agreeing to their wetland regulations. (Verified Amend. Compl. ¶ 46, 48). Lake County denied access in retaliation "for suing the Defendants over the regulation of isolated wetlands." (Am. Compl ¶ 67). Lake County seeks "to chill the assertion of constitutional and statutory rights, by forcing developers to give up their rights to develop isolated wetlands or face retaliatory denials of their project in violation of the First Amendment . . . which is actionable under 42 U.S.C. § 1983." (Am. Compl ¶ 68). "The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights--to protect the people from unconstitutional action under color of state law." *Mitchum v. Foster* 407 U.S. 225, 242-43 (1972).

17.    On June 17, 2008 Campus also filed a preliminary injunction motion to obtain access to the property. (ECF Dkt # 11). The next day, on June 18, 2008, Lake County **fenced the property**, under threat of arrest, preventing all access and use. (Dkt # 37, Aff. ¶ 13-18). Later that day, on June 18, 2008, Campus filed a TRO to obtain access. (ECF Dkt #14).

18.    Within hours after the TRO was filed, Lake County entered an appearance, and immediately moved for more time to respond stating it was "in the process of reviewing the complaint" and "has not had sufficient time to review the complaint" and the "records relating to the plaintiff." (ECF Dkt #16). However, two days later, on June 20, 2008, after the hearing on the TRO was held, Lake County found time to file the State Complaint, and then immediately moved for abstention, with only one days notice. (ECF Dkt # 25-27).

19.    On Wednesday June 18, 2008 Lake County did not have "sufficient time to review the [federal] complaint" yet on Friday June 20, 2008 Lake County has sufficient time

to file a State Complaint, in a clear effort to create a state filing in which to move for abstention. The State Complaint alleges that the wetland were filled on May 24-26, 2008 (State Compl. ¶ 18). There was no urgency on June 20, 2008, Lake County seized the property, they fenced it and prevented all use, the also threatened to arrest anyone who accessed the property. (ECF Dkt # 37, Aff. ¶ 13-18). The only event after the fence was put up, is the injunction hearing was filed and set for hearing.

20.    The **timing of the State Complaint** is no coincidence. According to the State Complaint, on May 24-26, 2008 the wetlands are filled. On May 27, 2008, the federal complaint is filed. On June 17, 2008 the Amended Complaint alleging retaliation is filed, along with a preliminary injunction. The next morning, Lake County **fences the property**, under threat of arrest. Campus files for a TRO, and two days later (right after the hearing) Lake County files the State Complaint and immediately moves for abstention.

## THE STATE COMPLAINT IS FILED FOR HARASSMENT IN BAD FAITH

21.    As explained below, Lake County lacks authority to regulate wetlands within the incorporated village of Grayslake. Consequently, Lake County has no reasonable hope of prevailing in state court which evidences **prima facie harassment and bad faith**.

22.    Lake County regulates wetlands inside villages pursuant to 55 ILCS 5/5-1062. The legislative purpose is identified in § 5-1062(a) as floodplain and stormwater management. The state statute comprises 2,504 words, and uses the word "stormwater" fifty-one times, the word "wetland" is absent from its language.

23.    Lake County's lack of authority is displayed by § 5-1062(k) which mandates that "the **county shall not enforce** rules and regulations adopted by the county in any municipality" that has a consistent "stormwater management ordinance."

24.    Each of the three letter exhibits attached to the State Complaint confirm that "Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO." (State Compl. Ex. A, B and C). Nonetheless, Lake County's "approval of isolated wetland impacts (or a no wetland impact determination) is required prior to the Village's issuance" of a permit. A permit is required for direct or indirect impacts, if "no direct or indirect impacts" will occur, a no impact letter from Lake County is required. (*Id.*).

25.    The state statute further limits Lake County's authority to adopting "rules and regulations for **floodplain management** and for governing the location, width, course and release rate of all **stormwater runoff** channels, streams and basins in the county." § 5-1062(f). Lake County has expanded the strictly construed state statute to include the regulation of wetlands, soil erosion, and municipal planning. Lake County's essentially a boundless view of the scope of its power is demonstrated by their reliance on the stormwater statute to license village engineers, wetland scientists and erosion inspectors.[1]

26.    The state statute limits Lake County's right to enter property "for the purpose of **inspecting stormwater facilities** or causing the removal of any obstruction to an affected

---

[1] Lake County's regulation of wetlands within incorporated villages also conflicts with the exclusive power of villages to establish "standards of design for subdivisions" including requirements for "storm water drainage." (65 ILCS 5/11-12-5). Villages also have exclusive zoning power within "within the corporate limits" of the municipality, including the power to "establish, regulate and limit. . . storm or floodwater runoff channel or basin." (65 ILCS 5/11-13-1). The County Code limits the county's subdivisions power to land "not being within" any "village." (55 ILCS 5/5-1041). The county's zoning power is similarly limited to the "entire county outside the limits" of "villages." (55 ILCS 5/5-12001). County building permits are limited to areas "located outside the limits" of "villages." (55 ILCS 5/5-1063).

watercourse." § 5-1062(j). Lake County demonstrates remarkable reluctance in applying the simple language of the statute and expands the limited inspection authority and demands "wetland compliance inspections." (State Compl. Ex. A, B and C).

27.   The plain language of § 5-1062(a), (k), (f) and (j) confirms that Lake County regulates outside their authority and in direct conflict with the explicit statutory language. "Counties . . . shall have only powers granted to them by law." Ill. Const. Art. VII § 7. The "powers" of "counties, are **not to be enlarged**" but "**strictly construed** against the governmental entity." *Inland Land Appreciation Fund v. County of Kane*, 800 N.E.2d 1232, 1236 (Ill. App. 2003). It is not proper "to **depart from plain language** by reading into a statute exceptions, limitations, or conditions which **conflict** with the clearly expressed legislative intent." *County Knox v. The Highlands, L.L.C.*, 723 N.E. 2d 256, 263 (Ill. 1999).

28.   Lake County lacks authority to regulate the plaintiffs wetlands within the incorporated village of Grayslake. See § 5-1062(k) ("county shall not enforce rules and regulations" in "any municipality" with a consistent stormwater ordinance). Lake County has no reasonable hope of prevailing which evidences prima facie harassment and bad faith. See *Perez v. Ledesma*, 401 U.S. 82, 118 n.11 (1971) (Brennan, J., concurring) (Bad-faith harassment can, of course, take many forms, including where "there is no reasonable hope of obtaining a conviction."); *Shaw v. Garrison*, 467 F.2d 113, 119-20 (5th Cir. 1972) (perjury charge was in bad faith because no witnesses were available to testify against the person).

29.   The denial of access, the fencing of the property and the filing of the State Complaint are a **pattern of continued harassment and retaliation** for filing the pending

federal litigation. "An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). "An action that would otherwise be permissible is unconstitutional if it is taken in retaliation for the exercise of the right of access to the courts." *Bradley v. Pittsburgh Bd of Ed.*, 910 F.2d 1172, 1177 (9th Cir 1990). See also, *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1428 (8th Cir. 1986) (state officials conspired to condemn plaintiff's land in "retaliation for filing lawsuits"); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983) (state attorney instituted action for malicious prosecution in retaliation for suit against them); *Show-World Ctr., Inc. v. Walsh*, 438 F. Supp. 642, 649-51 (S.D.N.Y. 1977) (court found "bad faith enforcement of the New York City building code in order to suppress plaintiff's First Amendment rights.")

WHEREFORE, pursuant to 28 U.S.C. § 1441 the recently filed lawsuit in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 08-CH-2376, titled *County of Lake, et. al, v. Campus Investments, et. al.*, is hereby removed to this Honorable Court for further proceedings.

Dated: July 3, 2008                    Respectfully submitted,

*Sebastian Rucci*

Sebastian Rucci (ND IL No. 90785689)
40 The Ledges, 3C
Youngstown, Ohio 44514
Phone: (330) 707-1182
Fax:    (330) 707-1882
Email: SebRucci@Gmail.com
Attorney for Campus Inv. and Zero Energy

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties via the Court's electronic filing system and

parties may access this filing through the Court's Case management/Electronic Case Files

(CM/ECF) found on the internet at https://ecf.ilnd.uscourts.gov. A copy was also emailed to

Daniel Jasica at djasica@co.lake.il.us, and to Lisle Stalter at lstalter@co.lake.il.us and to

James Bakke at lojbakk9876@sbcglobal.net.

Sebastian Rucci (ND IL No. 90785689)

DUPLICATE ORIGINAL **SUMMONS**

## IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

COUNTY OF LAKE and LAKE COUNTY )
STORMWATER MANAGEMENT )
COMMISSION )
                                 )
                                 )
                                 )
                 **Plaintiffs**)      No. _____
                **vs.**        )
                                 ) CAMPUS INVESTMENTS, INC.
CAMPUS INVESTMENTS, INC. and ) c/o Sebastian Rucci
ZERO ENERGY ESTATES, LLC. ) 40 The Ledges, 3C
                                 ) Youngstown, Ohio 44514
                                 )
                                 ) 08CV3835
                    **Defendants**) JUDGE SHADUR
                                 MAGISTRATE JUDGE MASON

08 CH 2376

MKH

**To each of the above-named defendants:**

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

                                          **WITNESS SALLY D. COFFELT.** Clerk of
                                        said Circuit Court, and the seal thereof at
                                         Waukegan, Illinois, this _____ day of
      **SEAL**                             JUN 2 _____ A.D., 20 ____
      **OF**
      **COURT**                                _Sally D. Coffelt_
                                          **SALLY D. COFFELT,** Clerk

                                        **Plaintiff's Attorney:**
                                        **(or plaintiff, if he be not represented by**
                                        **attorney)** Daniel L. Jasica #6237373
                                        Assistant State's Attorney
**Date of Service:** _____, 20 ____   **Address** 18 N. County St., Waukegan, IL
**(To be inserted by officer on copy left with defendant or**   **Telephone** (847) 377-3050
**other person.)**

                                                       171-138 Rev 8/00

STATE OF ILLINOIS          )
                           ) ss
COUNTY OF LAKE             )

                                IN THE CIRCUIT COURT OF THE NINETEENTH
                                JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

COUNTY OF LAKE and LAKE COUNTY )
STORMWATER MANAGEMENT          )
COMMISSION                     )
          Plaintiffs,          )
                               )
     vs.                       )          General No. 08 CH
                               )
                               )
CAMPUS INVESTMENTS, INC. and   )
ZERO ENERGY ESTATES, LLC       )
                               )
                               )
          Defendants.          )
                               )

## VERIFIED COMPLAINT FOR ORDINANCE VIOLATIONS
## SEEKING INJUNCTIVE RELIEF AND MONETARY FINES

Plaintiffs, County of Lake and Lake County Stormwater Management Commission, by

and through their counsel, Michael J. Waller, State's Attorney of Lake County, and Daniel L.

Jasica and Lisle Stalter, Assistant State's Attorney, and James Bakk, Special Assistant State's

Attorney complains of Defendants Campus Investments, Inc. and Zero Energy Estates, LLC and

allege as follows:

1.     Plaintiff County of Lake ("County") is a body politic and corporate of the State of

Illinois.

2.     Plaintiff Lake County Stormwater Management Agency ("SMC") is an agency of

Lake County established pursuant to 55 ILCS 5/5-1062.

3.     Defendant Campus Investments, Inc. ("Campus") is the owner of an

1

approximately 28-acre parcel of undeveloped property located at 21157 West Rollins Road, Grayslake, Illinois, PIN 06-15-200-018 (the "Subject Property").

    4.      Zero Energy Estates, LLC ("Zero") represents itself to be the contract purchaser of the Subject Property.

    5.      Venue is proper in this Court pursuant to Section 2-101(2) and 2-102(a) of the Illinois Code of Civil Procedure, 735 ILCS 5/2-101(2) and 5/2-102(a).

    6.      Commencing over the Memorial Day weekend, May 24-26, 2008, and continuing thereafter, grading and other development activities occurred on the Subject Property and fill material has been brought onto the Subject Property from Rollins Road, dumped, and bulldozed into existing wetlands on the Subject Property, without the necessary highway access permits from the Lake County Division of Transportation ("LCDOT") or the necessary permits and approvals from SMC.

    8.      This conduct by or at the direction of Campus and Zero violates the Lake County Highway Access Regulation Ordinance and the SMC Watershed Development Ordinance for which the County and SMC seek injunctive relief and monetary fines from the Defendants.

<u>COUNT I-Violations of the Watershed Development Ordinance</u>

1-8. SMC restates and realleges Paragraphs 1-8 above as and for Paragraphs 1-8 of this Count I of this Complaint as if fully set forth herein.

9. That, at all times pertinent to this action, there was and is in full force and effect a Lake County Watershed Development Ordinance ("WDO"), which provides county-wide minimum stormwater management rules and regulations relating to development or improvement of real property in Lake County, Illinois.

2

10. That the Subject Property consists of approximately 28 acres, upon which is located

an Isolated Waters of Lake County (hereinafter "wetlands"), as defined in the WDO (Appendix

A), consisting of approximately 16.5 acres.

11. That the Village of Grayslake is not certified to administer the Wetlands provisions

of the WDO, and, therefore, the WDO Wetlands provisions are administered by SMC.

12. That WDO, Art. IV, §A.(1), provides:

> No person ... shall commence any development regulated by this Ordinance
> on any lot or parcel of land without first obtaining a Watershed Development
> Permit from the (SMC) ... A Watershed Development Permit is required for
> any development ... which:
>
> > (d) Creates a wetland impact within an area defined as ... Isolated
> > Waters of Lake County; ....

13. That WDO, Art. IV, § E (2)(c) specifies certain of the Watershed

Development Permit submittal requirements for proposed developments with wetland impacts

to Isolated Waters of Lake County.

14. Defendants, knowing of WDO permit requirements, submitted to SMC on March 8,

2007 a General Development Plan for the Subject Property, as well as a wetland delineation

report, prepared by Christopher B. Burke Engineering, Ltd. (CBBEL). On April 2, 2007, the

SMC sent to Defendants, or their representatives, a review letter which identified the Subject

Property as having Isolated Waters of Lake County located thereon. (A copy of the April 2, 2007

SMC letter is attached hereto, marked Exhibit A, and incorporated by reference.)

15. Defendants' next contact with the SMC was an August 2, 2007 requesting a Letter of

No Wetland Impact determination from the SMC. By a letter dated August 17, 2007, the SMC

responded to Defendants, or their representatives, advising that a grading plan showing the

surveyed wetland boundary was required. (A copy of the SMC August 17, 2007 letter is attached, marked Exhibit B, and incorporated by reference.)

16. On January 9, 2008, Defendants submitted to the SMC updated plans for the development of the Subject Property, along with a revised wetland hydrology analysis. By a letter dated February 13, 2008, the SMC responded to Defendants' submittals by, among other things, noting that the wetland limits shown on the grading plan do not coincide with the wetland boundaries shown in the CBBEL wetland delineation report. The SMC advised Defendants that review of the wetlands submittals could not proceed until the delineated wetland boundary was reviewed in the field. The SMC asked Defendants to re-stake the wetland boundary and call for a site inspection. (A copy of the February 13, 2008 SMC letter is attached, marked Exhibit C, and incorporated by reference.)

17. Defendants did not respond to the SMC February 13, 2008, request for a field review of the wetland boundary.

18. Over the Memorial Day weekend, on or about May 24-26, 2008 Defendants, or their agents, contractors, or representatives, commenced grading on the Subject Property and filled in or impacted approximately 2.5 acres of the Isolated Waters of Lake County on the site.

19. Defendant(s) actions in commencing development activities on the Subject Property, without a properly issued Watershed Development Permit, on or about May 24-26, 2008, and thereafter, constitute a violation of the WDO permit requirements.

20. On Tuesday, May 27, 2008 the Village of Grayslake issued a stop work order to Defendant(s).

21. Other development activity, including additional importation of fill, has been

4

performed on the Subject Property during the first two weeks of June 2008, in further violation of

WDO permitting requirements.

22. That SMC has no adequate legal remedy to effectuate the replacement or restoration

of the wetlands that Defendants have caused to be filled in knowing violation of applicable

county-wide minimum WDO permitting requirements and regulations relating to isolated waters

of Lake County.

WHEREFORE, Plaintiff Lake County Stormwater Management Commission prays that

this Honorable Court:

A) enter a preliminary injunction and, after trial, a permanent injunction against

Defendants, enjoining Defendants to cease and desist from any development activities on the

Subject Property unless and until after all required WDO permits have been first obtained;

B) enter a preliminary injunction and, after trial, a permanent injunction against

Defendants, that Defendants be ordered to restore the filled or impacted wetlands in accordance

with WDO requirements, or to replace the filled or impacted wetlands with newly established

wetlands of a size, hydrology, and function as provided in the applicable mitigation provisions of

the WDO;

C) that the Defendants be fined $1,000 for each day that the Court finds that a violation

has existed; and,

D) for such other or further relief as is just and equitable under the circumstances.

COUNT II-Violations of the Lake County Highway Access Regulation Ordinance

9. The County restates and realleges Paragraphs 1 through 8 above as and for

Paragraphs 1 through 8 of this County II of this Complaint, as though fully set forth herein.

5

10.     Rollins Road is a county highway owned and operated by the Lake County Division of Transportation.  The Subject Property abuts the south side of the Rollins Road right-of-way.

11.     Prior to the recent events, a seasonal dirt farm field access for farm equipment existed on the Subject Property.  On or about June 14, 2008, the existing dirt access was expanded, modified, and improved by Defendants, or their agents, contractors, or representatives, with multiple loads of fill and topped with course gravel to allow construction equipment to enter the Subject Property.

12.     Pursuant to its statutory authority set forth at 605 ILCS 5/5-413 and 605 ILCS 8/801, the County has adopted the Lake County Highway Access Regulation Ordinance (the "Access Ordinance"), in effect at all relevant times, which regulates access to and from County highways, such as Rollins Road.

13.     Pursuant to Section 4 of the Access Ordinance:

An access permit shall be required for the construction of any new access facility or the modification of any existing access facility within the right-of-way of a County Highway when the work is to be done by any person or public agency other than Lake County or when the use of an existing facility is changed.

14.     Section 2.4 of the Access Ordinance defines an "access facility" as "[a] private or public driveway or road providing service to and/or from abutting property to a highway."

15.     Defendants have violated and continue to violate the Access Ordinance by modifying, expanding, altering, and changing the use of an access facility without having obtained a permit for LCDOT and by allowing construction equipment to access to the Subject Property through the illegal access.

16.     Section 3.12 of the Ordinance provides that:

6

Whoever shall construct, or cause to be constructed, any access facility in
violation of the requirements of this Ordinance shall be subject to a fine of not
less than $100.00 and not more than $500.00 for each access facility so
constructed. Each day that the access facility is in place in violation of this
Ordinance shall constitute a separate offense, subject to the above penalties. A
violation shall also include any access facilities to County highways built without
approval, and a permit as required by this Ordinance as well as approved facilities
built with substandard designs and specifications....

The provisions of this Ordinance shall not be deemed exclusive and shall not be
deemed to prevent the maintenance of any other action or proceeding in law or in
equity to enforce the provisions of this Ordinance or to vacate and remove any
access facility constructed in violation of this Ordinance.

WHEREFORE, Plaintiff County of Lake respectfully prays that this Honorable Court:

Order:

A.    Enter a preliminary injunction and, after trial, a permanent injunction, enjoining

Defendants from accessing the Subject Property from Rollins Road unless and until they have

obtained all necessary permits from LCDOT for the access facility to the Subject Property, or

alternatively, compelling Defendants to remove the access facility from the Subject Property;

B.    Fining Defendants, jointly and severably, $500.00 per day for each day the illegal

access facility has been in place and continues to be in place in violation of the Access

Ordinance; and

C.    Ordering such other and further relief as this Court deems just and equitable.

7

Respectfully submitted,
COUNTY OF LAKE

MICHAEL J. WALLER
State's Attorney of Lake County

DANIEL L. JASICA
Assistant State's Attorney

Michael J. Waller
State's Attorney of Lake County
Daniel L. Jasica #06237373
Lisle Stalter
Assistant State's Attorney
18 North County Street, 3rd Floor
Waukegan, IL 60085
(847) 377-3050

James Bakk (#3121531)
Special Assistant State's Attorney
200 N. M.L. King Ave., Suite 206
Waukegan, IL 60085
(847) 249-9900

U:\WPDATA\CIVIL\LSdlj\08 cv3046-Campus Inv\complaint.wpd

8

**VERIFICATION**

Tony Wolff., Chief Engineer, Lake County Stormwater Management Commission,

being of legal age and sound mind, and being sworn on oath does state and depose and, under

penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certifies

that the statements set forth in Count I, Paragraphs 1-22 of this instrument are true and correct,

and that statements made on information and belief, based upon reasonable investigation, the

undersigned certifies that he verily believes the same to be true.

_____
Tony Wolff

SUBSCRIBED & SWORN to before
me this 20th of June, 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
LESLIE BULAICH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-7-2009

## VERIFICATION

Betsy Duckert, Development Engineer, Lake County Division of Transportation,

being of legal age and sound mind, and being sworn on oath does state and depose and, under

penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certifies

that the statements set forth in Count II, Paragraphs 1-16 of this instrument are true and correct,

and that statements made on information and belief, based upon reasonable investigation, the

undersigned certifies that she verily believes the same to be true.

Betsy Duckert

SUBSCRIBED & SWORN to before
me this 20th of June, 2008.

NOTARY PUBLIC

LINDA J. MILLER
MY COMMISSION EXPIRES
NOVEMBER 10, 2011



**STORMWATER MANAGEMENT COMMISSION**

April 2, 2007

Mr. Sebastian Rucci
3058 Chardonnay Lane
Poland, OH 44514

Subject:     **Watershed Development File #07-11-040**
          **Proposed Autumn Ridge Subdivision on Rollins Road**
          **(PIN # 06-15-200-018)**
          **Grayslake, Lake County, Illinois**
          **ISOLATED WETLANDS REVIEW #1**

Dear Mr. Rucci:

Thank you for your submittal for the subject development, received by the Lake County
Stormwater Management Commission (SMC) on March 8, 2007. The submittal included the
General Development Plan prepared by your firm dated 2-07-07 and the wetland delineation
report prepared by Christopher B. Burke Engineering, Ltd. (CBBEL) dated 10-18-05. Please
reference the above Watershed Development File # in future correspondence with SMC
related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the
proposed development, in accordance with the Lake County Watershed Development
Ordinance (WDO, 1-10-06). Grayslake is a certified community for approval and enforcement
of the standard (stormwater management) provisions of the WDO, but not the isolated
wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter & Woodman,
the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard provisions
submittal requirements. **SMC's review of the proposed development for potential
isolated wetland impacts is required prior to the Village's issuance of the WDP.**

We have the following comments on your submittal, with respect to isolated wetlands:

1) The one wetland identified on the development site is an *Isolated Water of Lake County*
(IWLC), per the jurisdictional determination letter from the U.S. Army Corps of Engineers
dated 5-17-02 (Corps ref. #200200622). The IWLC is subject to regulation by SMC
under the WDO. Please confirm that the wetland limits shown on the General
Development Plan are the surveyed boundaries from CBBEL's wetland delineation.

2) According to the General Development Plan, it does not appear the IWLC will be directly
impacted by the development (i.e., filled). However, a wetland hydrology analysis is
required to determine if indirect impacts to the IWLC may occur (see #3 below). If no
direct or indirect impacts to the IWLC will occur, a Letter of No Wetland Impact
Determination ("LONI") can be issued by SMC. The LONI review fee is $920. Please

EXHIBIT
_A_

*Sebastian Rucci*
*WDP # 07-11-040*
*April 2, 2007*
*Page 2 of 2*

provide the LONI review fee prior to or with your next submittal. If it is determined that IWLC impacts will occur form the development, a full wetland submittal will be required in accordance with WDO IV.E.2.c. and additional review fees will apply.

3) Please provide a "80-150%" wetland hydrology analysis for the preserved IWLC meeting the requirements of WDO IV.E.7.a. If the wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

4) The IWLC is greater than 2.5 acres in size; therefore, a minimum 50-foot buffer width is required for this wetland (WDO, IV.B.1.i.(1)(b)(iii)). Final approval of the wetland buffer will be by the Village. Note that the preserved wetland and buffer on the development site shall be protected by a deed or plat restriction (WDO, IV.B.1.i.(12)). Please provide SMC and the Village with a draft copy of a proposed plat restriction and any associated exhibit(s) for review. For your consideration, we are enclosing SMC's example Wetland and Wetland Buffer Restrictive Covenant by Plat. Final approval of the plat restriction will be by the Village.

5) According to the General Development Plan, the wetland buffer area will be graded. Note that the disturbed buffer area shall be planted with appropriate native vegetation per WDO IV.B.1.i.(9). Please provide SMC and the Village with the proposed native seeding list for the disturbed buffer area.

We would like to be of assistance. If you have any questions, or would like to set up a meeting, please call me at (847) 918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,
LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

Enclosure: Example Wetland and Wetland Buffer Restrictive Covenant

cc:    Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
       Greg Waller, Campus Investments, Inc.

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review 1_040207



**STORMWATER MANAGEMENT COMMISSION**

August 17, 2007

Mr. Sebastian Rucci
3058 Chardonnay Lane
Poland, OH 44514

Subject:    Watershed Development File #07-11-040
            Proposed Autumn Ridge Subdivision on Rollins Road
            (PIN # 06-15-200-018)
            Grayslake, Lake County, Illinois
            ISOLATED WETLANDS REVIEW #2

Dear Mr. Rucci:

On August 2, 2007, the Lake County Stormwater Management Commission (SMC) received a wetland submittal for the subject development on your behalf from Bollinger, Lach & Associates, Inc. (BLA). The submittal included a request for a "Letter of No Wetland Impact Determination" (LONI) from SMC for the development. Please reference the above Watershed Development File # in future correspondence with SMC related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the proposed development, in accordance with the Lake County Watershed Development Ordinance (WDO, 1-10-06). Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO, but not the isolated wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter & Woodman, the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard provisions submittal requirements. **A LONI or Isolated Wetland Impacts Approval from SMC's is required prior to the Village's issuance of the WDP.**

We have the completed our review of BLA's submittal. Please amend (or direct your consultants to amend) the submittal to address the following:

1) Please provide a grading plan and revised erosion control plan showing the surveyed wetland boundary.

2) Please provide a revised wetland hydrology analysis for the preserved isolated wetland based on <u>runoff volume</u>, as outlined in WDO Article IV.E.7.a. The analysis submitted by BLA was based on <u>flow rate</u>. If the wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

EXHIBIT
B

*Sebastian Rucci*
*WDP # 07-11-040*
*August 17, 2007*
*Page 2 of 2*

3) The proposed location of silt fence is unclear on the Erosion & Sediment Control Plan (Sheet 10). Please enhance the plan to clearly show the silt fence around the perimeter of all areas that will be disturbed, with a minimum of 1' outside the surveyed wetland boundary. SMC recommends that a double-row of silt fence be installed along the edge of the wetland boundary to provide maximum protection of the wetland from disturbance and sedimentation. Note that silt fence materials and installation must meet the applicable sections of AASHTO Standard Specification 288-00, per WDO Article IV.B.1.j(1)(f.). Since the development exceeds 10 acres in size, a Designated Erosion Control Inspector (DECI) is required per WDO Article IV.B.1.j.(2). The Village has final approval authority for the erosion and sediment control measures.

4) According to the Landscaping Plan (Sheet 11), the disturbed wetland buffer is to be seeded with the IDOT Class 4A low-profile native grass mixture. To increase the density and diversity of the native buffer vegetation, SMC recommends the proposed seed mix be enhanced by adding the IDOT Class 5 native forb with annuals mixture to the Class 4A mixture. The Village has final approval authority for the landscape plan.

5) Prior to issuance of the LONI or isolated wetland impacts approval for the development, SMC requires a *deposit* be provided in the amount of $1,600 to ensure we are notified of the pre-construction meeting and to cover the cost of potential wetland compliance inspections. We request the pre-construction meeting be held onsite with you or your consultant, the general contractor, and the DECI in order to inspect the installed wetland protective measures (e.g., silt fence). If SMC is notified at least five (5) working-days in advance of the field pre-construction meeting, $500 of the deposit will be returned upon your written request. The remaining $1,100 of the deposit, minus any assessed wetland inspection fees, will be returned upon your written request following permanent site stabilization and a final site inspection by SMC.

We would like to be of assistance. If you have any questions, or would like to set up a meeting, please call me at (847) 918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,
LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

cc:    Kirk Smith, Village of Grayslake
       Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
       Cynthia Flower, Bollinger, Lach & Associates, Inc.

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review 2_081707



**STORMWATER MANAGEMENT COMMISSION**

February 13, 2008

Mr. Sebastian Rucci, P.E.
3058 Chardonnay Lane
Poland, OH 44514

Subject:    **Watershed Development File #07-11-040**
**Proposed Autumn Ridge Subdivision on Rollins Road**
**(PIN # 06-15-200-018)**
**Grayslake, Lake County, Illinois**
**ISOLATED WETLANDS REVIEW #3**

Dear Mr. Rucci:

Thank you for your submittal for the subject development, received by the Lake County
Stormwater Management Commission (SMC) on January 9, 2008. The submittal included
updated plans prepared by your office and a revised wetland hydrology analysis prepared by
Bollinger, Lach & Associates, Inc. (BLA). Please reference the above Watershed
Development File # in future correspondence with SMC related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the
proposed development, in accordance with the Lake County Watershed Development
Ordinance (WDO, 1-10-06).    Grayslake is a certified community for approval and
enforcement of the standard (stormwater management) provisions of the WDO, but not the
isolated wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter &
Woodman, the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard
provisions submittal requirements. **SMC's approval of isolated wetland impacts (or a no
wetland impact determination) is required prior to the Village's issuance of the WDP.
Note that SMC's approval of the Base Flood Elevation (BFE) for the non-riverine flood-
prone depressional area on the property will also be required prior to issuance of the
WDP if the tributary drainage area to the depression is greater than 20 acres.**

We have the completed our review of your submittal. Please address (or direct your
consultants to address) the following comments:

1) The "Wetland Limits" line shown on the grading plan (Sheet 5) does not appear to
correlate with the wetland boundary delineated by Christopher B. Burke Engineering, Ltd.
(CBBEL), as depicted on Exhibit 9 in CBBEL's wetland report for the property dated
October 18, 2005 (Revised). <u>SMC cannot proceed further with the isolated wetlands
review for the proposed development until we verify the delineated wetland boundary in
the field.</u> Please have the surveyed wetland boundary re-staked and notify SMC when
this has been completed – we will then schedule a review to verify the boundary as soon
as field conditions allow (currently there is a 12+ inch snow cover). The field-verified
wetland boundary shall be shown on the development plans for permitting purposes.

EXHIBIT
C

*Sebastian Rucci*
*WDP # 07-11-040*
*February 13, 2008*
*Page 2 of 3*

2) SMC does not concur with BLA's wetland hydrology analysis (rev. 9-06-07). Please revise the analysis to address the items below. If the "80-150" wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

    a) The existing condition land use (outside the wetland) appears to be agricultural row crops, not grassland/pasture as indicated in BLA's analysis. Please clarify and adjust the runoff curve numbers appropriately.

    b) Our review identified several discrepancies between the detention volume calculations and the plan sheet. For example:

        i) The calculations indicate a 2-year high water level (HWL) of 779.50 and the plan sheet indicates a 2-year of 779.95.

        ii) The provided 2-year volume is 1.44 ac-ft per the plan sheet; 0.88 ac-ft per calculation summary; and approximately 0.45 ac-ft per the volume calculations table.

    c) The report did not include calculations for the total 2-year detention discharge volume. The required peak detention volume may be 0.88 ac-ft; however, runoff is discharging continuously before and after the peak volume. Please provide the total discharge volume from the beginning of the storm event to the end.

    d) If the verified wetland boundary is different from the boundary currently shown on the plans (see #1 above), the tributary drainage areas and hydrology calculations will need to be revised accordingly to reflect the verified wetland boundary.

3) Please enhanced the Erosion & Sediment Control Plan (Sheet 10) as follows:

    a) the note regarding seeding of the wetland buffer should match the revised Landscape Plan (Sheet 11) - buffer shall be seeded with a mixture of IDOT Class 4A low-profile native grasses and IDOT Class 5 native forbs; and,

    b) the field-verified wetland boundary (see #1 above) should also be included on this plan.

4) Prior to issuance of the LONI or isolated wetland impacts approval for the development, SMC requires a *deposit* be provided in the amount of $1,600 to ensure we are notified of the pre-construction meeting and to cover the cost of potential wetland compliance inspections. We request the pre-construction meeting be held onsite with your field construction manager, the general contractor, and your designated erosion control inspector (DECI) in order to inspect the installed wetland protective measures (e.g., silt fence). If SMC is notified at least five (5) working-days in advance of the field pre-construction meeting, $500 of the deposit will be returned upon your written request. The remaining $1,100 of the deposit, minus any assessed wetland inspection fees, will be returned upon your written request following permanent site stabilization and a final site inspection by SMC.

*Sebastian Rucci*
*WDP # 07-11-040*
*February 13, 2008*
*Page 3 of 3*

If you have any questions, or would like to set up a meeting, please call me at (847)918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,

LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

*[signature]*

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

cc:    Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
       Kirk Smith, Village of Grayslake
       Greg Waller, Campus Investments, Inc. (via fax)
       Cynthia Flower, Bollinger, Lach & Associates, Inc.
       Kurt Woolford, SMC

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review3_012308

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY

## <u>CERTIFIED COPY</u>

I, SALLY D. COFFELT, Clerk of the Circuit Court of the NINETEENTH JUDICIAL

CIRCUIT, LAKE COUNTY, in and for the State of Illinois, and the keeper of the records, files

and seals thereof, do hereby certify the above and foregoing to be a true, perfect and complete

copy of a certain _____ WHOLE FILE _____

_____, case number ___ 08CH2376 ___

filed in my office on _____ JUNE 20 _____, ___ 2008 ___ in a

certain cause _____ NO LONGER _____ pending in said Court,
          now/no longer

LAKE COUNTY AND LAKE COUNTY STORMWATER MANAGEMENT COMMISSION ___ Plaintiff and

CAMPUS INVESTMENTS INC. _____ Defendant.

IN WITNESS WHEREOF, I have hereunto set my hand, and

Affixed the seal of said Court, at Waukegan, Illinois

_____ JULY 8 _____ 20 __ 08 __

*Sally D. Coffelt*

Sally D. Coffelt
Clerk of the Circuit Court

By: _____ JL _____
          Deputy Clerk

171-17A  Rev 3/05

STATE OF ILLINOIS          )
                           ) SS.
COUNTY OF LAKE             )

IN THE CIRCUIT COURT FOR THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

LAKE COUNTY, and LAKE COUNTY      )
STORMWATER MANAGEMENT             )
COMMISSION,                       )
                                  )
    Plaintiff's,                  )
                                  )
v.                                )    Case No. 08-CH-2376
                                  )
CAMPUS INVESTMENTS, INC. and      )
ZERO ENERGY LLC,                  )
                                  )
    Defendant's.                  )
                                  )

FILED

JUN 30 2008

*[signature]*
CIRCUIT CLERK

NOTICE OF REMOVAL OF THIS CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT (28 U.S.C. § 1441)

    PLEASE TAKE NOTICE that the above entitled case was removed to the United

States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1441, as

shown on the attached notice of removal.

    Pursuant to 28 U.S.C. § 1446(d) "after the filing of such notice of removal of a civil

action the defendant or defendants shall give written notice thereof to all adverse parties and

shall file a copy of the notice with the clerk of such State court, which **shall effect removal**

**and the State court shall proceed no further** unless and until the case is remanded."

    Accordingly, removal of this case to the District Court is automatic upon the filing of

the notice of removal with the clerk of this court, and this court, shall proceed no further

unless the case is remanded.

Dated: June 23, 2008          Respectfully submitted,

*Sebastian Rucci*

Sebastian Rucci (ND IL No. 90785689)
40 The Ledges, 3C
Youngstown, Ohio 44514
Phone: (330) 707-1182
Fax:    (330) 707-1882
Email: SebRucci@Gmail.com
Attorney for Campus Inv. and Zero Energy

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CAMPUS INVESTMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-3046 |
| v. | ) | |
| | ) | Judge George W. Lindberg |
| LAKE COUNTY STORMWATER | ) | |
| MANAGEMENT COMMISSION, and | ) | Magistrate Judge Arlander Keys |
| LAKE COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

F I L E D

JUN 3 0 2008

CIRCUIT CLERK

**NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT**

**(28 U.S.C. § 1441)**

COMES NOW Campus Investments, Inc, and pursuant to 28 U.S.C. § 1441 files this

notice of removal of a recently filed lawsuit in the Circuit Court for the Nineteenth Judicial

Circuit, Lake County, Illinois, Case No. 08-CH-2376, titled *County of Lake, et. al, v. Campus*

*Investments, et. al.,* and respectfully represents as follows:

1.　　This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§

1441(a) and (b).

2.　　On May 27, 2008 Campus Investments, Inc, filed the original complaint in this

court. Lake County and the Lake County Stormwater Management Commission ("SMC")

were served the summons and complaint on May 29, 2008, and attorneys made an appearance

on June 16, 2008. By that time, a preliminary injunction hearing was already filed and set for

hearing. Also, on that day a temporary restraining order was filed against the defendants.

3.      The allegations in this case are that Lake County and SMC have retaliated against Campus Investments for challenging it's authority to regulate wetlands within incorporated villages. Lake County has even taken the extraordinary step of fencing off the Campus Investments property.

4.      On June 20, 2008 Lake County and SMC filed a lawsuit against Campus Investments, and it's grading contractor, Zero Energy, LLC, in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 08-CH-2376, titled *County of Lake, et. al, v. Campus Investments, et. al.* (Copy attached as Exhibit A).

5.      Campus Investments believes that the state lawsuit is a continuation of the retaliation that they have experienced from Lake County and SMC, and they have even included Campus Investments grading contractor as a defendant in the state court action, in an effort to thwart the diversity jurisdiction in this case. The state lawsuit asserts the identical issues in this case regarding the filling of wetlands and access to property.

6.      28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.      This court has original jurisdiction of the lawsuit as it is based on the retaliatory filing in this case to hamper Campus Investment for having filed the lawsuit challenging it's jurisdiction in this court in the first instance.

8.      An alternative basis for removal is found in 28 U.S.C. § 1441(b) which permits the removal of any civil action "if none of the parties in interest properly joined and served

as defendants is a citizen of the State in which such action is brought" to be removed to the "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Campus Investments is from Ohio, and Lake County and SMC, are from Illinois, Campus Investments grading contractor, Zero Energy Estates, LLC was attached as a sham defendant to thwart jurisdiction in this court. The case is properly before this Court pursuant to 28 USC § 1441.

9.     28 U.S.C. § 1446(a) provides that a defendant "desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

10.     This notice contains the short and plain statement of the grounds for removal, and the pleadings served on the defendant are attached as required by 28 U.S.C. § 1446(a).

11.     28 U.S.C. § 1446(b) provides that the "notice of removal of a **civil action** or proceeding shall be filed within thirty days after the receipt by the defendant . . ." This notice of removal was filed the same day that the plaintiff's counsel received notice of the state complaint on June 23, 2008.

12.     Lastly, 28 U.S.C. § 1446(d) provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which **shall effect removal and the State court shall proceed no further** unless and until the case is remanded."

13.    The defendant has filed copies of this removal notice with the state court clerk

and served copies on the plaintiff in the sate case, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, pursuant to 28 U.S.C. § 1441 the recently filed lawsuit in the Circuit

Court for the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 08-CH-2376, titled

*County of Lake, et. al, v. Campus Investments, et. al.*, is hereby removed to this Court for

further proceedings.

Dated: June 23, 2008                          Respectfully submitted,

                                              *Sebastian Rucci*
                                              Sebastian Rucci (ND IL No. 90785689)
                                              40 The Ledges, 3C
                                              Youngstown, Ohio 44514
                                              Phone: (330) 707-1182
                                              Fax:    (330) 707-1882
                                              Email: SebRucci@Gmail.com
                                              Attorney for Campus Inv. and Zero Energy


**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2008, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties via the Court's electronic filing system and

parties may access this filing through the Court's Case management/Electronic Case Files

(CM/ECF) found on the internet at https://ecf.ilnd.uscourts.gov..

                                              *Sebastian Rucci*
                                              Sebastian Rucci (ND IL No. 90785689)

STATE OF ILLINOIS    )
                     ) ss
COUNTY OF LAKE       )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

COUNTY OF LAKE and LAKE COUNTY    )
STORMWATER MANAGEMENT             )
COMMISSION                        )
              Plaintiffs,          )
                                   )
        vs.                        )    General No. 08 CH 2 3 7 6
                                   )
CAMPUS INVESTMENTS, INC. and       )
ZERO ENERGY ESTATES, LLC           )
                                   )
                                   )
              Defendants.          )
                                   )

## VERIFIED COMPLAINT FOR ORDINANCE VIOLATIONS
## SEEKING INJUNCTIVE RELIEF AND MONETARY FINES

Plaintiffs, County of Lake and Lake County Stormwater Management Commission, by

and through their counsel, Michael J. Waller, State's Attorney of Lake County, and Daniel L.

Jasica and Lisle Stalter, Assistant State's Attorney, and James Bakk, Special Assistant State's

Attorney complains of Defendants Campus Investments, Inc. and Zero Energy Estates, LLC and

allege as follows:

1.    Plaintiff County of Lake ("County") is a body politic and corporate of the State of

Illinois.

2.    Plaintiff Lake County Stormwater Management Agency ("SMC") is an agency of

Lake County established pursuant to 55 ILCS 5/5-1062.

3.    Defendant Campus Investments, Inc. ("Campus") is the owner of an

1.

approximately 28-acre parcel of undeveloped property located at 21157 West Rollins Road,

Grayslake, Illinois, PIN 06-15-200-018 (the "Subject Property").

4. Zero Energy Estates, LLC ("Zero") represents itself to be the contract purchaser of

the Subject Property.

5. Venue is proper in this Court pursuant to Section 2-101(2) and 2-102(a) of the

Illinois Code of Civil Procedure, 735 ILCS 5/2-101(2) and 5/2-102(a).

6. Commencing over the Memorial Day weekend, May 24-26, 2008, and continuing

thereafter, grading and other development activities occurred on the Subject Property and fill

material has been brought onto the Subject Property from Rollins Road, dumped, and bulldozed

into existing wetlands on the Subject Property, without the necessary highway access permits

from the Lake County Division of Transportation ("LCDOT") or the necessary permits and

approvals from SMC.

8. This conduct by or at the direction of Campus and Zero violates the Lake County

Highway Access Regulation Ordinance and the SMC Watershed Development Ordinance for

which the County and SMC seek injunctive relief and monetary fines from the Defendants.

<u>COUNT I-Violations of the Watershed Development Ordinance</u>

1-8. SMC restates and realleges Paragraphs 1-8 above as and for Paragraphs 1-8 of this

Count I of this Complaint as if fully set forth herein.

9. That, at all times pertinent to this action, there was and is in full force and effect a

Lake County Watershed Development Ordinance ("WDO"), which provides county-wide

minimum stormwater management rules and regulations relating to development or improvement

of real property in Lake County, Illinois.

10.  That the Subject Property consists of approximately 28 acres, upon which is located an Isolated Waters of Lake County (hereinafter "wetlands"), as defined in the WDO (Appendix A), consisting of approximately 16.5 acres.

11.  That the Village of Grayslake is not certified to administer the Wetlands provisions of the WDO, and, therefore, the WDO Wetlands provisions are administered by SMC.

12.  That WDO, Art. IV, §A.(1), provides:

> No person … shall commence any development regulated by this Ordinance on any lot or parcel of land without first obtaining a Watershed Development Permit from the (SMC) … A Watershed Development Permit is required for any development … which:
>
> > (d) Creates a wetland impact within an area defined as … Isolated Waters of Lake County; ….

13.  That WDO, Art. IV, § E (2)(c) specifies certain of the Watershed Development Permit submittal requirements for proposed developments with wetland impacts to Isolated Waters of Lake County.

14.  Defendants, knowing of WDO permit requirements, submitted to SMC on March 8, 2007 a General Development Plan for the Subject Property, as well as a wetland delineation report, prepared by Christopher B. Burke Engineering, Ltd. (CBBEL).  On April 2, 2007, the SMC sent to Defendants, or their representatives, a review letter which identified the Subject Property as having Isolated Waters of Lake County located thereon. (A copy of the April 2, 2007 SMC letter is attached hereto, marked Exhibit A, and incorporated by reference.)

15.  Defendants' next contact with the SMC was an August 2, 2007 requesting a Letter of No Wetland Impact determination from the SMC.  By a letter dated August 17, 2007, the SMC responded to Defendants, or their representatives, advising that a grading plan showing the

3

surveyed wetland boundary was required. (A copy of the SMC August 17, 2007 letter is attached, marked Exhibit B, and incorporated by reference.)

16.  On January 9, 2008, Defendants submitted to the SMC updated plans for the development of the Subject Property, along with a revised wetland hydrology analysis. By a letter dated February 13, 2008, the SMC responded to Defendants' submittals by, among other things, noting that the wetland limits shown on the grading plan do not coincide with the wetland boundaries shown in the CBBEL wetland delineation report. The SMC advised Defendants that review of the wetlands submittals could not proceed until the delineated wetland boundary was reviewed in the field. The SMC asked Defendants to re-stake the wetland boundary and call for a site inspection. (A copy of the February 13, 2008 SMC letter is attached, marked Exhibit C, and incorporated by reference.)

17.  Defendants did not respond to the SMC February 13, 2008, request for a field review of the wetland boundary.

18.  Over the Memorial Day weekend, on or about May 24-26, 2008 Defendants, or their agents, contractors, or representatives, commenced grading on the Subject Property and filled in or impacted approximately 2.5 acres of the Isolated Waters of Lake County on the site.

19.  Defendant(s) actions in commencing development activities on the Subject Property, without a properly issued Watershed Development Permit, on or about May 24-26, 2008, and thereafter, constitute a violation of the WDO permit requirements.

20.  On Tuesday, May 27, 2008 the Village of Grayslake issued a stop work order to Defendant(s).

21.  Other development activity, including additional importation of fill, has been

4

performed on the Subject Property during the first two weeks of June 2008, in further violation of WDO permitting requirements.

22. That SMC has no adequate legal remedy to effectuate the replacement or restoration of the wetlands that Defendants have caused to be filled in knowing violation of applicable county-wide minimum WDO permitting requirements and regulations relating to isolated waters of Lake County.

WHEREFORE, Plaintiff Lake County Stormwater Management Commission prays that this Honorable Court:

A) enter a preliminary injunction and, after trial, a permanent injunction against Defendants, enjoining Defendants to cease and desist from any development activities on the Subject Property unless and until after all required WDO permits have been first obtained;

B) enter a preliminary injunction and, after trial, a permanent injunction against Defendants, that Defendants be ordered to restore the filled or impacted wetlands in accordance with WDO requirements, or to replace the filled or impacted wetlands with newly established wetlands of a size, hydrology, and function as provided in the applicable mitigation provisions of the WDO;

C) that the Defendants be fined $1,000 for each day that the Court finds that a violation has existed; and,

D) for such other or further relief as is just and equitable under the circumstances.

COUNT II-Violations of the Lake County Highway Access Regulation Ordinance

9. The County restates and realleges Paragraphs 1 through 8 above as and for Paragraphs 1 through 8 of this County II of this Complaint, as though fully set forth herein.

10.    Rollins Road is a county highway owned and operated by the Lake County Division of Transportation. The Subject Property abuts the south side of the Rollins Road right-of-way.

11.    Prior to the recent events, a seasonal dirt farm field access for farm equipment existed on the Subject Property. On or about June 14, 2008, the existing dirt access was expanded, modified, and improved by Defendants, or their agents, contractors, or representatives, with multiple loads of fill and topped with course gravel to allow construction equipment to enter the Subject Property.

12.    Pursuant to its statutory authority set forth at 605 ILCS 5/5-413 and 605 ILCS 8/801, the County has adopted the Lake County Highway Access Regulation Ordinance (the "Access Ordinance"), in effect at all relevant times, which regulates access to and from County highways, such as Rollins Road.

13.    Pursuant to Section 4 of the Access Ordinance:

An access permit shall be required for the construction of any new access facility or the modification of any existing access facility within the right-of-way of a County Highway when the work is to be done by any person or public agency other than Lake County or when the use of an existing facility is changed.

14.    Section 2.4 of the Access Ordinance defines an "access facility" as "[a] private or public driveway or road providing service to and/or from abutting property to a highway."

15.    Defendants have violated and continue to violate the Access Ordinance by modifying, expanding, altering, and changing the use of an access facility without having obtained a permit for LCDOT and by allowing construction equipment to access to the Subject Property through the illegal access.

16.    Section 3.12 of the Ordinance provides that:

6

Whoever shall construct, or cause to be constructed, any access facility in violation of the requirements of this Ordinance shall be subject to a fine of not less than $100.00 and not more than $500.00 for each access facility so constructed. Each day that the access facility is in place in violation of this Ordinance shall constitute a separate offense, subject to the above penalties. A violation shall also include any access facilities to County highways built without approval, and a permit as required by this Ordinance as well as approved facilities built with substandard designs and specifications....

The provisions of this Ordinance shall not be deemed exclusive and shall not be deemed to prevent the maintenance of any other action or proceeding in law or in equity to enforce the provisions of this Ordinance or to vacate and remove any access facility constructed in violation of this Ordinance.

WHEREFORE, Plaintiff County of Lake respectfully prays that this Honorable Court:

Order:

A.      Enter a preliminary injunction and, after trial, a permanent injunction, enjoining

Defendants from accessing the Subject Property from Rollins Road unless and until they have

obtained all necessary permits from LCDOT for the access facility to the Subject Property, or

alternatively, compelling Defendants to remove the access facility from the Subject Property;

B.      Fining Defendants, jointly and severably, $500.00 per day for each day the illegal

access facility has been in place and continues to be in place in violation of the Access

Ordinance; and

C.      Ordering such other and further relief as this Court deems just and equitable.

7

Respectfully submitted,
COUNTY OF LAKE

MICHAEL J. WALLER
State's Attorney of Lake County

DANIEL L. JASICA
Assistant State's Attorney

Michael J. Waller
State's Attorney of Lake County
Daniel L. Jasica #06237373
Lisle Stalter
Assistant State's Attorney
18 North County Street, 3rd Floor
Waukegan, IL 60085
(847) 377-3050

James Bakk (#3121531)
Special Assistant State's Attorney
200 N. M.L. King Ave., Suite 206
Waukegan, IL 60085
(847) 249-9900

U:\WPDATA\CIVIL\LSdlj\08 cv3046-Campus Inv\complaint.wpd

8

## **VERIFICATION**

Tony Wolff., Chief Engineer, Lake County Stormwater Management Commission, being of legal age and sound mind, and being sworn on oath does state and depose and, under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certifies that the statements set forth in Count I, Paragraphs 1-22 of this instrument are true and correct, and that statements made on information and belief, based upon reasonable investigation, the undersigned certifies that he verily believes the same to be true.

_____
Tony Wolff

SUBSCRIBED & SWORN to before
me this 20th of June, 2008.

_____
NOTARY PUBLIC

```
"OFFICIAL SEAL"
LESLIE BULAICH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-7-2009
```

## VERIFICATION

Betsy Duckert, Development Engineer, Lake County Division of Transportation,

being of legal age and sound mind, and being sworn on oath does state and depose and, under

penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certifies

that the statements set forth in Count II, Paragraphs 1-16 of this instrument are true and correct,

and that statements made on information and belief, based upon reasonable investigation, the

undersigned certifies that she verily believes the same to be true.

_____
Betsy Duckert

SUBSCRIBED & SWORN to before
me this 20th of June, 2008.

_____
NOTARY PUBLIC



LINDA J. MILLER
OFFICIAL SEAL
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES
NOVEMBER 10, 2011



**STORMWATER MANAGEMENT COMMISSION**

April 2, 2007

Mr. Sebastian Rucci
3058 Chardonnay Lane
Poland, OH 44514

Subject:     **Watershed Development File #07-11-040**
             **Proposed Autumn Ridge Subdivision on Rollins Road**
             **(PIN # 06-15-200-018)**
             **Grayslake, Lake County, Illinois**
             **ISOLATED WETLANDS REVIEW #1**

Dear Mr. Rucci:

Thank you for your submittal for the subject development, received by the Lake County
Stormwater Management Commission (SMC) on March 8, 2007. The submittal included the
General Development Plan prepared by your firm dated 2-07-07 and the wetland delineation
report prepared by Christopher B. Burke Engineering, Ltd. (CBBEL) dated 10-18-05. Please
reference the above Watershed Development File # in future correspondence with SMC
related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the
proposed development, in accordance with the Lake County Watershed Development
Ordinance (WDO, 1-10-06). Grayslake is a certified community for approval and enforcement
of the standard (stormwater management) provisions of the WDO, but not the isolated
wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter & Woodman,
the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard provisions
submittal requirements. **SMC's review of the proposed development for potential
isolated wetland impacts is required prior to the Village's issuance of the WDP.**

We have the following comments on your submittal, with respect to isolated wetlands:

1) The one wetland identified on the development site is an *Isolated Water of Lake County*
   (IWLC), per the jurisdictional determination letter from the U.S. Army Corps of Engineers
   dated 5-17-02 (Corps ref. #200200622). The IWLC is subject to regulation by SMC
   under the WDO. Please confirm that the wetland limits shown on the General
   Development Plan are the surveyed boundaries from CBBEL's wetland delineation.

2) According to the General Development Plan, it does not appear the IWLC will be directly
   impacted by the development (i.e., filled). However, a wetland hydrology analysis is
   required to determine if indirect impacts to the IWLC may occur (see #3 below). If no
   direct or indirect impacts to the IWLC will occur, a Letter of No Wetland Impact
   Determination ("LONI") can be issued by SMC. The LONI review fee is $920. Please

EXHIBIT
*A*

*Sebastian Rucci*
*WDP # 07-11-040*
*April 2, 2007*
*Page 2 of 2*

provide the LONI review fee prior to or with your next submittal.  If it is determined that IWLC impacts will occur form the development, a full wetland submittal will be required in accordance with WDO IV.E.2.c. and additional review fees will apply.

3) Please provide a "80-150%" wetland hydrology analysis for the preserved IWLC meeting the requirements of WDO IV.E.7.a.  If the wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

4) The IWLC is greater than 2.5 acres in size; therefore, a minimum 50-foot buffer width is required for this wetland (WDO, IV.B.1.i.(1)(b)(iii)).  Final approval of the wetland buffer will be by the Village.  Note that the preserved wetland and buffer on the development site shall be protected by a deed or plat restriction (WDO, IV.B.1.i.(12)).  Please provide SMC and the Village with a draft copy of a proposed plat restriction and any associated exhibit(s) for review.  For your consideration, we are enclosing SMC's example Wetland and Wetland Buffer Restrictive Covenant by Plat.  Final approval of the plat restriction will be by the Village.

5) According to the General Development Plan, the wetland buffer area will be graded.  Note that the disturbed buffer area shall be planted with appropriate native vegetation per WDO IV.B.1.i.(9).  Please provide SMC and the Village with the proposed native seeding list for the disturbed buffer area.

We would like to be of assistance.  If you have any questions, or would like to set up a meeting, please call me at (847) 918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,
LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

Enclosure:  Example Wetland and Wetland Buffer Restrictive Covenant

cc:     Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
        Greg Waller, Campus Investments, Inc.

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review 1_040207



**STORMWATER MANAGEMENT COMMISSION**

August 17, 2007

Mr. Sebastian Rucci
3058 Chardonnay Lane
Poland, OH 44514

Subject:    **Watershed Development File #07-11-040**
            **Proposed Autumn Ridge Subdivision on Rollins Road**
            **(PIN # 06-15-200-018)**
            **Grayslake, Lake County, Illinois**
            **ISOLATED WETLANDS REVIEW #2**

Dear Mr. Rucci:

On August 2, 2007, the Lake County Stormwater Management Commission (SMC) received a wetland submittal for the subject development on your behalf from Bollinger, Lach & Associates, Inc. (BLA). The submittal included a request for a "Letter of No Wetland Impact Determination" (LONI) from SMC for the development. Please reference the above Watershed Development File # in future correspondence with SMC related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the proposed development, in accordance with the Lake County Watershed Development Ordinance (WDO, 1-10-06). Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO, but not the isolated wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter & Woodman, the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard provisions submittal requirements. **A LONI or Isolated Wetland Impacts Approval from SMC's is required prior to the Village's issuance of the WDP.**

We have the completed our review of BLA's submittal. Please amend (or direct your consultants to amend) the submittal to address the following:

1)  Please provide a grading plan and revised erosion control plan showing the surveyed wetland boundary.

2)  Please provide a revised wetland hydrology analysis for the preserved isolated wetland based on underlined(runoff volume), as outlined in WDO Article IV.E.7.a. The analysis submitted by BLA was based on underlined(flow rate). If the wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

EXHIBIT
*B*

*Sebastian Rucci*
*WDP # 07-11-040*
*August 17, 2007*
*Page 2 of 2*

3) The proposed location of silt fence is unclear on the Erosion & Sediment Control Plan (Sheet 10). Please enhance the plan to clearly show the silt fence around the perimeter of all areas that will be disturbed, with a minimum of 1' outside the surveyed wetland boundary. SMC recommends that a double-row of silt fence be installed along the edge of the wetland boundary to provide maximum protection of the wetland from disturbance and sedimentation. Note that silt fence materials and installation must meet the applicable sections of AASHTO Standard Specification 288-00, per WDO Article IV.B.1.j(1)(f.). Since the development exceeds 10 acres in size, a Designated Erosion Control Inspector (DECI) is required per WDO Article IV.B.1.j.(2). The Village has final approval authority for the erosion and sediment control measures.

4) According to the Landscaping Plan (Sheet 11), the disturbed wetland buffer is to be seeded with the IDOT Class 4A low-profile native grass mixture. To increase the density and diversity of the native buffer vegetation, SMC recommends the proposed seed mix be enhanced by adding the IDOT Class 5 native forb with annuals mixture to the Class 4A mixture. The Village has final approval authority for the landscape plan.

5) Prior to issuance of the LONI or isolated wetland impacts approval for the development, SMC requires a *deposit* be provided in the amount of $1,600 to ensure we are notified of the pre-construction meeting and to cover the cost of potential wetland compliance inspections. We request the pre-construction meeting be held onsite with you or your consultant, the general contractor, and the DECI in order to inspect the installed wetland protective measures (e.g., silt fence). If SMC is notified at least five (5) working-days in advance of the field pre-construction meeting, $500 of the deposit will be returned upon your written request. The remaining $1,100 of the deposit, minus any assessed wetland inspection fees, will be returned upon your written request following permanent site stabilization and a final site inspection by SMC.

We would like to be of assistance. If you have any questions, or would like to set up a meeting, please call me at (847) 918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,
LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

*Glen H. Westman*

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

cc:    Kirk Smith, Village of Grayslake
       Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
       Cynthia Flower, Bollinger, Lach & Associates, Inc.

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review 2_081707



**STORMWATER MANAGEMENT COMMISSION**

February 13, 2008

Mr. Sebastian Rucci, P.E.
3058 Chardonnay Lane
Poland, OH 44514

Subject:    **Watershed Development File #07-11-040**
**Proposed Autumn Ridge Subdivision on Rollins Road**
**(PIN # 06-15-200-018)**
**Grayslake, Lake County, Illinois**
**ISOLATED WETLANDS REVIEW #3**

Dear Mr. Rucci:

Thank you for your submittal for the subject development, received by the Lake County
Stormwater Management Commission (SMC) on January 9, 2008. The submittal included
updated plans prepared by your office and a revised wetland hydrology analysis prepared by
Bollinger, Lach & Associates, Inc. (BLA). Please reference the above Watershed
Development File # in future correspondence with SMC related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the
proposed development, in accordance with the Lake County Watershed Development
Ordinance (WDO, 1-10-06). Grayslake is a certified community for approval and
enforcement of the standard (stormwater management) provisions of the WDO, but not the
isolated wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter &
Woodman, the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard
provisions submittal requirements. **SMC's approval of isolated wetland impacts (or a no
wetland impact determination) is required prior to the Village's issuance of the WDP.
Note that SMC's approval of the Base Flood Elevation (BFE) for the non-riverine flood-
prone depressional area on the property will also be required prior to issuance of the
WDP if the tributary drainage area to the depression is greater than 20 acres.**

We have the completed our review of your submittal. Please address (or direct your
consultants to address) the following comments:

1) The "Wetland Limits" line shown on the grading plan (Sheet 5) does not appear to
correlate with the wetland boundary delineated by Christopher B. Burke Engineering, Ltd.
(CBBEL), as depicted on Exhibit 9 in CBBEL's wetland report for the property dated
October 18, 2005 (Revised). <u>SMC cannot proceed further with the isolated wetlands
review for the proposed development until we verify the delineated wetland boundary in
the field.</u> Please have the surveyed wetland boundary re-staked and notify SMC when
this has been completed – we will then schedule a review to verify the boundary as soon
as field conditions allow (currently there is a 12+ inch snow cover). The field-verified
wetland boundary shall be shown on the development plans for permitting purposes.

EXHIBIT

C

Sebastian Rucci
WDP # 07-11-040
February 13, 2008
Page 2 of 3

2) SMC does not concur with BLA's wetland hydrology analysis (rev. 9-06-07). Please revise the analysis to address the items below. If the "80-150" wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

a) The existing condition land use (outside the wetland) appears to be agricultural row crops, not grassland/pasture as indicated in BLA's analysis. Please clarify and adjust the runoff curve numbers appropriately.

b) Our review identified several discrepancies between the detention volume calculations and the plan sheet. For example:

i) The calculations indicate a 2-year high water level (HWL) of 779.50 and the plan sheet indicates a 2-year of 779.95.

ii) The provided 2-year volume is 1.44 ac-ft per the plan sheet; 0.88 ac-ft per calculation summary; and approximately 0.45 ac-ft per the volume calculations table.

c) The report did not include calculations for the total 2-year detention discharge volume. The required peak detention volume may be 0.88 ac-ft; however, runoff is discharging continuously before and after the peak volume. Please provide the total discharge volume from the beginning of the storm event to the end.

d) If the verified wetland boundary is different from the boundary currently shown on the plans (see #1 above), the tributary drainage areas and hydrology calculations will need to be revised accordingly to reflect the verified wetland boundary.

3) Please enhanced the Erosion & Sediment Control Plan (Sheet 10) as follows:

a) the note regarding seeding of the wetland buffer should match the revised Landscape Plan (Sheet 11) - buffer shall be seeded with a mixture of IDOT Class 4A low-profile native grasses and IDOT Class 5 native forbs; and,

b) the field-verified wetland boundary (see #1 above) should also be included on this plan.

4) Prior to issuance of the LONI or isolated wetland impacts approval for the development, SMC requires a *deposit* be provided in the amount of $1,600 to ensure we are notified of the pre-construction meeting and to cover the cost of potential wetland compliance inspections. We request the pre-construction meeting be held onsite with your field construction manager, the general contractor, and your designated erosion control inspector (DECI) in order to inspect the installed wetland protective measures (e.g., silt fence). If SMC is notified at least five (5) working-days in advance of the field pre-construction meeting, $500 of the deposit will be returned upon your written request. The remaining $1,100 of the deposit, minus any assessed wetland inspection fees, will be returned upon your written request following permanent site stabilization and a final site inspection by SMC.

WDP # 07-11-040
February 13, 2008
Page 3 of 3

If you have any questions, or would like to set up a meeting, please call me at (847)918-3611
or e-mail me at gwestman@co.lake.il.us.

Sincerely,

LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

cc:     Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
        Kirk Smith, Village of Grayslake
        Greg Waller, Campus Investments, Inc. (via fax)
        Cynthia Flower, Bollinger, Lach & Associates, Inc.
        Kurt Woolford, SMC

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review3_012308

County of Lake )
)
vs. )
)
Campus Investments, Inc. )

General No. ☞ 08 CH 2376

## CERTIFICATE OF ATTORNEY – CIVIL DIVISION

Pursuant to Local Rule 3.01(c), I hereby certify that:

☐ There has been no previous Voluntary or Involuntary Dismissal of the subject matter of this litigation.

☐ There has been a previous Voluntary or Involuntary Dismissal of the subject matter of this litigation and at the time of dismissal the Case No. _____ was assigned to the _____

Honorable _____

☑ There is no other litigation presently pending in the county involving these parties.

☐ There is other litigation presently pending in the county involving the parties to or subject matter to this lawsuit and that case(s) is/are assigned Case No.(s) _____ which is/are assigned to the _____

Honorable _____

Please check the box stating the appropriate sub-type action. This data is being gathered for administrative purposes and will not be used for any other purpose.

**Arbitration – AR**
☐ Arbitration/Tort
☐ Arbitration/Contract

**Chancery – CH**
☐ Mortgage Foreclosure
☑ Injunction
☐ Specific Performance
☐ Mechanics Lien Foreclosure
☐ Complaint for Recision
☐ Partition
☐ Quiet Title
☐ Class Action
☐ Registration of Foreign Judgment
☐ Other

**Eminent Domain – ED**
☐ Eminent Domain
☐ Condemnation

**Law Magistrate – LM**
☐ Tort
☐ Contract
☐ Forcible Entry and Detainer
☐ Replevin
☐ Detinue
☐ Distress for Rent
☐ Class Action
☐ Enroll Judgment
☐ Confirm Arbitrator's Award
☐ Confession of Judgment
☐ Registration of Foreign Judgment
☐ Other

**Law – L**
☐ Tort
☐ Contract
☐ Product Liability
☐ Medical Malpractice
☐ Legal Malpractice
☐ Class Action
☐ Replevin
☐ Accounting Malpractice
☐ Enroll Judgment
☐ Confirm Arbitrator's Award
☐ Registration of Foreign Judgment
☐ Other

**Municipal Corporation – MC**
☐ Annexation
☐ Disconnection

**Miscellaneous Remedy – MR**
☐ Declaratory Judgment
☐ Corporation Dissolution
☐ Election Contest
☐ Mandamus
☐ Habeas Corpus
☐ Review of Administrative Proceeding/Statutory
☐ Review of Administrative Proceeding/Certiorari
☐ Quo Warranto
☐ Change of Name
☐ Forfeiture
☐ Fugitive from Justice
☐ Search Warrant
☐ Application for Eavesdropping Device
☐ Class Action
☐ Registration of Foreign Judgment
☐ Request for Subpoena/Foreign Jurisdiction
☐ Other

**Probate – P**
☐ Decedent/Testate > $15,000
☐ Decedent/Intestate > $15,000
☐ Decedent/Testate $15,000 or less
☐ Decedent/Intestate $15,000 or less
☐ Guardianship of Person/Disabled Person
☐ Guardianship of Estate/Disabled Person
☐ Guardianship of Person/Minor
☐ Guardianship of Estate/Minor
☐ Guardianship of Person and Estate/Minor
☐ Proof of Heirship Alone
☐ Registration of Foreign Judgment
☐ Other

**Tax – TX**
☐ Deeds
☐ Objections
☐ Disposition of Collections of Judgment of Settlement
☐ Class Action
☐ Other

Print Name **Daniel Jasica**

Signature **Daniel Jasica**

☑ Attorney     ☐ Pro-se

171-366 Rev 12/06

STATE OF ILLINOIS    )
                     ) ss
COUNTY OF LAKE       )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

COUNTY OF LAKE and LAKE COUNTY   )
STORMWATER MANAGEMENT            )
COMMISSION                       )
              Plaintiffs,        )
                                 )          08 CH 2376
    vs.                          )
                                 )   General No. 08 CH
CAMPUS INVESTMENTS, INC. and     )
ZERO ENERGY ESTATES, LLC         )
                                 )
                                 )
              Defendants.        )
                                 )

**VERIFIED COMPLAINT FOR ORDINANCE VIOLATIONS
SEEKING INJUNCTIVE RELIEF AND MONETARY FINES**

Plaintiffs, County of Lake and Lake County Stormwater Management Commission, by

and through their counsel, Michael J. Waller, State's Attorney of Lake County, and Daniel L.

Jasica and Lisle Stalter, Assistant State's Attorney, and James Bakk, Special Assistant State's

Attorney complains of Defendants Campus Investments, Inc. and Zero Energy Estates, LLC and

allege as follows:

1.      Plaintiff County of Lake ("County") is a body politic and corporate of the State of

Illinois.

2.      Plaintiff Lake County Stormwater Management Agency ("SMC") is an agency of

Lake County established pursuant to 55 ILCS 5/5-1062.

3.      Defendant Campus Investments, Inc. ("Campus") is the owner of an

1

approximately 28-acre parcel of undeveloped property located at 21157 West Rollins Road,

Grayslake, Illinois, PIN 06-15-200-018 (the "Subject Property").

4.     Zero Energy Estates, LLC ("Zero") represents itself to be the contract purchaser of

the Subject Property.

5.     Venue is proper in this Court pursuant to Section 2-101(2) and 2-102(a) of the

Illinois Code of Civil Procedure, 735 ILCS 5/2-101(2) and 5/2-102(a).

6.     Commencing over the Memorial Day weekend, May 24-26, 2008, and continuing

thereafter, grading and other development activities occurred on the Subject Property and fill

material has been brought onto the Subject Property from Rollins Road, dumped, and bulldozed

into existing wetlands on the Subject Property, without the necessary highway access permits

from the Lake County Division of Transportation ("LCDOT") or the necessary permits and

approvals from SMC.

8.     This conduct by or at the direction of Campus and Zero violates the Lake County

Highway Access Regulation Ordinance and the SMC Watershed Development Ordinance for

which the County and SMC seek injunctive relief and monetary fines from the Defendants.

<u>COUNT I-Violations of the Watershed Development Ordinance</u>

1-8. SMC restates and realleges Paragraphs 1-8 above as and for Paragraphs 1-8 of this

Count I of this Complaint as if fully set forth herein.

9. That, at all times pertinent to this action, there was and is in full force and effect a

Lake County Watershed Development Ordinance ("WDO"), which provides county-wide

minimum stormwater management rules and regulations relating to development or improvement

of real property in Lake County, Illinois.

10. That the Subject Property consists of approximately 28 acres, upon which is located an Isolated Waters of Lake County (hereinafter "wetlands"), as defined in the WDO (Appendix A), consisting of approximately 16.5 acres.

11. That the Village of Grayslake is not certified to administer the Wetlands provisions of the WDO, and, therefore, the WDO Wetlands provisions are administered by SMC.

12. That WDO, Art. IV, §A.(1), provides:

> No person ... shall commence any development regulated by this Ordinance on any lot or parcel of land without first obtaining a Watershed Development Permit from the (SMC) ... A Watershed Development Permit is required for any development ... which:
>
>> (d) Creates a wetland impact within an area defined as ... Isolated Waters of Lake County; ....

13. That WDO, Art. IV, § E (2)(c) specifies certain of the Watershed Development Permit submittal requirements for proposed developments with wetland impacts to Isolated Waters of Lake County.

14. Defendants, knowing of WDO permit requirements, submitted to SMC on March 8, 2007 a General Development Plan for the Subject Property, as well as a wetland delineation report, prepared by Christopher B. Burke Engineering, Ltd. (CBBEL). On April 2, 2007, the SMC sent to Defendants, or their representatives, a review letter which identified the Subject Property as having Isolated Waters of Lake County located thereon. (A copy of the April 2, 2007 SMC letter is attached hereto, marked Exhibit A, and incorporated by reference.)

15. Defendants' next contact with the SMC was an August 2, 2007 requesting a Letter of No Wetland Impact determination from the SMC. By a letter dated August 17, 2007, the SMC responded to Defendants, or their representatives, advising that a grading plan showing the

3

surveyed wetland boundary was required. (A copy of the SMC August 17, 2007 letter is attached, marked Exhibit B, and incorporated by reference.)

16. On January 9, 2008, Defendants submitted to the SMC updated plans for the development of the Subject Property, along with a revised wetland hydrology analysis. By a letter dated February 13, 2008, the SMC responded to Defendants' submittals by, among other things, noting that the wetland limits shown on the grading plan do not coincide with the wetland boundaries shown in the CBBEL wetland delineation report. The SMC advised Defendants that review of the wetlands submittals could not proceed until the delineated wetland boundary was reviewed in the field. The SMC asked Defendants to re-stake the wetland boundary and call for a site inspection. (A copy of the February 13, 2008 SMC letter is attached, marked Exhibit C, and incorporated by reference.)

17. Defendants did not respond to the SMC February 13, 2008, request for a field review of the wetland boundary.

18. Over the Memorial Day weekend, on or about May 24-26, 2008 Defendants, or their agents, contractors, or representatives, commenced grading on the Subject Property and filled in or impacted approximately 2.5 acres of the Isolated Waters of Lake County on the site.

19. Defendant(s) actions in commencing development activities on the Subject Property, without a properly issued Watershed Development Permit, on or about May 24-26, 2008, and thereafter, constitute a violation of the WDO permit requirements.

20. On Tuesday, May 27, 2008 the Village of Grayslake issued a stop work order to Defendant(s).

21. Other development activity, including additional importation of fill, has been

4

performed on the Subject Property during the first two weeks of June 2008, in further violation of WDO permitting requirements.

22. That SMC has no adequate legal remedy to effectuate the replacement or restoration of the wetlands that Defendants have caused to be filled in knowing violation of applicable county-wide minimum WDO permitting requirements and regulations relating to isolated waters of Lake County.

WHEREFORE,  Plaintiff Lake County Stormwater Management Commission prays that this Honorable Court:

A) enter a preliminary injunction and, after trial, a permanent injunction against Defendants, enjoining Defendants to cease and desist from any development activities on the Subject Property unless and until after all required WDO permits have been first obtained;

B) enter a preliminary injunction and, after trial, a permanent injunction against Defendants, that Defendants be ordered to restore the filled or impacted wetlands in accordance with WDO requirements, or to replace the filled or impacted wetlands with newly established wetlands of a size, hydrology, and function as provided in the applicable mitigation provisions of the WDO;

C) that the Defendants be fined $1,000 for each day that the Court finds that a violation has existed; and,

D) for such other or further relief as is just and equitable under the circumstances.

COUNT II-Violations of the Lake County Highway Access Regulation Ordinance

9.      The County restates and realleges Paragraphs 1 through 8 above as and for Paragraphs 1 through 8 of this County II of this Complaint, as though fully set forth herein.

5

10.    Rollins Road is a county highway owned and operated by the Lake County Division of Transportation.  The Subject Property abuts the south side of the Rollins Road right-of-way.

11.    Prior to the recent events, a seasonal dirt farm field access for farm equipment existed on the Subject Property.  On or about June 14, 2008, the existing dirt access was expanded, modified, and improved by Defendants, or their agents, contractors, or representatives, with multiple loads of fill and topped with course gravel to allow construction equipment to enter the Subject Property.

12.    Pursuant to its statutory authority set forth at 605 ILCS 5/5-413 and 605 ILCS 8/801, the County has adopted the Lake County Highway Access Regulation Ordinance (the "Access Ordinance"), in effect at all relevant times, which regulates access to and from County highways, such as Rollins Road.

13.    Pursuant to Section 4 of the Access Ordinance:

An access permit shall be required for the construction of any new access facility or the modification of any existing access facility within the right-of-way of a County Highway when the work is to be done by any person or public agency other than Lake County or when the use of an existing facility is changed.

14.    Section 2.4 of the Access Ordinance defines an "access facility" as "[a] private or public driveway or road providing service to and/or from abutting property to a highway."

15.    Defendants have violated and continue to violate the Access Ordinance by modifying, expanding, altering, and changing the use of an access facility without having obtained a permit for LCDOT and by allowing construction equipment to access to the Subject Property through the illegal access.

16.    Section 3.12 of the Ordinance provides that:

6

Whoever shall construct, or cause to be constructed, any access facility in violation of the requirements of this Ordinance shall be subject to a fine of not less than $100.00 and not more than $500.00 for each access facility so constructed. Each day that the access facility is in place in violation of this Ordinance shall constitute a separate offense, subject to the above penalties. A violation shall also include any access facilities to County highways built without approval, and a permit as required by this Ordinance as well as approved facilities built with substandard designs and specifications....

The provisions of this Ordinance shall not be deemed exclusive and shall not be deemed to prevent the maintenance of any other action or proceeding in law or in equity to enforce the provisions of this Ordinance or to vacate and remove any access facility constructed in violation of this Ordinance.

WHEREFORE, Plaintiff County of Lake respectfully prays that this Honorable Court:

Order:

A.     Enter a preliminary injunction and, after trial, a permanent injunction, enjoining Defendants from accessing the Subject Property from Rollins Road unless and until they have obtained all necessary permits from LCDOT for the access facility to the Subject Property, or alternatively, compelling Defendants to remove the access facility from the Subject Property;

B.     Fining Defendants, jointly and severably, $500.00 per day for each day the illegal access facility has been in place and continues to be in place in violation of the Access Ordinance; and

C.     Ordering such other and further relief as this Court deems just and equitable.

Respectfully submitted,
COUNTY OF LAKE

MICHAEL J. WALLER
State's Attorney of Lake County

DANIEL L. JASICA
Assistant State's Attorney

Michael J. Waller
State's Attorney of Lake County
Daniel L. Jasica #06237373
Lisle Stalter
Assistant State's Attorney
18 North County Street, 3rd Floor
Waukegan, IL 60085
(847) 377-3050

James Bakk (#3121531)
Special Assistant State's Attorney
200 N. M.L. King Ave., Suite 206
Waukegan, IL 60085
(847) 249-9900

U:\WPDATA\CIVIL\LSdlj\08 cv3046-Campus Inv\complaint.wpd

## **VERIFICATION**

Tony Wolff., Chief Engineer, Lake County Stormwater Management Commission,

being of legal age and sound mind, and being sworn on oath does state and depose and, under

penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certifies

that the statements set forth in Count I, Paragraphs 1-22 of this instrument are true and correct,

and that statements made on information and belief, based upon reasonable investigation, the

undersigned certifies that he verily believes the same to be true.

_____
                         Tony Wolff

SUBSCRIBED & SWORN to before
me this 20th of June, 2008.


_____
        NOTARY PUBLIC

"OFFICIAL SEAL"
LESLIE BULAICH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-7-2009

## <u>VERIFICATION</u>

Betsy Duckert, Development Engineer, Lake County Division of Transportation,

being of legal age and sound mind, and being sworn on oath does state and depose and, under

penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certifies

that the statements set forth in Count II, Paragraphs 1-16 of this instrument are true and correct,

and that statements made on information and belief, based upon reasonable investigation, the

undersigned certifies that she verily believes the same to be true.


Betsy Duckert

SUBSCRIBED & SWORN to before
me this 20th of June, 2008.

NOTARY PUBLIC

NOTARY PUBLIC
OFFICIAL SEAL
STATE OF ILLINOIS

LINDA J. MILLER
MY COMMISSION EXPIRES
NOVEMBER 10, 2011



## STORMWATER MANAGEMENT COMMISSION

April 2, 2007

Mr. Sebastian Rucci
3058 Chardonnay Lane
Poland, OH 44514

**Subject:**      **Watershed Development File #07-11-040**
**Proposed Autumn Ridge Subdivision on Rollins Road**
**(PIN # 06-15-200-018)**
**Grayslake, Lake County, Illinois**
**ISOLATED WETLANDS REVIEW #1**

Dear Mr. Rucci:

Thank you for your submittal for the subject development, received by the Lake County Stormwater Management Commission (SMC) on March 8, 2007. The submittal included the General Development Plan prepared by your firm dated 2-07-07 and the wetland delineation report prepared by Christopher B. Burke Engineering, Ltd. (CBBEL) dated 10-18-05. Please reference the above Watershed Development File # in future correspondence with SMC related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the proposed development, in accordance with the Lake County Watershed Development Ordinance (WDO, 1-10-06). Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO, but not the isolated wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter & Woodman, the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard provisions submittal requirements. **SMC's review of the proposed development for potential isolated wetland impacts is required prior to the Village's issuance of the WDP.**

We have the following comments on your submittal, with respect to isolated wetlands:

1) The one wetland identified on the development site is an *Isolated Water of Lake County* (IWLC), per the jurisdictional determination letter from the U.S. Army Corps of Engineers dated 5-17-02 (Corps ref. #200200622). The IWLC is subject to regulation by SMC under the WDO. Please confirm that the wetland limits shown on the General Development Plan are the surveyed boundaries from CBBEL's wetland delineation.

2) According to the General Development Plan, it does not appear the IWLC will be directly impacted by the development (i.e., filled). However, a wetland hydrology analysis is required to determine if indirect impacts to the IWLC may occur (see #3 below). If no direct or indirect impacts to the IWLC will occur, a Letter of No Wetland Impact Determination ("LONI") can be issued by SMC. The LONI review fee is $920. Please

EXHIBIT
*A*

provide the LONI review fee prior to or with your next submittal. If it is determined that IWLC impacts will occur form the development, a full wetland submittal will be required in accordance with WDO IV.E.2.c. and additional review fees will apply.

3) Please provide a "80-150%" wetland hydrology analysis for the preserved IWLC meeting the requirements of WDO IV.E.7.a. If the wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

4) The IWLC is greater than 2.5 acres in size; therefore, a minimum 50-foot buffer width is required for this wetland (WDO, IV.B.1.i.(1)(b)(iii)). Final approval of the wetland buffer will be by the Village. Note that the preserved wetland and buffer on the development site shall be protected by a deed or plat restriction (WDO, IV.B.1.i.(12)). Please provide SMC and the Village with a draft copy of a proposed plat restriction and any associated exhibit(s) for review. For your consideration, we are enclosing SMC's example Wetland and Wetland Buffer Restrictive Covenant by Plat. Final approval of the plat restriction will be by the Village.

5) According to the General Development Plan, the wetland buffer area will be graded. Note that the disturbed buffer area shall be planted with appropriate native vegetation per WDO IV.B.1.i.(9). Please provide SMC and the Village with the proposed native seeding list for the disturbed buffer area.

We would like to be of assistance. If you have any questions, or would like to set up a meeting, please call me at (847) 918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,
LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

Enclosure: Example Wetland and Wetland Buffer Restrictive Covenant

cc:    Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
       Greg Waller, Campus Investments, Inc.

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review 1_040207

**STORMWATER MANAGEMENT COMMISSION**

August 17, 2007

Mr. Sebastian Rucci
3058 Chardonnay Lane
Poland, OH 44514

Subject:    **Watershed Development File #07-11-040**
              **Proposed Autumn Ridge Subdivision on Rollins Road**
              **(PIN # 06-15-200-018)**
              **Grayslake, Lake County, Illinois**
              **ISOLATED WETLANDS REVIEW #2**

Dear Mr. Rucci:

On August 2, 2007, the Lake County Stormwater Management Commission (SMC) received a wetland submittal for the subject development on your behalf from Bollinger, Lach & Associates, Inc. (BLA). The submittal included a request for a "Letter of No Wetland Impact Determination" (LONI) from SMC for the development. Please reference the above Watershed Development File # in future correspondence with SMC related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the proposed development, in accordance with the Lake County Watershed Development Ordinance (WDO, 1-10-06). Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO, but not the isolated wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter & Woodman, the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard provisions submittal requirements. **A LONI or Isolated Wetland Impacts Approval from SMC's is required prior to the Village's issuance of the WDP.**

We have the completed our review of BLA's submittal. Please amend (or direct your consultants to amend) the submittal to address the following:

1) Please provide a grading plan and revised erosion control plan showing the surveyed wetland boundary.

2) Please provide a revised wetland hydrology analysis for the preserved isolated wetland based on <u>runoff volume</u>, as outlined in WDO Article IV.E.7.a. The analysis submitted by BLA was based on <u>flow rate</u>. If the wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

EXHIBIT
B

3) The proposed location of silt fence is unclear on the Erosion & Sediment Control Plan (Sheet 10). Please enhance the plan to clearly show the silt fence around the perimeter of all areas that will be disturbed, with a minimum of 1' outside the surveyed wetland boundary. SMC recommends that a double-row of silt fence be installed along the edge of the wetland boundary to provide maximum protection of the wetland from disturbance and sedimentation. Note that silt fence materials and installation must meet the applicable sections of AASHTO Standard Specification 288-00, per WDO Article IV.B.1.j(1)(f.). Since the development exceeds 10 acres in size, a Designated Erosion Control Inspector (DECI) is required per WDO Article IV.B.1.j.(2). The Village has final approval authority for the erosion and sediment control measures.

4) According to the Landscaping Plan (Sheet 11), the disturbed wetland buffer is to be seeded with the IDOT Class 4A low-profile native grass mixture. To increase the density and diversity of the native buffer vegetation, SMC recommends the proposed seed mix be enhanced by adding the IDOT Class 5 native forb with annuals mixture to the Class 4A mixture. The Village has final approval authority for the landscape plan.

5) Prior to issuance of the LONI or isolated wetland impacts approval for the development, SMC requires a *deposit* be provided in the amount of $1,600 to ensure we are notified of the pre-construction meeting and to cover the cost of potential wetland compliance inspections. We request the pre-construction meeting be held onsite with you or your consultant, the general contractor, and the DECI in order to inspect the installed wetland protective measures (e.g., silt fence). If SMC is notified at least five (5) working-days in advance of the field pre-construction meeting, $500 of the deposit will be returned upon your written request. The remaining $1,100 of the deposit, minus any assessed wetland inspection fees, will be returned upon your written request following permanent site stabilization and a final site inspection by SMC.

We would like to be of assistance. If you have any questions, or would like to set up a meeting, please call me at (847) 918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,
LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

cc:    Kirk Smith, Village of Grayslake
       Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
       Cynthia Flower, Bollinger, Lach & Associates, Inc.

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review 2_081707

**STORMWATER MANAGEMENT COMMISSION**

February 13, 2008

Mr. Sebastian Rucci, P.E.
3058 Chardonnay Lane
Poland, OH 44514

Subject:     **Watershed Development File #07-11-040**
             **Proposed Autumn Ridge Subdivision on Rollins Road**
             **(PIN # 06-15-200-018)**
             **Grayslake, Lake County, Illinois**
             **ISOLATED WETLANDS REVIEW #3**

Dear Mr. Rucci:

Thank you for your submittal for the subject development, received by the Lake County Stormwater Management Commission (SMC) on January 9, 2008. The submittal included updated plans prepared by your office and a revised wetland hydrology analysis prepared by Bollinger, Lach & Associates, Inc. (BLA). Please reference the above Watershed Development File # in future correspondence with SMC related to this development.

A Watershed Development Permit (WDP) from the Village of Grayslake is required for the proposed development, in accordance with the Lake County Watershed Development Ordinance (WDO, 1-10-06). Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO, but not the isolated wetland provisions of the WDO. Please contact Mr. Kurt Baumann of Baxter & Woodman, the Village's WDO Enforcement Officer, at (847)223-5088 for the WDP standard provisions submittal requirements. **SMC's approval of isolated wetland impacts (or a no wetland impact determination) is required prior to the Village's issuance of the WDP. Note that SMC's approval of the Base Flood Elevation (BFE) for the non-riverine flood-prone depressional area on the property will also be required prior to issuance of the WDP if the tributary drainage area to the depression is greater than 20 acres.**

We have the completed our review of your submittal. Please address (or direct your consultants to address) the following comments:

1) The "Wetland Limits" line shown on the grading plan (Sheet 5) does not appear to correlate with the wetland boundary delineated by Christopher B. Burke Engineering, Ltd. (CBBEL), as depicted on Exhibit 9 in CBBEL's wetland report for the property dated October 18, 2005 (Revised). <u>SMC cannot proceed further with the isolated wetlands review for the proposed development until we verify the delineated wetland boundary in the field</u>. Please have the surveyed wetland boundary re-staked and notify SMC when this has been completed – we will then schedule a review to verify the boundary as soon as field conditions allow (currently there is a 12+ inch snow cover). The field-verified wetland boundary shall be shown on the development plans for permitting purposes.

EXHIBIT
C

2) SMC does not concur with BLA's wetland hydrology analysis (rev. 9-06-07). Please revise the analysis to address the items below. If the "80-150" wetland hydrology requirement is not met, a wetland impact will be assumed and mitigation will be required per WDO Article IV.E.7.b.

    a) The existing condition land use (outside the wetland) appears to be agricultural row crops, not grassland/pasture as indicated in BLA's analysis. Please clarify and adjust the runoff curve numbers appropriately.

    b) Our review identified several discrepancies between the detention volume calculations and the plan sheet. For example:

        i) The calculations indicate a 2-year high water level (HWL) of 779.50 and the plan sheet indicates a 2-year of 779.95.

        ii) The provided 2-year volume is 1.44 ac-ft per the plan sheet; 0.88 ac-ft per calculation summary; and approximately 0.45 ac-ft per the volume calculations table.

    c) The report did not include calculations for the total 2-year detention discharge volume. The required peak detention volume may be 0.88 ac-ft; however, runoff is discharging continuously before and after the peak volume. Please provide the total discharge volume from the beginning of the storm event to the end.

    d) If the verified wetland boundary is different from the boundary currently shown on the plans (see #1 above), the tributary drainage areas and hydrology calculations will need to be revised accordingly to reflect the verified wetland boundary.

3) Please enhanced the Erosion & Sediment Control Plan (Sheet 10) as follows:

    a) the note regarding seeding of the wetland buffer should match the revised Landscape Plan (Sheet 11) - buffer shall be seeded with a mixture of IDOT Class 4A low-profile native grasses and IDOT Class 5 native forbs; and,

    b) the field-verified wetland boundary (see #1 above) should also be included on this plan.

4) Prior to issuance of the LONI or isolated wetland impacts approval for the development, SMC requires a *deposit* be provided in the amount of $1,600 to ensure we are notified of the pre-construction meeting and to cover the cost of potential wetland compliance inspections. We request the pre-construction meeting be held onsite with your field construction manager, the general contractor, and your designated erosion control inspector (DECI) in order to inspect the installed wetland protective measures (e.g., silt fence). If SMC is notified at least five (5) working-days in advance of the field pre-construction meeting, $500 of the deposit will be returned upon your written request. The remaining $1,100 of the deposit, minus any assessed wetland inspection fees, will be returned upon your written request following permanent site stabilization and a final site inspection by SMC.

*Sebastian Rucci*
*WDP # 07-11-040*
*February 13, 2008*
*Page 3 of 3*

If you have any questions, or would like to set up a meeting, please call me at (847)918-3611 or e-mail me at gwestman@co.lake.il.us.

Sincerely,

LAKE COUNTY STORMWATER MANAGEMENT COMMISSION

Glenn H. Westman, PWS, CWS, CFM
Principal Wetland Specialist

cc:    Kurt Baumann, Baxter & Woodman, Inc. (EO - Village of Grayslake)
       Kirk Smith, Village of Grayslake
       Greg Waller, Campus Investments, Inc. (via fax)
       Cynthia Flower, Bollinger, Lach & Associates, Inc.
       Kurt Woolford, SMC

U:\Regulatory Program\Permits\07 Permits\07-11-040\Wetland Review3_012308