UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMPUS INVESTMENTS, INC., ) | |
|                 Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 3046 |
| ) | |
| LAKE COUNTY STORMWATER ) | Judge George W. Lindberg |
| MANAGEMENT COMMISSION, and ) | |
| LAKE COUNTY, ILLINOIS, ) | |
| ) | |
|                 Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendants Lake County Stormwater Management Agency ("Stormwater Management") and County of Lake's ("Lake County") joint motion for abstention. For the reasons set forth below, defendants' motion is granted.

*I.  RELEVANT FACTS*

Plaintiff Campus Investments, Inc. ("Campus Investments") is a real estate developer that owns approximately twenty-eight acres of land in Grayslake, Illinois ("subject property"). Plaintiff intends to develop the subject property into a residential subdivision named Autumn Ridge.  In 2006, plaintiff began working to acquire the necessary permits and authorizations to develop the subject property.  By May 2008, plaintiff had not obtained the necessary permits and authorizations from defendants to begin construction of a residential subdivision on the subject property.  Nevertheless, in the end of May 2008, Campus Investments began grading work on the subject property.  According to plaintiff, that work will involve importing over 100,000 cubic yards of ground fill onto the subject property to "fill-in" certain wetlands and shore-up the land to make it is sturdy enough to support structural foundations for residential dwellings.

On May 27, 2008, a Stormwater Management employee inspected the subject property. He informed plaintiff that the work being done there violated the Lake County Watershed Development Ordinance ("Watershed Ordinance") and the Lake County Highway Access Regulation Ordinance ("Highway Ordinance"), and ordered plaintiff to stop all work immediately.

On June 17, 2008, Campus Investments filed a five-count amended verified complaint ("complaint"), seeking declaratory, injunctive, and monetary relief. In the complaint, Campus Investments seeks: (1) a declaratory judgment that the Watershed Ordinance is unconstitutional and unenforceable against plaintiff; (2) an injunction prohibiting defendants from regulating, inspecting, or denying access to the subject property; (3) monetary damages for an alleged violation of plaintiff's rights under the First and Fourteenth Amendments of the Constitution; and (4) monetary damages for an alleged "taking of property" in violation of Article I, § 15 of the Illinois Constitution.

On June 20, 2008, defendants filed a complaint in the Lake County Circuit Court for the Nineteenth Judicial District, *County of Lake, et al. v. Campus Investments, Inc, et al.*, Case No. 08 CH 2376 ("state enforcement action"). In the state enforcement action, defendants requested injunctive relief and monetary fines against Campus Investments for violations of the Watershed Ordinance and the Highway Ordinance. Three days later, on June 23, 2008, defendants moved this court, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from making any decisions in the instant federal case.

*II. LEGAL ANALYSIS*

Under *Younger*, federal courts must abstain from enjoining state criminal proceedings. *Younger*, 401 U.S. at 45-46. The *Younger* doctrine has been expanded to prohibit federal courts from enjoining state civil or administrative proceedings that involve important state interests. *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2002). The doctrine also requires abstention if the federal case could undermine or preclude the state's consideration of certain issues. *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). "The rule of *Younger v. Harris* is designed to 'permit state courts to try state cases free from interference by federal courts.'" *Forty One News*, 491 F.3d at 665 (citations omitted). "*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007).

Federal courts must abstain, absent extraordinary circumstances, if an underlying civil state case is: (1) ongoing and judicial in nature; (2) implicates important state interests; and (3) offers an adequate opportunity for review of constitutional claims. *Id*. at 665-66. Extraordinary circumstances include instances where the ongoing state action is motivated by a desire to harass, or is being conducted in bad faith. *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596-97 (7th Cir. 2007).

The state enforcement action pending before the Lake County Circuit Court is an ongoing civil case that is judicial in nature. Campus Investment's argument that there is no ongoing state proceeding because it attempted to improperly remove the state enforcement action to federal court is unpersuasive. Defendants filed their joint motion for abstention on June 23, 2008, three

days after they filed the state enforcement action.  Presently, and at the time defendants filed the instant motion, there is an ongoing state case that is judicial in nature.  Therefore, defendants have established the first prong of the *Younger* Doctrine analysis.

However, because Campus Investments filed the federal action before defendants filed the state enforcement action, this court must consider the progress of the federal case before deciding whether abstention is appropriate.  *Forty One News*, 491 F.3d at 666.  When state court proceedings are initiated "against the federal [plaintiff] after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force."  *Hicks v. Miranda*, 422 U.S. 332, 349 (1975).  Campus Investments filed this federal case approximately six weeks ago.  The parties have not engaged in any discovery, and apart from the hearing on the emergency motion for a temporary restraining order, which was denied, the court has not considered any issues related to the merits of this case.  Because the federal case is still in the early stages and the court has not considered the merits of the case, the fact that defendants filed the state enforcement action after Campus Investments filed the instant case, will not prevent the application of the *Younger* Doctrine.

Next, the court turns to whether the state enforcement action implicates an important state interest.  The court finds that it does.  Campus Investments argues that the state enforcement action does not implicate an important state interest because it is not closely related to proceedings that are criminal in nature, and the contested ordinances do not address important state interests.  Actions to enforce local ordinances are closely related to criminal proceedings and implicate important state interests for purposes of the *Younger* Doctrine.  *See Forty One*

*News*, 491 F.3d at 666; *see also Ciotti v. Cook County*, 712 F.2d 312 (7th Cir. 1983). In their state enforcement action, defendants seek to enforce the Watershed Ordinance and the Highway Ordinance and request the imposition of fines for Campus Investments' alleged violation of those ordinances. These facts are sufficient to establish an important state interest and meet the second prong of the *Younger* Doctrine analysis.

The state enforcement action also provides an adequate forum for Campus Investments to assert its constitutional claims and to have them reviewed. Contrary to Campus Investments' assertion, the holding in *New Orleans Public Services, Inc. v. Counsel of City of New Orleans*, does not preclude application of the *Younger* Doctrine in the instant case. 491 U.S. 350 (1989). *New Orleans* involved a non-judicial proceeding. Further, Campus Investments misstates the holding in *New Orleans*. The Supreme Court did not hold that *Younger* abstention is unwarranted if a federal case is a facial challenge to a state ordinance. The language in *New Orleans* that Campus Investments cites, refers to a prospective facial challenge to a state statute in a case where there was no pending state enforcement action. *See Wooley v. Maynard*, 430 U.S. 705, 711 (1977). In the instant case, there is an ongoing enforcement action that is judicial in nature and provides Campus Investments with an adequate forum to assert its constitutional claims and to have them reviewed. Therefore, application of the *Younger* Doctrine is appropriate.

There are also no exceptions or extraordinary circumstances that prevent *Younger* abstention in this case. The fact that Campus Investments is seeking monetary damages does not preclude the application of the *Younger* doctrine. The cases Campus Investments cites in support of this argument are distinguishable because they involve requests solely for monetary damages.

*See Deakins v. Monaghan*, 484 U.S. 193, 202 n.6; *AFCME v. Tristano*, 898 F.2d 1302, 1304 (7th Cir. 1990). In the instant case, Campus Investments request declaratory and injunctive relief in addition to monetary damages. *Younger* abstention is appropriate in cases where the plaintiff seeks both monetary and injunctive or declaratory relief. *See Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995).

"The party claiming extraordinary circumstances must demonstrate their existence." *FreeEats.com, Inc.*, 502 F.3d at 596. Campus Investments failed to meet its burden and did not demonstrate how its retaliation allegations make this case exceptional. There is no evidence that defendants filed the pending state enforcement action in bad faith, or purely for harassment purposes, and it is possible defendants could prevail in the state enforcement action. Further, Campus Investments does not argue, and there is no evidence, that the Lake County Circuit Court is incompetent to adjudicate its claims. Plaintiff can and should raise its retaliation allegations in the pending state enforcement action because that is an available and adequate forum for addressing those claims.

In light of the court's finding that application of the *Younger* doctrine is appropriate, the last issue before the court is the proper method of abstention; by dismissing or merely staying Campus Investments' claims. *See FreeEats.com v. Indiana*, 502 F.3d at 600. "The pivotal question in making the determination is whether any of the relief sought by the plaintiff in its federal action is unavailable in the state action." *Id*. Campus Investments does not argue that the state court is incapable of providing any of the forms of relief it requests in the instant case. Therefore, dismissal, rather than a stay, is appropriate.

III. CONCLUSION

      For the reasons set forth above, defendants' joint motion for abstention is granted and this case is dismissed.

ORDERED: Defendants' joint motion for abstention [25] is granted. This action is dismissed.

E N T E R: _____
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: July 8, 2008