UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMPUS INVESTMENTS, INC., ) <br> ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> LAKE COUNTY STORMWATER ) <br> MANAGEMENT COMMISSION, and ) <br> LAKE COUNTY, ILLINOIS, ) <br> ) <br>     Defendants. ) <br> ) | Case No. 08-cv-3046 <br><br> Judge George W. Lindberg <br><br> Magistrate Judge Arlander Keys |

## NOTICE OF APPEAL

Notice is hereby given that Campus Investments Inc., the plaintiff in the above case, hereby appeal to the U.S. Court of Appeals for the Seventh Circuit from an Order of the Court granting the defendants motion to abstain (ECF Dkt #46) and dismissing this action, entered in this action on July 8, 2008.

Dated: July 8, 2008

Respectfully submitted,

*/s/ Sebastian Rucci*

Sebastian Rucci (ND IL No. 90785689)
40 The Ledges, 3C
Youngstown, Ohio 44514
Phone: (330) 707-1182
Fax:    (330) 707-1882
Email: SebRucci@Gmail.com
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system and parties may access this filing through the Court's Case management/Electronic Case Files (CM/ECF) found on the internet at https://ecf.ilnd.uscourts.gov.

Sebastian Rucci (ND IL No. 90785689)

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08cv3046

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Campus Investments, Inc. (Appellant) | | Lake County Stormwater Management (appellee) |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Sebastian Rucci | Name | James C. Bakk |
| Firm | Law Office of Sebastian Rucci | Firm | Law Office of James C. Bakk |
| Address | 40 The Ledges 3C, Youngstown, OH 44514 | Address | 200 North Utica Street, Waukegan, IL 60085 |
| Phone | (330) 707-1182 | Phone | (312) 249-9900 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Lindberg | Date Filed in District Court | 5/27/08 |
| Court Reporter | B. Wilson (5885) | Date of Judgment | 7/8/08 |
| Nature of Suit Code | 290 | Date of Notice of Appeal | 7/8/08 |

COUNSEL: Appointed [ ]   Retained [X]   Pro Se [ ]

FEE STATUS: Paid [X]   Due [ ]   IFP [ ]

IFP Pending [ ]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

Additional Counsel

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAMPUS INVESTMENTS, INC., | ) | |
|                     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 3046 |
| | ) | |
| LAKE COUNTY STORMWATER | ) | Judge George W. Lindberg |
| MANAGEMENT COMMISSION, and | ) | |
| LAKE COUNTY, ILLINOIS, | ) | |
| | ) | |
|                     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendants Lake County Stormwater Management Agency ("Stormwater Management") and County of Lake's ("Lake County") joint motion for abstention. For the reasons set forth below, defendants' motion is granted.

*I. RELEVANT FACTS*

Plaintiff Campus Investments, Inc. ("Campus Investments") is a real estate developer that owns approximately twenty-eight acres of land in Grayslake, Illinois ("subject property"). Plaintiff intends to develop the subject property into a residential subdivision named Autumn Ridge. In 2006, plaintiff began working to acquire the necessary permits and authorizations to develop the subject property. By May 2008, plaintiff had not obtained the necessary permits and authorizations from defendants to begin construction of a residential subdivision on the subject property. Nevertheless, in the end of May 2008, Campus Investments began grading work on the subject property. According to plaintiff, that work will involve importing over 100,000 cubic yards of ground fill onto the subject property to "fill-in" certain wetlands and shore-up the land to make it is sturdy enough to support structural foundations for residential dwellings.

On May 27, 2008, a Stormwater Management employee inspected the subject property. He informed plaintiff that the work being done there violated the Lake County Watershed Development Ordinance ("Watershed Ordinance") and the Lake County Highway Access Regulation Ordinance ("Highway Ordinance"), and ordered plaintiff to stop all work immediately.

On June 17, 2008, Campus Investments filed a five-count amended verified complaint ("complaint"), seeking declaratory, injunctive, and monetary relief. In the complaint, Campus Investments seeks: (1) a declaratory judgment that the Watershed Ordinance is unconstitutional and unenforceable against plaintiff; (2) an injunction prohibiting defendants from regulating, inspecting, or denying access to the subject property; (3) monetary damages for an alleged violation of plaintiff's rights under the First and Fourteenth Amendments of the Constitution; and (4) monetary damages for an alleged "taking of property" in violation of Article I, § 15 of the Illinois Constitution.

On June 20, 2008, defendants filed a complaint in the Lake County Circuit Court for the Nineteenth Judicial District, *County of Lake, et al. v. Campus Investments, Inc, et al.*, Case No. 08 CH 2376 ("state enforcement action"). In the state enforcement action, defendants requested injunctive relief and monetary fines against Campus Investments for violations of the Watershed Ordinance and the Highway Ordinance. Three days later, on June 23, 2008, defendants moved this court, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from making any decisions in the instant federal case.

*II. LEGAL ANALYSIS*

Under *Younger*, federal courts must abstain from enjoining state criminal proceedings. *Younger*, 401 U.S. at 45-46. The *Younger* doctrine has been expanded to prohibit federal courts from enjoining state civil or administrative proceedings that involve important state interests. *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2002). The doctrine also requires abstention if the federal case could undermine or preclude the state's consideration of certain issues. *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). "The rule of *Younger v. Harris* is designed to 'permit state courts to try state cases free from interference by federal courts.'" *Forty One News*, 491 F.3d at 665 (citations omitted). "*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007).

Federal courts must abstain, absent extraordinary circumstances, if an underlying civil state case is: (1) ongoing and judicial in nature; (2) implicates important state interests; and (3) offers an adequate opportunity for review of constitutional claims. *Id*. at 665-66. Extraordinary circumstances include instances where the ongoing state action is motivated by a desire to harass, or is being conducted in bad faith. *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596-97 (7th Cir. 2007).

The state enforcement action pending before the Lake County Circuit Court is an ongoing civil case that is judicial in nature. Campus Investment's argument that there is no ongoing state proceeding because it attempted to improperly remove the state enforcement action to federal court is unpersuasive. Defendants filed their joint motion for abstention on June 23, 2008, three

days after they filed the state enforcement action. Presently, and at the time defendants filed the instant motion, there is an ongoing state case that is judicial in nature. Therefore, defendants have established the first prong of the *Younger* Doctrine analysis.

However, because Campus Investments filed the federal action before defendants filed the state enforcement action, this court must consider the progress of the federal case before deciding whether abstention is appropriate. *Forty One News*, 491 F.3d at 666. When state court proceedings are initiated "against the federal [plaintiff] after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). Campus Investments filed this federal case approximately six weeks ago. The parties have not engaged in any discovery, and apart from the hearing on the emergency motion for a temporary restraining order, which was denied, the court has not considered any issues related to the merits of this case. Because the federal case is still in the early stages and the court has not considered the merits of the case, the fact that defendants filed the state enforcement action after Campus Investments filed the instant case, will not prevent the application of the *Younger* Doctrine.

Next, the court turns to whether the state enforcement action implicates an important state interest. The court finds that it does. Campus Investments argues that the state enforcement action does not implicate an important state interest because it is not closely related to proceedings that are criminal in nature, and the contested ordinances do not address important state interests. Actions to enforce local ordinances are closely related to criminal proceedings and implicate important state interests for purposes of the *Younger* Doctrine. *See Forty One*

4

*News*, 491 F.3d at 666; *see also Ciotti v. Cook County*, 712 F.2d 312 (7th Cir. 1983). In their state enforcement action, defendants seek to enforce the Watershed Ordinance and the Highway Ordinance and request the imposition of fines for Campus Investments' alleged violation of those ordinances. These facts are sufficient to establish an important state interest and meet the second prong of the *Younger* Doctrine analysis.

The state enforcement action also provides an adequate forum for Campus Investments to assert its constitutional claims and to have them reviewed. Contrary to Campus Investments' assertion, the holding in *New Orleans Public Services, Inc. v. Counsel of City of New Orleans*, does not preclude application of the *Younger* Doctrine in the instant case. 491 U.S. 350 (1989). *New Orleans* involved a non-judicial proceeding. Further, Campus Investments misstates the holding in *New Orleans*. The Supreme Court did not hold that *Younger* abstention is unwarranted if a federal case is a facial challenge to a state ordinance. The language in *New Orleans* that Campus Investments cites, refers to a prospective facial challenge to a state statute in a case where there was no pending state enforcement action. *See Wooley v. Maynard*, 430 U.S. 705, 711 (1977). In the instant case, there is an ongoing enforcement action that is judicial in nature and provides Campus Investments with an adequate forum to assert its constitutional claims and to have them reviewed. Therefore, application of the *Younger* Doctrine is appropriate.

There are also no exceptions or extraordinary circumstances that prevent *Younger* abstention in this case. The fact that Campus Investments is seeking monetary damages does not preclude the application of the *Younger* doctrine. The cases Campus Investments cites in support of this argument are distinguishable because they involve requests solely for monetary damages.

5

*See Deakins v. Monaghan*, 484 U.S. 193, 202 n.6; *AFCME v. Tristano*, 898 F.2d 1302, 1304 (7th Cir. 1990). In the instant case, Campus Investments request declaratory and injunctive relief in addition to monetary damages. *Younger* abstention is appropriate in cases where the plaintiff seeks both monetary and injunctive or declaratory relief. *See Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995).

"The party claiming extraordinary circumstances must demonstrate their existence." *FreeEats.com, Inc.*, 502 F.3d at 596. Campus Investments failed to meet its burden and did not demonstrate how its retaliation allegations make this case exceptional. There is no evidence that defendants filed the pending state enforcement action in bad faith, or purely for harassment purposes, and it is possible defendants could prevail in the state enforcement action. Further, Campus Investments does not argue, and there is no evidence, that the Lake County Circuit Court is incompetent to adjudicate its claims. Plaintiff can and should raise its retaliation allegations in the pending state enforcement action because that is an available and adequate forum for addressing those claims.

In light of the court's finding that application of the *Younger* doctrine is appropriate, the last issue before the court is the proper method of abstention; by dismissing or merely staying Campus Investments' claims. *See FreeEats.com v. Indiana*, 502 F.3d at 600. "The pivotal question in making the determination is whether any of the relief sought by the plaintiff in its federal action is unavailable in the state action." *Id*. Campus Investments does not argue that the state court is incapable of providing any of the forms of relief it requests in the instant case. Therefore, dismissal, rather than a stay, is appropriate.

III.  CONCLUSION

For the reasons set forth above, defendants' joint motion for abstention is granted and this case is dismissed.

ORDERED:  Defendants' joint motion for abstention [25] is granted. This action is dismissed.

E N T E R:  _____
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED:   July 8, 2008

Case: 1:08-cv-03046 Document #: 47-10/2008 07/14/2008 Page 12 of 16
Case 1:08-cv-03046 Document 47/10/2008 07/14/2008 Page 1 of 25

APPEAL, KEYS, TERMED

# United States District Court
## Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:08−cv−03046
*Internal Use Only*

| | |
|---|---|
| Campus Investments, Inc. v. Lake County Stormwater Management Commission et al | Date Filed: 05/27/2008 |
| Assigned to: Honorable George W. Lindberg | Date Terminated: 07/08/2008 |
| Demand: $75,000 | Jury Demand: Defendant |
| Cause: 28:1332 Diversity−(Citizenship) | Nature of Suit: 290 Real Property: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Campus Investments, Inc.**  represented by  **Sebastian Rucci**
*an Ohio corporation*  Law Office of Sebastian Rucci
 40 The Ledges 3C
 Youngstown, OH 44514
 (330)707−1182
 Fax: (330)707−1882
 Email: SebRucci@Gmail.com
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lake County Stormwater Management Commission**  represented by  **James C. Bakk**
 Law Office of James C. Bakk
 200 North Utica Street
 Waukegan, IL 60085
 (312) 249−9900
 Email: lojbakk9876@sbcglobal.net
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Defendant**

**Lake County, Illinois**  represented by  **Daniel L. Jasica**
 Lake County State's Attorney's Office
 18 N. County Street
 3rd Floor
 Waukegan, IL 60085
 847−360−6449
 Email: djasica@co.lake.il.us
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

 **Lisle A. Stalter**
 Lake County State's Attorney's Office
 18 North County Street
 3rd Floor
 Waukegan, IL 60085
 (847)377−3050
 Email: lstalter@co.lake.il.us
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Amicus**

**Attainable Housing Alliance**
*an Illinois not−for−profit corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/27/2008 | 1 | COMPLAINT filed by Campus Investments, Inc.; Filing fee $ 350.(ca, ) (Entered: 05/28/2008) |
| 05/27/2008 | 2 | CIVIL Cover Sheet. (ca, ) (Entered: 05/28/2008) |
| 05/27/2008 | 3 | ATTORNEY Appearance for Plaintiff Campus Investments, Inc. by Sebastian Rucci. (ca, ) (Entered: 05/28/2008) |
| 05/27/2008 | 4 | (Court only) RECEIPT regarding payment of filing fee paid on 5/27/2008 in the amount of $350.00, receipt number 2806140. (ca, ) (Entered: 05/28/2008) |
| 05/27/2008 | 5 | SUMMONS Issued, two originals as to Defendants Lake County Storm water Management Commission, and Lake County, Illinois. (ca, ) (Entered: 05/28/2008) |
| 05/29/2008 | 6 | SUMMONS Returned Executed by Campus Investments, Inc. as to Lake County Stormwater Management Commission on 5/29/2008, answer due 6/18/2008; Lake County, Illinois on 5/29/2008, answer due 6/18/2008. (Rucci, Sebastian) (Entered: 05/29/2008) |
| 05/30/2008 | 7 | MINUTE entry before the Honorable George W. Lindberg: Status hearing set for 6/25/2008 at 09:30 AM.Mailed notice (slb, ) (Entered: 05/30/2008) |
| 06/06/2008 | 8 | NOTICE by Campus Investments, Inc. *PLAINTIFFS DISCLOSURE OF CORPORATE INTEREST* (Rucci, Sebastian) (Entered: 06/06/2008) |
| 06/11/2008 | 9 | MINUTE entry before the Honorable George W. Lindberg: Status hearing reset for 6/25/2008 at 10:00 AM.Mailed notice (slb, ) (Entered: 06/11/2008) |
| 06/17/2008 | 10 | *VERIFIED* AMENDED complaint by Campus Investments, Inc. against all defendants (Attachments: # 1 Exhibit A (Army Corps JD Letter), # 2 Exhibit B (Subdivision Plat), # 3 Exhibit C (SMC Permit Required), # 4 Exhibit D (SMC Wetlands Review), # 5 Exhibit E (SMC Wetlands Review), # 6 Exhibit F (SMC Wetlands Review), # 7 Exhibit G (DOT Access Letter))(Rucci, Sebastian) (Entered: 06/17/2008) |
| 06/17/2008 | 11 | MOTION by Plaintiff Campus Investments, Inc. for preliminary injunction (Rucci, Sebastian) (Entered: 06/17/2008) |
| 06/17/2008 | 12 | MEMORANDUM by Campus Investments, Inc. in support of motion for preliminary injunction 11 (Rucci, Sebastian) (Entered: 06/17/2008) |
| 06/17/2008 | 13 | NOTICE of Motion by Sebastian Rucci for presentment of motion for preliminary injunction 11 before Honorable George W. Lindberg on 6/25/2008 at 09:30 AM. (Rucci, Sebastian) (Entered: 06/17/2008) |
| 06/18/2008 | 14 | MOTION by Plaintiff Campus Investments, Inc. for temporary restraining order (Rucci, Sebastian) (Entered: 06/18/2008) |
| 06/18/2008 | 15 | ATTORNEY Appearance for Defendant Lake County, Illinois by Lisle A. Stalter (Stalter, Lisle) (Entered: 06/18/2008) |
| 06/18/2008 | 16 | MOTION by Defendant Lake County, Illinois for extension of time to file answer *or otherwise plead* (Stalter, Lisle) (Entered: 06/18/2008) |
| 06/18/2008 | 17 | NOTICE of Motion by Lisle A. Stalter for presentment of motion for extension of time to file answer 16 before Honorable George W. Lindberg on 6/25/2008 at 09:30 AM. (Stalter, Lisle) |

| | | |
|---|---|---|
| | | (Entered: 06/18/2008) |
| 06/18/2008 | 18 | ATTORNEY Appearance for Defendant Lake County Stormwater Management Commission by James C. Bakk (Attachments: # 1 Notice of Filing N of Filing Appearance)(Bakk, James) (Entered: 06/18/2008) |
| 06/18/2008 | 19 | MOTION by Defendant Lake County Stormwater Management Commission for extension of time to file answer (Attachments: # 1 Notice of Filing Notice of Motion, # 2 Text of Proposed Order)(Bakk, James) (Entered: 06/18/2008) |
| 06/18/2008 | 20 | NOTICE of Motion by Sebastian Rucci for presentment of motion for temporary restraining order 14 before Honorable Virginia M. Kendall on 6/19/2008 at 09:30 AM. (Rucci, Sebastian) (Entered: 06/18/2008) |
| 06/18/2008 | 21 | MOTION by Plaintiff Campus Investments, Inc. for temporary restraining order *(AMENDED MOTION FOR TRO)* (Rucci, Sebastian) (Entered: 06/18/2008) |
| 06/19/2008 | 22 | MINUTE entry before the Honorable George W. Lindberg: Status hearing reset for 6/25/2008 at 09:30 AM.Mailed notice (slb, ) (Entered: 06/19/2008) |
| 06/20/2008 | 23 | MINUTE entry before the Honorable Virginia M. Kendall:Hearing held on plaintiff's motions for a temporary restraining order. For the reasons stated in open court, plaintiff's motions for a temporary restraining order are denied.Advised in notice (jms, ) (Entered: 06/20/2008) |
| 06/20/2008 | 24 | MINUTE entry before the Honorable George W. Lindberg: The status hearing scheduled for 6/25/2008 at 9:30a.m. is reset to 6/25/2008 at 11:45a.m. Hearing on Plaintiff's motion for preliminary injunction is reset to 6/25/2008 at 11:45a.m. Hearing on defendants' motion for extension of time to file answer or otherwise plead to the complaint is reset to 6/25/2008 at 11:45a.m. Mailed notice (slb, ) (Entered: 06/20/2008) |
| 06/23/2008 | 25 | MOTION by Defendants Lake County Stormwater Management Commission, Lake County, Illinois to dismiss *for Abstention* (Attachments: # 1 Exhibit 1)(Stalter, Lisle) (Entered: 06/23/2008) |
| 06/23/2008 | 26 | MEMORANDUM by Lake County Stormwater Management Commission, Lake County, Illinois in support of motion to dismiss 25 *for Abstention* (Stalter, Lisle) (Entered: 06/23/2008) |
| 06/23/2008 | 27 | NOTICE of Motion by Lisle A. Stalter for presentment of motion to dismiss 25 before Honorable George W. Lindberg on 6/25/2008 at 11:45 AM. (Stalter, Lisle) (Entered: 06/23/2008) |
| 06/23/2008 | 28 | MINUTE entry before the Honorable George W. Lindberg: All pending motions and the status hearing will be heard on Wednesday, June 25, 2008 at 9:30a.m. Mailed notice (slb, ) (Entered: 06/23/2008) |
| 06/23/2008 | 29 | NOTICE of Removal from Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois, case number (08−CH−2376) filed by Campus Investments, Inc. (Attachments: # 1 Exhibit State Complaint)(Rucci, Sebastian) (Entered: 06/23/2008) |
| 06/24/2008 | 30 | MINUTE entry before the Honorable George W. Lindberg: Defendants' join motion for abstention 25 is entered and continued to 7/2/2008 at 11:15 a.m. Written response to the motion for abstention due on or before 6/27/08 at 12:00 p.m. All pending motions are entered and continued to 7/2/2008 at |

| | | |
|---|---|---|
| | | 11:15a.m. Status hearing reset to 7/2/2008 at 11:15 a.m. No court appearance required on 6/25/2008. Plaintiff is ordered to provide the court with a copy of the transcript from the court proceeding on the motion for TRO which was held before Judge Kendall.Mailed notice (slb, ) (Entered: 06/24/2008) |
| 06/27/2008 | 31 | RESPONSE by Campus Investments, Inc.in Opposition to MOTION by Defendants Lake County Stormwater Management Commission, Lake County, Illinois to dismiss *for Abstention* 25 (Rucci, Sebastian) (Entered: 06/27/2008) |
| 06/30/2008 | 32 | ATTORNEY Appearance for Defendant Lake County, Illinois by Daniel L. Jasica (Jasica, Daniel) (Entered: 06/30/2008) |
| 07/01/2008 | 33 | TRANSCRIPT OF PROCEEDINGS held on 06/20/08 before the Honorable Virginia M. Kendall. Emergency Motion for TRO. Court Reporter Contact Information: April Metzler, 312−408−5154, April_Metzler@ilnd.uscourts.gov.<br><br>**IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov. Under Quick Links select Electronic Transcript Procedures.**<br><br>Redaction Request due 7/22/2008. Redacted Transcript Deadline set for 8/1/2008. Release of Transcript Restriction set for 9/29/2008. (Metzler, April) (Entered: 07/01/2008) |
| 07/01/2008 | 34 | MINUTE entry before the Honorable George W. Lindberg: Docket entry 29 is stricken as improperly filed in this case. Any removal of a state court action must be filed as a new, separate case. The status hearing set for 7/2/08 at 11:15 a.m. is reset to 7/9/08 at 11:00 a.m. All pending motions are entered and continued to 7/9/08. Defendants are ordered to file a reply in support of their joint motion for abstention by 7/3/08. Mailed notice (slb, ) (Entered: 07/01/2008) |
| 07/02/2008 | 35 | MOTION by Plaintiff Campus Investments, Inc. for partial summary judgment *on Count 1 (Declaratory Relief)* (Rucci, Sebastian) (Entered: 07/02/2008) |
| 07/02/2008 | 36 | MEMORANDUM by Campus Investments, Inc. in support of motion for partial summary judgment 35 (Rucci, Sebastian) (Entered: 07/02/2008) |
| 07/02/2008 | 37 | AFFIDAVIT by Plaintiff Campus Investments, Inc. in Support of MOTION by Plaintiff Campus Investments, Inc. for partial summary judgment *on Count 1 (Declaratory Relief)* 35 (Rucci, Sebastian) (Entered: 07/02/2008) |
| 07/02/2008 | 38 | RULE 56 Statement of Material Facts Statement by Campus Investments, Inc. regarding motion for partial summary judgment 35 (Rucci, Sebastian) (Entered: 07/02/2008) |
| 07/02/2008 | 39 | NOTICE of Motion by Sebastian Rucci for presentment of motion for partial summary judgment 35 before Honorable George W. Lindberg on 7/16/2008 at 09:30 AM. (Rucci, Sebastian) (Entered: 07/02/2008) |
| 07/02/2008 | 40 | AMENDED motion for partial summary judgment 35 *(Changed Title Only)* (Rucci, Sebastian) (Entered: 07/02/2008) |

| 07/02/2008 | 41 | MOTION to Participate as Amicus Curiae (Attachments: # 1 Notice of Filing)(Griffin, James) (Entered: 07/02/2008) |
|---|---|---|
| 07/03/2008 | 42 | REPLY by Lake County Stormwater Management Commission, Lake County, Illinois to response in opposition to motion 31 *for Abstention* (Attachments: # 1 Exhibit Palacios v. City of Chicago 2008 WL 517141)(Stalter, Lisle) (Entered: 07/03/2008) |
| 07/08/2008 | 43 | MOTION by Defendants Lake County Stormwater Management Commission, Lake County, Illinois to reassign case *number 08 CV 3835* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Stalter, Lisle) (Entered: 07/08/2008) |
| 07/08/2008 | 44 | NOTICE of Motion by Lisle A. Stalter for presentment of motion to reassign case 43 before Honorable George W. Lindberg on 7/16/2008 at 09:30 AM. (Stalter, Lisle) (Entered: 07/08/2008) |
| 07/08/2008 | 45 | MINUTE entry before the Honorable George W. Lindberg:Defendants' joint motion for abstention 25 is granted. This action is dismissed. No court appearance required on 7/9/2008. Civil case terminated. Mailed notice (slb, ) (Entered: 07/08/2008) |
| 07/08/2008 | 46 | MEMORANDUM Opinion and Order Signed by the Honorable George W. Lindberg on 7/8/2008:Mailed notice(slb, ) (Entered: 07/08/2008) |
| 07/08/2008 | 47 | NOTICE of appeal by Campus Investments, Inc. regarding orders 46 Filing fee $ 455, receipt number 07520000000002916878. (Rucci, Sebastian) (Entered: 07/08/2008) |

Case Case: 08-cv-03046 Document 47 10/2008 07/14/2008 CDT Page 5 of 15 of 16